UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,<br><br>Defendants. | Case No. 18-62593-CV-GAYLES<br><br>[FILED UNDER SEAL]<br><br>Sealed<br><br>FILED by _____ D.C.<br>OCT 29 2018<br>STEVEN M. LARIMORE<br>CLERK U. S. DIST. CT.<br>S. D. of FLA. – MIAMI |

**PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff Federal Trade Commission ("Commission" or "FTC") has filed its Complaint seeking a permanent injunction and other relief, including restitution for consumers injured by Defendants' unlawful practices, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. Plaintiff moves this Court on an *ex parte* basis for an order:

1. Temporarily restraining Defendants from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310, as alleged in the Complaint;

2. Temporarily freezing Defendants' assets and requiring repatriation of Defendants' assets and documents;

3.     Temporarily restraining and enjoining Defendants from destroying or concealing documents, and from transferring, concealing, or otherwise disposing of assets;

4.     Temporarily requiring third parties holding Defendants' assets to retain within their control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of Defendants' assets, funds, documents, or other property held by, or under the control of, third parties;

5.     Appointing a temporary equity receiver to take control of corporate Defendants Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, and Senior Benefits One LLC, as well as any other entity that has conducted business related to the practices described in the FTC's Complaint and which the receiver determines is owned or controlled by any Defendant, and their assets;

6.     Granting expedited discovery; and

7.     Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

*Ex parte* relief is necessary here because of the blatantly deceptive nature of Defendants' telemarketing scheme, which is detailed in Plaintiff's supporting memorandum, declarations and exhibits. Through their scheme, which has victimized tens of thousands of consumers, Defendants falsely claim to sell comprehensive health insurance, including plans offered pursuant to the Affordable Care Act ("ACA"), and falsely claim to be affiliated with the Blue Cross Blue Shield Association and AARP.

Defendants generate leads through a network of deceptive lead generation websites advertising low cost comprehensive health insurance that covers preexisting medical conditions, prescription medication, doctor visits, specialists, and hospital care. Consumers who submit their contact information to these websites receive a call from one of Defendants' telemarketers, who claim (often falsely) to be licensed to sell insurance in the consumer's state.

Using a management-approved deceptive sales script, Defendants' telemarketers offer consumers a "PPO" health insurance policy that they claim will cover all of consumers' medical needs. Telemarketers use insurance terms of art such as "premium," "copay" and "deductible" to describe these products. At the end of this sales pitch, consumers are left with the unmistakable impression that they are being offered comprehensive health insurance. In many instances, Defendants' telemarketers even lead consumers' to believe that they will receive an ACA-compliant policy. Defendants charge consumers a one-time enrollment fee ranging from $60-$175 as well as an ongoing monthly fee ranging from $40 to over $700.

Defendants' business is entirely fraudulent. Instead of comprehensive health insurance, Defendants enroll consumers in limited benefit indemnity policies and medical discount memberships that effectively leave consumers uninsured and exposed to virtually unlimited financial risk. Many consumers do not realize that they have no insurance until after incurring tens of thousands of dollars in medical expenses, none of which are covered by Defendants' products. These practices have caused over $150 million dollars in consumer harm.

As in other cases in this circuit in which courts have granted similar relief *ex parte*, including asset freeze, appointment of a receiver, and immediate access to business premises[1], advance notice to Defendants is likely to cause irreparable injury, loss, or damage to the Court's ability to provide effective final relief for consumers in the form of monetary restitution. *See* Declaration and Certification of Plaintiff Federal Trade Commission's Counsel Pursuant to Fed. R. Civ. P. 65(b) in Support of Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Motion to Seal File Temporarily, filed concurrently herewith. Plaintiff therefore requests that the Court enter a temporary restraining order *ex parte*, without notice to Defendants. Because Plaintiff seeks to avoid any notice to Defendants from the filing of this action, the FTC requests by separate motion that the file in this matter be temporarily sealed.

---

[1] *See, e.g., FTC v. Pointbreak Media, LLC*, No. 0:18-cv-61017-CMA (S.D. Fla. May 7, 2018); *FTC v. Student Debt Doctor, LLC*, No. 17-cv-61937-WPD (S.D. Fla. Oct. 3, 2017); *FTC v. Am. Student Loan Consolidators, LLC,* No. 17-61862-DPG (S.D. Fla. Sept. 26, 2017); *FTC v. Strategic Student Sol. LLC*, No. 9:17-cv-80619-WPD (S.D. Fla. May 15, 2017); *FTC and Florida v. Marcus,* No. 0:17-cv-60907-FAM (S.D. Fla. May 9, 2017); *FTC v. World Patent Marketing, Inc. et al.,* No. 1:17-cv-20848-DPG (S.D. Fla. Mar. 8, 2017); *FTC v. DOTAuthority.com, Inc.*, 0:16-cv-62186-WJZ (S.D. Fla. Sept. 19, 2016); *FTC v. D&S Marketing Solutions LLC, et al.*, No. 8:16-cv-01435-MSS-AAS (M.D. Fla. June 8, 2016); *FTC v. All Us Marketing LLC et al.*, No. 6:15-cv-1016-ORL-28GJK (M.D. Fla. June 22, 2015); *FTC v. Mail Tree, Inc.*, No. 0:15-cv-61034-JIC (S.D. Fla. May 19, 2015); *FTC v. Partners in Health Care Assoc., Inc.*, No. 1:14-cv-23109-RNS (S.D. Fla. Aug. 25, 2014).

WHEREFORE, Plaintiff Federal Trade Commission respectfully requests that the Court grant its *Ex Parte* Motion for Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and enter the proposed Temporary Restraining Order.[2]

Dated:  October 29, 2018.                Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

_____
ELIZABETH C. SCOTT, Special Bar No. A5501502
escott@ftc.gov; (312) 960-5609
JAMES H. DAVIS, Special Bar No. A5502004
jdavis@ftc.gov; (312) 960-5611
JOANNIE WEI, Special Bar No. A5502492
jwei@ftc.gov; (312) 960- 5607

Federal Trade Commission
230 S. Dearborn Street, Suite 3030
Chicago, Illinois  60604
Telephone:  (312) 960-5634
Facsimile: (312) 960-5600

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

---

[2] Plaintiff's Proposed Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue has been filed concurrently with this motion.