## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62593-GAYLES

**FEDERAL TRADE COMMISSION,**

      Plaintiff,

  v.

**SIMPLE HEALTH PLANS LLC, et al.,**

      Defendants.

_____/

### AGREED ORDER GRANTING DEFENDANT STEVEN DORFMAN'S
### SUPPLEMENTAL MOTION FOR EXPEDITED DISCOVERY

This matter came before the Court *ore tenus* on March 20, 2019, upon Defendant Steven Dorfman's motion for supplementary expedited discovery from Health Insurance Innovations, Inc. ("**HII**"), the Defendants' third party administrator (the "**Motion**"). Specifically, Mr. Dorfman requested that the Court authorize Mr. Dorfman to obtain discovery on an expedited basis, as afforded by the Court's previous expedited discovery order [ECF No. 29], from HII relating to the value of benefits provided to the Defendants' customers from the health insurance products that they purchased from the Defendants. The Court, having considered the Motion and the record before it, noting the FTC's agreement to the requested relief, and finding good cause **ORDERS**:

1.      The Motion is **GRANTED**.

2.      Mr. Dorfman is authorized to conduct supplementary expedited discovery under the same Expedited Discovery Procedures afforded to the FTC and Receiver in Section XXII of the Show Cause Order [ECF No. 15], for the purpose of obtaining evidence relating to the benefits afforded to the Defendants' customers.

3.     Notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Mr. Dorfman, the FTC, and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery of HII in connection with obtaining all documents and data relating to the value of the benefits provided to any of the Defendants' customers pursuant to those customers' use of any products sold or marketed by the Defendants.  The limited Expedited Discovery set forth in this Section shall proceed as follows:

a.  Mr. Dorfman, the FTC, and the Receiver may take the deposition of HII or its employees or representatives.  Forty-eight hours of notice shall be sufficient notice for such depositions.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means.

b.  Mr. Dorfman, the FTC, and the Receiver may serve subpoenas upon HII that direct production or inspection within five days of service.

c.  Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of the Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) and (f).

4.      This Order supplements the relief afforded to any or all of the Defendants in any previous discovery orders.

5.      This Order is without prejudice to any of the parties or the Receiver seeking expanded discovery rights.

6.      This Order does not modify the Preliminary Injunction Scheduling Order entered by the Court on February 8, 2019 [ECF No. 76].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of March, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE