## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**FEDERAL TRADE COMMISSION,**

       Plaintiff,

    v.

**SIMPLE HEALTH PLANS LLC, et al.,**

       Defendants.

**Case No.: 18-cv-62593-DPG**

---

### DEFENDANT STEVEN DORFMAN'S MOTION TO (I) EXCLUDE DECLARATIONS AND (II) COMPEL PLAINTIFF TO MAKE DECALRANTS AVAILABLE FOR CROSS-EXAMINATION AT THE PRELIMINARY INJUNCTION HEARING

Defendant, Steve Dorfman ("**Dorfman**"), by and through undersigned counsel, pursuant to Rule 802 of the Federal Rules of Evidence, files this motion seeking (i) to exclude all testimonial evidence that constitutes hearsay, including all declarations submitted by plaintiff, the Federal Trade Commission (the "**FTC**"), from the Court's consideration in determining whether to enter a preliminary injunction and (ii) compelling the FTC to make all declarants whose testimony the FTC offers in support of a preliminary injunction to be available for cross-examination by Mr. Dorfman at the preliminary injunction hearing (the "**Preliminary Injunction Hearing**") [DE 76] and states:

### Background

On October 29, 2018, the FTC filed the complaint initiating this matter against Mr. Dorfman and his corporate co-defendants. [DE 1]. Therein, the FTC alleges that the Defendants violated the FTC Act by engaging in unfair and deceptive trade practices relating to the marketing and sale of health insurance products.

On the same day that the FTC filed its complaint, the FTC filed an *ex parte* motion [D.E. 3] and memorandum in support thereof [D.E. 12] seeking entry of an *ex parte* temporary restraining order against Mr. Dorfman and his co-defendants.  The primary evidentiary support for that request are out-of-court statements (collectively, the "**Declarations**") from: (i) five FTC investigators;[1] (ii) 17 of the Defendants' alleged former customers (the "**Customer Witnesses**");[2] and (iii) nine other declarants that work in the insurance industry or for various regulatory agencies[3] (collectively, the "**Declarants**").  *See* FED.R.EVID. 801.  Relying on these Declarations, the FTC assert that the Defendants sold health insurance plans and products that did not meet the Defendants' customers' expectations.

On October 31, 2018, the Court, upon the FTC's request, entered the *ex parte* temporary restraining order (the "**TRO**").  [D.E. 15].  Among other things, the TRO: (i) imposed an asset freeze over all of Mr. Dorfman's and his co-Defendants' assets; (ii) appointed a receiver over the corporate Defendants; and (iii) set the Preliminary Injunction Hearing.  The TRO also authorized the FTC and the Receiver to obtain limited expedited discovery relating to the Defendants' assets and business transactions.

On November 19, 2018 and March 20, 2019, the Court entered orders granting Mr. Dorfman *limited* rights to conduct discovery in advance of the Preliminary Injunction Hearing.  [D.E. 29 and 99].  Notably, the orders did not authorize Mr. Dorfman to take any of the Declarants' depositions in advance of the Preliminary Injunction Hearing.

---

[1] Exhibits 1-5 of the FTC's memorandum in support of its *ex parte* motion for a temporary restraining order.  [D.E. 12].

[2] *Id.* at Exhibits 6-22.

[3] *Id.* at Exhibits 23-31.

After numerous delays, including due to the Court granting the FTC's opposed request for an indefinite stay of this proceeding, the Court scheduled the Preliminary Injunction Hearing for April 16, 2019.  [D.E. 76].

**Relief  Requested and Basis Therefor**

The Court should exclude the Declarations from the Preliminary Injunction Hearing as the Declarations are inadmissible hearsay and the Declarants are readily available to offer testimony subject to cross-examination.  Additionally, consistent with the fundamental principles of our adversarial system, the Court should compel the FTC to make its witnesses available for cross-examination at the Preliminary Injunction Hearing.

The Declarations are clearly hearsay.  Out-of-court written statements offered to prove the truth of the matter asserted constitute hearsay.  FED.R.EVID. 801.  Unless covered by an exception to the hearsay rule, FED.R.EVID. 803, or the residual exception, FED.R.EVID. 807, such statements are inadmissible as evidence.  FED.R.EVID. 802.  The Declarations fall squarely within the definition of hearsay: they are out-of-court written statements offered to prove the truth of the matters asserted.

The Declarations also fail to satisfy the hearsay exceptions.  The Declarations are not business records because they were obtained in anticipation of litigation, not as part of a regularly conducted business activity.  *See Noble v. Alabama Dept. of Environmental Management,* 872 F.2d 361, 366-67 (11th Cir. 1989) (Records created in anticipation of litigation do not fall within the business records exception.); FED.R.EVID. 803(6).

The Declarations also do not meet the "residual exception" under FRE 807.  Under that exception, hearsay is admissible if, among other requirements, it has "equivalent circumstantial guarantees of trustworthiness" and is "more probative on the point for which it is offered than any

other evidence that the proponent can obtain through reasonable efforts." FED.R.EVID. 807.  The

Declarations, especially the Customer Witnesses' declarations, are particularly untrustworthy.

