UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>   vs.<br><br>SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,<br><br>        Defendants. | **Case No.: 18-cv-62593-DPG** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO ALLOW LIVE TESTIMONY OF EXPERT
WITNESSES AND TO THE INTRODUCTION OF AUDIO RECORDINGS
CONTAINING CONSUMERS' PERSONAL AND SENSITIVE HEALTH
INFORMATION AT THE PRELIMINARY INJUNCTION HEARING**

In its Order entered today, the Court denied Defendant Steven Dorfman's motion to exclude the FTC's declarations in support of the preliminary injunction and denied Dorfman's motion to compel the FTC to make consumer declarants available for cross-examination.[1] The Court also found that while live witness testimony is not generally required at the preliminary injunction hearing, some live witness testimony is warranted in this case based on the Court's preliminary review of the record, but that "cumulative testimony and expert testimony about legal and equitable remedies may be excluded." (D.E. 113). The Court also granted in part Dorfman's motion to introduce audio recordings at the preliminary injunction hearing. For the reasons outlined below, the FTC respectfully requests that the Court deny Dorfman's improper request to present the live testimony of the two witnesses Dorfman identifies as experts, Samuel

---

[1] The FTC assumes, based on this ruling, that Dorfman will not follow through with his stated intention to issue unauthorized, facially invalid, and unenforceable subpoenas on consumers whose declarations were submitted in support of the FTC's allegations. (D.E. 108 at 5).

1

L. Bray and Linda Gorman (D.E. 108) and deny the introduction of audio recordings to the extent such recordings would expose consumers' personal and sensitive health information.

Dorfman's grossly deficient, eleventh-hour notice regarding his purported experts flouts both Federal Rule of Civil Procedure 26 as well as the unambiguous March 25th deadline set by the Court's Preliminary Injunction Scheduling Order ("Scheduling Order") (D.E. 76).  Among other infirmities, Dorfman's so-called experts apparently intend to dispense altogether with reports, a fundamental requirement of expert testimony.  What little can be gleaned thus far regarding their qualifications and subjects of testimony demonstrates that Dorfman's proposed experts would not offer relevant testimony that is properly the subject of an expert, assuming they even are experts.

## I. Dorfman Failed to Timely or Properly Disclose His Purported Experts.[2]

In its Scheduling Order, the Court required Dorfman to "file with the Court and serve on FTC's counsel any answering pleadings, affidavits, motions, **expert reports or declarations** or legal memoranda **no later than March 25, 2019**."  (D.E. 76 at 1) (emphasis added).  March 25 passed without a single mention by Dorfman of any expert witness whose testimony he intended to present to the Court, let alone the submission of an expert report or declaration as required by the Scheduling Order.  Instead, Dorfman delayed disclosing even the names of his purported experts until the filing of his Motion to Allow Live Witness Testimony on April 3, more than a week after the Court's deadline.  Even then, Dorfman revealed only the bare minimum about his purported experts, failing to meet the standards set out by Fed. R. Civ. P. 26 for the disclosure of

---

[2] While defense counsel certifies that he conferred with the FTC "in good faith" before filing his motion to present live witnesses, his email to FTC counsel did not identify either of the expert witnesses he intended to seek leave to present.  Dorfman's strategic withholding of the information that he already was late in disclosing is another example of his gamesmanship and disregard for the Court's procedures.

2

expert witnesses. For instance, Dorfman has provided no information about the witnesses' credentials or experience.[3] He also has disclosed no information about what materials they reviewed or what methodologies they used to reach their opinions. In fact, Dorfman has failed to identify their opinions at all. No report has been submitted by either witness. It is therefore impossible for the Court or the FTC to determine whether these individuals are qualified to offer expert testimony of any kind, much less on topics relevant to this matter.

"Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense." *Warren v. Delvista Towers Condo Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *1 (S.D. Fla. July 30, 2014). Dorfman's latest maneuver is a transparent attempt to circumvent both the Scheduling Order and Fed. R. Civ. P. 26 to ambush the FTC with last-minute "expert disclosures." *See Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6327198, at *3 (S.D. Fla. Dec. 20, 2011) ("the purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise") (internal citations omitted). Dorfman agreed to a scheduling order and failed to comply with it, thereby forfeiting his opportunity to present the purported experts at this hearing. He is not free to simply ignore the Court's orders at will when it suits his litigation strategy.[4]

---

[3] Despite assurances to the contrary first by email to FTC counsel on March 27 and again to the Court on April 3 (D.E. 108 at fn. 4), Dorfman has yet provide the FTC with the contact information of its proposed expert witnesses.

[4] District courts have "unquestionable authority to control their own dockets," including "broad discretion in deciding how to best manage the cases before them" by "set[ting] a filing deadline." *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). (internal quotations and citations omitted); *see also United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction.").

Dorfman's brief, cryptic descriptions of each witness and the topics they intend to address falls embarrassingly short of the standards required for expert disclosure. *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) ("'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert but also the provision of a ***written report*** containing a '***complete statement of all opinions***' and '***the basis and reasons therefor***.'") (quoting Fed. R. Civ. P. 26(a)(2)(B))(emphasis added).[5] Dorfman has utterly failed to comply with these requirements and his "experts" should therefore not be permitted to testify.

## II. Professor Samuel Bray's Testimony Will Address a Purely Legal Question that the Court Has Already Decided

On February 22, 2019, consistent with decades of Eleventh Circuit law that the Court is obligated to follow, the Court ruled that the FTC has the authority to seek equitable monetary relief in this action after extensive briefing and a hearing. (D.E. 83). *See FTC v. Gem Merchandising Corp.*, 87 F.3d 466, 468-70 (11th Cir. 1996); *accord FTC v. WV Universal Mgmt., LLC*, 877 F.3d 1234, 1239 (11th Cir. 2017); *FTC v. IAB Mktg. Assocs., LP*, 746 F.3d 1228, 1234 (11th Cir. 2014); *FTC v. Washington Data Resources, Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013).[6]

---

[5] In stark contrast, the FTC disclosed its expert, Dr. Brian Miller, in its initial filings on October 29, 2018 along with a detailed report laying out Dr. Miller's credentials, his opinions, and the documents that he relied on in reaching those opinions. Similarly, on April 8, 2019, *in compliance with the Scheduling Order*, the FTC will submit a supplemental report from Dr. Miller on substantially the same topics addressed in his original report that will attach documents on which he relied in reaching these opinions.

[6] Every other court of appeals to have considered the issue agrees. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 598-99 (9th Cir. 2016); *FTC v. Ross*, 743 F.3d 886, 890-91 (4th Cir. 2014); *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 365 (2d Cir. 2011); *FTC v. Magazine Sols.*, 432 F. App'x 155, 158 n.2 (3d Cir. 2011) (unpublished); *FTC v. Direct Mktg. Concepts, Inc.*, 624 F.3d 1, 15 (1st Cir. 2010); *FTC v. Freecom Commc'ns*, 401 F.3d 1192, 1202 n.6 (10th Cir.

Dorfman apparently believes that the Court did not fully appreciate the "distinction between 'legal' and 'equitable' remedies" on February 22, 2019 when it ruled against him on this topic (D.E. 83), and has therefore offered to introduce testimony from law professor Samuel Bray to "help the Court understand the distinction." Although Professor Bray may be qualified[7] to submit an amicus brief to the Court of Appeals or even to represent Dorfman himself if defense counsel would like to add another lawyer to his appellate or trial team, this is clearly not a proper subject for expert testimony.  First, "the limits of the FTC's remedies" (D.E. 108 at 5) is a purely legal question on which the Court does not need the aid of an expert to rule.  "Generally, testimony that purports to offer legal opinions is properly excluded." *Dubiel v. Columbia Hosp. (Palm Beaches) Ltd. P'ship*, No. 04-80283-CIV, 2005 WL 5955691, at *4 (S.D. Fla. Jan. 11, 2005).  Second, only an *en banc* panel of the Eleventh Circuit can overturn existing Eleventh Circuit precedent and change the scope of remedies that the FTC may obtain in this action.  Testimony from a purported remedies expert therefore cannot be helpful to the Court on this point because the Court is bound by controlling precedent.  This is simply not an open or relevant *factual* question at this stage of the proceedings.  Indeed, it is a question of law that the Court decisively resolved in the FTC's favor, that Dorfman has untimely appealed to the Eleventh Circuit, *and* over which he unsuccessfully claimed the Court no longer has jurisdiction. The Court should refuse to allow Professor Bray's testimony.

