UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,

        Defendants.

**Case No.: 18-cv-62593-DPG**

**PLAINTIFF FEDERAL TRADE COMMISSION'S STATUS REPORT REGARDING DEFENDANT DORFMAN'S PURPORTED EXPERT WITNESSES**

In anticipation of the preliminary injunction hearing scheduled for April 16, 2019, Plaintiff Federal Trade Commission ("FTC" or "Commission") hereby submits this Status Report regarding the two purported expert witnesses from whom Defendant Steven Dorfman has requested taking live testimony at this hearing. As of the filing of this report, Dorfman has still failed to disclose the information required by the Court's scheduling order and the Federal Rules of Civil Procedure.

    1.    In its February 8, 2019 Scheduling Order, the Court required Dorfman to "file with the Court and serve on FTC's counsel any answering pleadings, affidavits, motions, expert reports or declarations or legal memoranda no later than March 25, 2019." (D.E. 76 at 1).

    2.    Dorfman did not file any expert reports by March 25, 2019.

    3.    On April 2, 2019, Dorfman's counsel indicated to the FTC by email that he intended to seek leave to present the testimony of unidentified experts at the hearing and that he would share those witnesses' contact information and CVs "concurrently with seeking that relief so as to avoid unnecessarily publishing that information." (Attachment A, April 2 email).

1

4. In his April 3, 2019 Motion to Allow Live Witness Testimony (D.E. 108), Dorfman identified his two purported experts as Professor Samuel Bray and Dr. Linda Gorman. In footnote 4 of that motion, Dorfman represented that he would "provide the witness' contact information to the FTC concurrently with filing this motion."

5. Dorfman did not send Bray and Gorman's CVs and contact information to the FTC concurrently with the filing of the motion.

6. On April 4, 2019, having not received the purported experts' CVs, contact information, or the information required by Fed. R. Civ. P. 26(a)(2), including reports, opinions, or the bases of any such opinions from Dorfman, the FTC requested it from his counsel. (Attachment B, April 4 email).

7. Dorfman still has not provided the FTC any information regarding Bray and Gorman, nor has he filed an expert report from either of them. For these reasons, and the reasons articulated more fully in the FTC's opposition to Dorfman's Motion to Allow Live Witness Testimony (D.E. 114), the FTC continues to believe that Dorfman should not be permitted to present live testimony from Bray or Gorman at the April 16 preliminary injunction hearing.

Dated: April 12, 2019            Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

/s/ Elizabeth C. Scott
ELIZABETH C. SCOTT, Special Bar No. A5501502
escott@ftc.gov; (312) 960-5609
JAMES H. DAVIS, Special Bar No. A5502004
jdavis@ftc.gov; (312) 960-5611
JOANNIE WEI, Special Bar No. A5502492
jwei@ftc.gov; (312) 960- 5607

Federal Trade Commission
230 S. Dearborn Street, Suite 3030

        Chicago, Illinois 60604
        Telephone: (312) 960-5634
        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this April 12, 2019, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

*/s/ Elizabeth C. Scott*
ELIZABETH C. SCOTT
Special Bar No. A5501502