UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

       Plaintiff,

  vs.

SIMPLE HEALTH PLANS LLC, a Florida limited
liability company, et al.,

       Defendants.

**Case No.: 18-cv-62593-DPG**

## FTC'S OPPOSITION TO DEFENDANT DORFMAN'S
## MOTION TO EXCLUDE PURSUANT TO THE BEST EVIDENCE RULE

In Defendant Steven Dorfman's desperation[1] to prevent the Court from considering the
sworn testimony of some of his victims, he again ignores a clear prior ruling from the Court and
has filed yet another frivolous last-minute motion.  This time, Dorfman ignores the Court's
unambiguous order admitting such evidence for purposes of tomorrow's preliminary injunction
hearing.  (D.E. 113).  Moreover, Dorfman brings this motion more than two months after
receiving the information on which the motion is based, but only hours before the scheduled
hearing.  The motion should plainly be denied.

As the Federal Trade Commission ("FTC") has said in its recent filings, it welcomes the
Court's careful review of the transcripts of sales call recordings between consumer declarants
and Dorfman's telemarketers.  The transcripts are compelling evidence of Defendants' fraud, but
in addition the declarations reflect the consumers' impressions of their interactions with

---

[1] Dorfman's irresponsible and unfounded claims of ethical violations on the part of FTC counsel
do not even merit a response.

Dorfman's telemarketers and their understanding of what they were being sold. The declarations also include information well beyond the scope of the sales call transcripts, including the devastating effects that Dorfman's deception has had on their lives. The Court is clearly capable of reviewing and weighing both the transcripts themselves and consumers' descriptions of the sales call and other aspects of Defendants' scheme in their declarations.

The FTC provided the underlying consumer information presented in the motion to Dorfman on February 8, 2019 – more than two months ago. Yet to deflect from his lack of even a colorable defense, Dorfman waited until just hours before the long-scheduled Preliminary Injunction hearing to file this motion with the Court. The Court *has already ruled to admit this evidence*, which is particularly appropriate for consideration at this preliminary phase of the litigation. Accordingly, Dorfman's last-minute motion should be denied.


Dated: April 15, 2019                    Respectfully submitted,

                                         ALDEN F. ABBOTT
                                         General Counsel

                                         /s/ Elizabeth C. Scott
                                         ELIZABETH C. SCOTT, Special Bar No. A5501502
                                         escott@ftc.gov; (312) 960-5609
                                         JAMES H. DAVIS, Special Bar No. A5502004
                                         jdavis@ftc.gov; (312) 960-5611
                                         JOANNIE WEI, Special Bar No. A5502492
                                         jwei@ftc.gov; (312) 960- 5607

                                         Federal Trade Commission
                                         230 S. Dearborn Street, Suite 3030
                                         Chicago, Illinois  60604
                                         Telephone:  (312) 960-5634
                                         Attorneys for Plaintiff
                                         FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this April 15, 2019, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

*/s/ Elizabeth C. Scott*
ELIZABETH C. SCOTT,
Special Bar No. A5501502