# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY ____AP____ D.C.

Apr 16, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

April 16, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-10840-AA
Case Style: Federal Trade Commission v. Steven Dorfman
District Court Docket No: 0:18-cv-62593-DPG

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: T. L. Searcy/aw, AA
Phone #: (404) 335-6180

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10840-AA
_____

FEDERAL TRADE COMMISSION,

                                                                          Plaintiff-Appellant,

versus

SIMPLE HEALTH PLANS, LLC,
a Florida Limited Liability Company, et al,

                                                                          Defendants,

STEVEN J. DORFMAN,
individually and as an officer, member, or manager of Simple Health Plans LLC,
Health Benefits One LLC, Health Center Management LLC, Innovative Customer
Care LLC, Simple Insurance Leads LLC, and Senior Benefits One LLC,

                                                                       Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before: WILLIAM PRYOR, ROSENBAUM, and JILL PRYOR, Circuit Judges.

BY THE COURT:

      After reviewing the responses to this Court's jurisdictional question, we DISMISS this appeal for lack of jurisdiction. All pending motions are DENIED as MOOT.

      We lack jurisdiction to review the district court's order granting a temporary restraining order ("TRO") and the order denying the motion to strike the TRO because the orders are not final or appealable under a statute or jurisprudential exception. *See* 28 U.S.C. §§ 1291, 1292; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). First, the district court

did not enter a final order because it did not end the case on the merits. *See CSX Transp., Inc.*, 235 F.3d at 1327 (noting that a final order ends the case on the merits and leaves nothing for the court to do but execute the judgment). Second, the district court did not grant or refuse to dissolve an injunction that is appealable under § 1292(a)(1). *See* 28 U.S.C. § 1292(a)(1); *McDougald v. Jenson*, 786 F.2d 1465, 1472 (11th Cir. 1986) (stating that TROs generally are not appealable).

Although the district court's labels are not dispositive, the relevant factors do not weigh in favor of construing the relief as a preliminary injunction. *See McDougald*, 786 F.2d at 1472 (stating that, in examining whether an order granted a TRO or preliminary injunction, "courts typically look to such factors as the duration of the order, whether it was issued after notice and a hearing, and the showing made to obtain the order"); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (holding that a TRO is immediately appealable under § 1292(a)(1) as a preliminary injunction, "when three conditions are satisfied: (1) the duration of the relief sought or granted exceeds that allowed by a TRO ([formerly] ten days), (2) the notice and hearing sought or afforded suggest that the relief sought was a preliminary injunction, and (3) the requested relief seeks to change the status quo"). The relevant factors show that the court issued only a TRO, not a preliminary injunction, because the court granted temporary relief without notice and a hearing, maintained the status quo, granted only temporary extensions of the TRO based on good cause or consent, and intended the TRO to last only until the appropriateness of a preliminary injunction could be decided. *See AT&T Broadband*, 381 F.3d at 1314; *McDougald*, 786 F.2d at 1472.

To the extent Dorfman tried to withdraw his consent to further extensions, this fact may relate to the duration of the relief granted and weigh in favor of construing the TRO as an injunction. *See AT&T Broadband*, 381 F.3d at 1314; *McDougald*, 786 F.2d at 1472; *see also* Fed.

R. Civ. P. 65(b)(2) (providing that a TRO expires at the time the court sets, but no more than 14 days after entry, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension").  But the duration factor does not outweigh the other circumstances in this case that heavily weigh in favor of construing the temporary relief as only a TRO, rather than an immediately appealable preliminary injunction.  *See AT&T Broadband*, 381 F.3d at 1314; *McDougald*, 786 F.2d at 1472.  Finally, this case does not satisfy the irreparable harm exception to TRO non-appealability because here the TRO only preserves the status quo until the court decides whether to issue a preliminary injunction, Dorfman consented to a preliminary injunction hearing in April, and the district court offered to hold the hearing earlier if Dorfman requested it.  *See Ingram v. Ault*, 50 F.3d 898, 899-900 (11th Cir. 1995) (holding that the requirements of irreparable harm and a need for immediate appeal were met when the district court denied a motion for a TRO to enjoin an execution and the appellant faced execution in less than 24 hours); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005) (reviewing the denial of a TRO requiring defendants to reestablish treatment to keep a patient alive).

The Clerk of Court is directed to treat any motion for reconsideration of this order as a non-emergency matter.