UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62593-DPG

Federal Trade Commission,

                Plaintiff,

v.

Simple Health Plans, LLC, et al.,

                Defendants.

## AMANDRA HICKS' MEMORANDUM OF LAW IN OPPOSITION TO RECEIVER'S MOTION FOR ORDER DIRECTING HOMER BONNER JACOBS, P.A., TO TURN OVER SETTLEMENT FUNDS TO RECEIVER

Amandra Hicks ("Hicks"), through counsel, hereby submits this memorandum of law in opposition to the motion for order directing Homer Bonner Jacobs, P.A. to turn over settlement funds, filed by Michael I. Goldberg, as court-appointed receiver (Doc. No. 90).

## BACKGROUND

On October 26, 2018, Hicks entered into a settlement agreement and release (the "Settlement Agreement") with Simple Health Plans, LLC ("Simple Health").[1] Under the Settlement Agreement, Simple Health was to pay Hicks and her counsel $55,000.00 (the "Settlement Funds") and Hicks agreed to release Simple Health from, *inter alia,* potential Telephone Consumer Protection Act, 47 U.S.C. § 227 claims and agreed to dismiss with prejudice a lawsuit filed in the Middle District of Florida, *Hicks v. Health Insurance Innovations, Inc.*, Case No. 8:18-cv-00216-WFJ-AEP.

---

[1] A copy of the Settlement Agreement is attached as Composite Exhibit A to the Receiver's Motion and is available at Doc. No. 90-1.

Both parties executed the agreement on October 26, 2018. On October 29, 2018 Hicks filed a Stipulation of Dismissal in the underlying action.

Prior to the execution of the Settlement Agreement, counsel for Simple Health represented that it already held the Settlement Funds of $55,000.00, was holding the funds in escrow, and the funds were to be transferred to Hicks's counsel's client trust account.

On October 29, 2018, the Federal Trade Commission filed this action against, *inter alia*, Simple Health.

On October 31, 2018, the Court entered a temporary restraining order with asset freeze and appointed Michael Goldberg as temporary receiver (the "Receiver").

On November 20, 2018, the Receiver emailed counsel for Hicks stating that he instructed counsel for Simple Health, Homer Bonner Jacobs, P.A., to not pay the Settlement Funds to Hicks and that he would be moving the court to "direct Homer and Bonner to forward us the funds." On March 8, 2019, the Receiver filed its Motion for Order Directing Homer Bonner Jacobs, P.A. to Turn Over Settlement Funds to Receiver (the "Motion"). (Doc. No. 90).

This Opposition follows.

## ARGUMENT

I. **THE SETTLEMENT FUNDS ARE NOT PROPERTY OF THE RECEIVERSHIP ESTATE**

The Eleventh Circuit has confirmed that under Florida law "'funds that are deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate.'" *In re Scanlon*, 239 F.3d 1195, 1198 (11th Cir. 2001) (quoting *In re S.E.L. Maduro (Fla.), Inc.*, 205 B.R. 987, 990–91 (Bankr. S.D. Fla. 1997)). As relevant here, where a party deposits funds into a temporary escrow account in accordance with a settlement agreement requiring that it do so, those funds are not for the benefit of the depositor notwithstanding that

2

the funds were meant to preclude further litigation against that party; instead, the true beneficiaries of the settlement funds are the victims who have been wronged by the depositor and who are entitled to the funds according to a settlement agreement. *Id.* ("it is clear that the $650,000 was not intended to benefit the Debtor. Although Trustee Dzikowski argues that the settlement funds were meant to benefit the Debtor by precluding any further litigation against him by the NASD, the true beneficiaries of the settlement funds were clearly the NASD customers defrauded by the Debtor.").

As in *Scanlon,* in this case, when Simple Health deposited the Settlement Funds into Simple Health's counsel's account in order to complete the payment required under the Settlement Agreement, the Settlement Funds were not intended to benefit Simple Health. *See id.* Instead, the true beneficiary of those funds was Hicks, the party whose rights were allegedly violated by Simple Health and the party to whom Simple Health agreed to pay the Settlement Funds in exchange for a release. Because the funds were not intended to benefit Simple Health when they were placed in the escrow account, the funds "cannot be characterized as property of [Simple Health or the Receivership Estate]." *In re Scanlon*, 239 F.3d at 1198.

