UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>  Plaintiff,<br><br>  v.<br><br>**SIMPLE HEALTH PLANS LLC, et al.,**<br><br>  Defendants. | **Case No.: 18-cv-62593-DPG** |

**DEFENDANT STEVEN DORFMAN'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF OPPOSITION TO A PRELIMINARY INJUNCTION**

Defendant, Steve Dorfman ("**Dorfman**"), through undersigned counsel, files this notice notifying the Court and all parties that his *Motion to Dismiss* (the "**Motion to Dismiss**") [DE 134] supplements the authority and arguments raised in his opposition (the "**Opposition**") [DE 104] to Plaintiff, the Federal Trade Commission's (the "**FTC**"), motion for a preliminary injunction [DE 3] and supporting memorandum [DE 12].

As this Court is aware, to obtain a preliminary injunction, the FTC has the burden of, among other things, establishing a "likelihood of success on the merits." *FTC v. IAB Mktg. Assocs., LP*, 746 F.3d 1228, 1232 (11th Cir. 2014); *see also,* 15 U.S.C. § 53(b).

In the Opposition and at the preliminary injunction hearing conducted on April 16, 2019 (the "**Hearing**") [DE 76 and 131], Mr. Dorfman set forth extensive citations and argument as to why the FTC would not succeed on the merits in this proceeding. The Motion to Dismiss does not add any arguments that were not raised at the Hearing or in the Opposition. Rather, the Motion highlights Mr. Dorfman's previously asserted position that the FTC's case is fatally flawed and is unlikely to succeed on the merits as the Complaint must be dismissed. Specifically, the Motion to Dismiss highlights arguments previously raised to the Court, including: (i) the FTC's

1

impermissible practice of "lumping" defendants together in its complaint in violation of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure; (ii) the fact that the FTC failed to plead that it is entitled to its requested non-injunctive remedies in this proceeding, including disgorgement, restitution, rescission, and reformation; and (iii) the fact that the Court lacks subject matter jurisdiction over this proceeding due to the reverse preemption provision of the McCarran-Ferguson Act which divests Federal courts of jurisdiction to consider disputes relating to the business of insurance when those practices are regulated at the state level.

    **WHEREFORE**, Mr. Dorfman respectfully requests that the Court consider his Motion to Dismiss in determining whether the FTC has met its burden of establishing that it is likely to succeed on the merits in this proceeding and that a preliminary injunction should be entered

Dated: April 29, 2019                                    **DLA Piper LLP (US)**

                                                               */s/ Ryan D. O'Quinn*
                                                               Ryan D. O'Quinn (FBN 513857)
                                                               *ryan.oquinn@dlapiper.com*
                                                               Elan A. Gershoni (FBN 95969)
                                                               *elan.gershoni@dlapiper.com*
                                                               200 South Biscayne Boulevard
                                                               Suite 2500
                                                               Miami, Florida 33131
                                                               Telephone:  305.423.8553
                                                               Facsimile:   305.675.7885

                                                               *Counsel for Defendant*
                                                               *Steven Dorfman*

## CERTIFICATE OF SERVICE

      The undersigned certifies that he filed this pleading through the court's electronic filing system and that all parties requesting electronic notice of pleadings have been served with the pleading.

                                                  */s/ Ryan D. O'Quinn*
                                                  Ryan D. O'Quinn