*First*, the Declarants did not draft the Declarations themselves.  Rather, the FTC drafted the

Declarations for the Declarants.  *Second,* the Customer Witnesses' Declarations are ***directly***

contradicted by recordings of the actual conversations between the Defendants' representatives

and the Customer Witnesses.  *See* FED.R.EVID. 403 (allowing the Court to exclude evidence "if its

probative value is substantially outweighed by a danger of . . . unfair prejudice. . .").  Many of the

Customer Witnesses claimed in their Declarations that the Defendants told the Customer

Witnesses that they were purchasing "comprehensive health insurance" or "Affordable Care Act-

compliant health insurance plans."  However, recordings of sales and verification calls between

the Customer Witnesses and the Defendants' representatives belies the Customer Witnesses claims

that they were misled.  Mr. Dorfman intends to introduce those recordings at the Preliminary

Injunction Hearing.  *Finally,* Mr. Dorfman has been prohibited from deposing the Declarants in

advance of the Preliminary Injunction Hearing.  This restriction, combined with the Customer

Witnesses'  statements in the Declarations being directly contradicted by the recordings of the

actual conversations that the Customer Witnesses had with the Defendants' representatives, would

make it manifestly unjust for the FTC to be permitted to rely on the Declarations in its effort to

obtain a preliminary injunction.

Mr. Dorfman acknowledges that the Court has the discretion to consider hearsay evidence

in determining whether to enter a preliminary injunction.  However, the justification for this

procedural inequity is that that there is usually a small window of time between entry of the

temporary restraining order and the preliminary injunction hearing.  *Asseo v. Pan American Grain*

*Company,* 805 F.3d 23, 26 (1st Cir. 1986).  That justification is absent here.  The seminal decision

in this circuit authorizing courts to consider hearsay declarations at the preliminary injunction stage is *Levi Strauss & Co. v. Sunrise Intern. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).   In determining that a court may consider hearsay evidence at the preliminary injunction stage the Eleventh Circuit relied on precedent from the First Circuit: *Asseo v. Pan American Grain Company*.   In doing so, the *Levi Strauss* court limited a court's consideration of hearsay evidence at the preliminary injunction stage "if the evidence is appropriate given the character and objectives of the injunctive proceeding." *Id. citing Asseo.*  In *Asseo*, the First Circuit highlighted that a critical factor in determining whether to admit hearsay evidence in a preliminary injunction proceeding is "the need for expedition." *Asseo*, 805 F.2d at 26.  This case has been pending for approximately five months.  Accordingly, the FTC has more than sufficient time to coordinate and prepare its witnesses for the Preliminary Injunction Hearing.  Indeed, the FTC specifically requested that the Preliminary Injunction Hearing be scheduled *after* April 8, 2019, to accommodate its witness' availability.

The Declarations should also be excluded because they are untrustworthy, as evidenced by recordings of the actual conversations between the Declarants and the Defendants' representatives, and the Declarants' statements have not been subject to cross-examination.  In a similar situation, in *FTC v. Sterling Precious Metals, LLC*, Judge Marra denied a preliminary injunction in which the FTC submitted supporting documentation.  *FTC v. Sterling Precious Metals, LLC*, 894 F.Supp.2d 1378 (S.D.Fla. 2012).  There, inconsistencies in declarants' declarations and testimony arose after the declarants were subjected to cross-examination at the preliminary injunction hearing.  In his order denying the preliminary injunction, Judge Marra said that the results of cross-examination—showing that the customers had received disclosure—"demonstrate[d] the ***danger of relying upon hearsay affidavits, not subject to cross-examination***, in granting injunctive

relief." *Id.* at 1383 (determining that cross-examination of the declarants was critical to determining that their declarations were unreliable) (emphasis supplied).

Additionally, the FTC should be compelled to make each Declarant whose Declaration it seeks to have the Court rely on available for cross-examination at the Preliminary Injunction Hearing.

**WHEREFORE**, Defendant, Steven Dorfman, respectfully requests an Order of the Court: (i) excluding the Declarations from consideration in connection with entry of a preliminary injunction; or, in the alternative ,(ii) compelling the FTC to make each Declarant whose Declaration it relies upon in support of a preliminary injunction available for cross-examination at the Preliminary Injunction Hearing; and (iii) for all further relief that the Court deems just and proper.

<u>**Local Rule 7.1(a)(3) Certificate**</u>

The undersigned certifies that he has conferred with the FTC in a good faith effort to resolve the issues raised in the motion and the FTC has indicated that it opposes the relief sought herein.

Dated: April 2, 2019

**DLA Piper LLP (US)**

*/s/ Ryan O'Quinn*
Ryan D. O'Quinn (FBN 513857)
*ryan.oquinn@dlapiper.com*
Elan A. Gershoni (FBN 95969)
*elan.gershoni@dlapiper.com*
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone:  305.423.8553
Facsimile:  305.675.7885

*Counsel for Defendant*
*Steven Dorfman*

## CERTIFICATE OF SERVICE

The undersigned certifies that he filed this pleading through the court's electronic filing system and that all parties requesting electronic notice of pleadings have been served with the pleading.

*/s/ Ryan O'Quinn*
Ryan D. O'Quinn