---

2005); *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 571-72 (7th Cir. 1989); *FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312, 1314-14 (8th Cir. 1991).

[7] Even this is an open question, given that Dorfman still has not provided any information regarding Professor Bray's credentials and experience.

### III.    Dr. Gorman's Qualifications Are Unknown and Her Proffered Testimony Is Irrelevant.

Dorfman holds Dr. Linda Gorman out as "an expert in the health insurance industry" but provides absolutely no support for this assertion and has made no effort to qualify her as such. Dorfman indicates that Gorman will offer testimony on two issues: the supposed benefits provided by the products sold by Defendants and the inability of Defendants' victims to afford comprehensive health insurance plans. Even if Gorman were qualified generally as an expert on health insurance, these two issues are completely irrelevant to whether Defendants deceived consumers in the sale of their products. First, even the FTC acknowledges that Defendants' limited benefit plans may have had some small value, but the question is whether Defendants accurately described those benefits to consumers. There is no suggestion in Dorfman's motion that Gorman has reviewed any relevant materials such as the FTC's expert report, plan documents, sales scripts, sales call recordings, consumer declarations, or lead generation ads and websites that would enable her to offer an informed opinion as to the accuracy of Defendants' representations. Dorfman fails to describe *any* of the materials that Gorman considered in reaching her opinions, much less the nature of her opinions. Second, whether consumers can afford comprehensive health insurance is again wholly irrelevant to the question of whether Defendants misled them into believing they were purchasing such a product, or its equivalent. Moreover, Dorfman does not disclose on what basis Gorman has any knowledge of what these consumers could or could not afford. The notion that Dorfman thinks a consumer's financial position bears on the issues in this case further displays his contempt for the consumers he defrauded – they were financially insecure and therefore should be grateful for even the meagre benefits his products might provide.

### IV. The Court Should Limit the Introduction of Audio Recordings to Protect Consumers' Personal Identifying and Sensitive Health Information.

The FTC will submit full transcripts of sales call recordings for 13 of its 17 consumer declarants (all that were located in the business records) with its supplemental briefing on April 8, in accordance with the Court's Scheduling Order.[8] The FTC welcomes a full examination by the Court of those transcripts, which reveal stunningly misleading sales practices well beyond what is described in the consumers' declarations and the FTC's complaint. To the extent Dorfman intends to play hours of recorded telephone calls during the preliminary injunction hearing, the FTC objects on two grounds. First, it would reveal consumers' personal identifying or sensitive health information without their express consent. Second, the playing of hours of recordings would be both a waste of the Court's time as well as unnecessarily cumulative. A more efficient way for the Court to assess the value of these recordings would be for the Court to review transcripts, which the FTC will submit to the Court on April 8.

### V. Conclusion

For the reasons stated above, the FTC respectfully requests that the Court deny Dorfman's Motion to Present the Live Witness Testimony of Professor Samuel Bray and Dr. Linda Gorman as purported expert witnesses and deny or limit the introduction of audio recordings that are cumulative and expose consumers' personal and sensitive health information.

Dated: April 4, 2019                Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

/s/ James H. Davis
ELIZABETH C. SCOTT, Special Bar No. A5501502
escott@ftc.gov; (312) 960-5609
JAMES H. DAVIS, Special Bar No. A5502004

---

[8] These transcripts will redact sensitive consumer information. If the Court requests, the FTC can provide copies of the recorded calls on electronic media for *in camera* review.

jdavis@ftc.gov; (312) 960-5611
JOANNIE WEI, Special Bar No. A5502492
jwei@ftc.gov; (312) 960- 5607

Federal Trade Commission
230 S. Dearborn Street, Suite 3030
Chicago, Illinois 60604
Telephone: (312) 960-5634
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this April 4, 2019, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

*/s/ James H. Davis*
JAMES H. DAVIS, Special Bar No. A5502004