Moreover, the Settlement Funds were transferred into the account *before* the Court appointed the Receiver and entered a temporary restraining order on October 31, 2018. In addition, the predicate acts that required that the Settlement Funds be transferred to Hicks – the execution of the Settlement Agreement and the filing of the Stipulation of Dismissal – each occurred before October 31, 2018; as noted, the Settlement Agreement was executed on October 26, 2018 and sent to counsel for Simple Health on October 29, 2018, and the stipulation of dismissal was filed on October 29, 2018. While the Receiver contends the settlement was not "finalized" by October 31, 2018, (Motion at p. 2), it is merely referring to the fact that Simple

Health's counsel had not yet released the funds to Hicks and her counsel. However, because the Settlements Funds no longer benefitted Simple Health once they were held in escrow by Simple Health's counsel and were instead intended to benefit Hicks, the funds were no longer the property of Simple Health at that time, and the fact that they had not actually been physically released to Hicks yet is immaterial.

In its Motion, the Receiver relies heavily on the unpublished decision in *In re B&B Plastics, Inc.*, 2005 WL 3198656, at *9 (Bankr. S.D. Fla. Aug. 10, 2005). However, *B&B Plastics* is easily distinguishable from the facts of this case. First, in *B&B Plastics,* the Court held that the money paid into the attorney trust account was "not a direct proxy for damages." *Id.,* 2005 WL 3198656, at *6. In distinguishing *Scanlon,* the court in *B&B Plastics* observed that "the money in the temporary escrow in *Scanlon* was specifically deposited there to compensate the victims of the debtor's wrongdoing. The claimants to the fund presumably would have received a distribution if they showed that they were victims of the debtor's fraud . . . In this case, the funds, while meant for the Plaintiff as royalties from the licensing agreement, are not clearly the Plaintiff's property." *Id.,* 2005 WL 3198656, at *9; *see also In re: Leslie Lopez Roman & Donna Barahona Roman Debtors Robert S. Whitmore (Tr.), Plaintiff v. Innovation Ventures, LLC, & Int'l IP Holdings, LLC Defendants*, 2019 WL 1496153, at *6 (Bankr. C.D. Cal. Mar. 27, 2019). Unlike in *B&B Plastics* (but like *Scanlon*), here the Settlement Funds were explicitly deposited by Simple Health for the sole purpose of compensating, in the agreed amount, Hicks for alleged violations of the TCPA, as set forth in the Settlement Agreement. It is undisputed that but for the Receiver's directions to Simple Health's counsel not to release the Settlement Funds, Hicks is otherwise entitled to the funds.

Second, in *B&B Plastics* "the funds held by [the Debtor's attorney] were not deposited

4

by agreement or court order" and "there [wa]s no evidence as to the conditions that would trigger the release of the funds." *In re B&B Plastics, Inc.*, 2005 WL 3198656, at *10. By contrast, here the Settlement Funds were deposited pursuant to the Settlement Agreement and the condition that would trigger the release of the funds was Hick's execution of the Settlement Agreement and filing of a stipulation of dismissal. (Settlement Agreement at p. 1 ("For and in consideration of the releases described in Paragraph 3, and the performance of other obligations provided herein, Simple Health shall cause to be paid a total of fifty-five thousand dollars ($55,000) to Ms. Hicks (the "Settlement Funds") to be paid within twenty (20) days after the joint stipulation of dismissal with prejudice described in Paragraph 1 is filed and this Agreement is executed by Ms. Hicks and delivered by electronic mail to Simple Health's attorneys at the e-mail addresses below and receipt of the W-9 form from Lemberg Law LLC. Payment shall be made by delivery of a check payable to Lemberg Law Client Trust Account.")).

Third, in *B&B Plastics* the funds at issue were themselves contested funds in a "contested account." *In re B&B Plastics, Inc.*, 2005 WL 3198656, at *9-10 ("The District Court did not indicate that if the Plaintiff was successful in its patent infringement case, then he would receive the funds in Bagdasarian's trust account."). Unlike *B&B Plastics,* here there is no dispute that Hicks is otherwise entitled to the funds at issue notwithstanding the Receiver's attempts to secure those funds. Indeed, the Receiver itself acknowledges that Hicks is a "legitimate creditor." (Motion at p. 8).

In short, this is unlike the situation at issue in *B&B Plastic*. Instead, the facts here fall squarely within the Eleventh Circuit's decision in *Scanlon*. As in that case, the funds were no longer the property of the depositor once they were placed in escrow. Accordingly, the Receiver's Motion must be denied.

## **CONCLUSION**

      For the foregoing reasons, Hicks respectfully request that the Court deny the Receiver's Motion to Turn Over Settlement Funds.

Dated: April 19, 2019

                                              Respectfully submitted,

By:   */s/ Janelle A. Weber*
        Janelle A. Weber
        Law Office of Janelle A. Weber
        1520 W. Cleveland St., Ste. A
        Tampa, FL 33606

        *Of Counsel to:*
        LEMBERG LAW, LLC
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424

        *Attorneys for Amandra Hicks*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party using the Court's CM/ECF system.

                                                     */s/  Janelle A. Weber*
                                                     Janelle A. Weber