UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**SIMPLE HEALTH PLANS LLC, et al.,**<br><br>Defendants. | **Case No.: 18-cv-62593-DPG** |

### DEFENDANT STEVEN DORFMAN'S RESPONSE IN OPPOSITION TO RECEIVER'S MOTION FOR AUTHORITY TO CANCEL CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES

Defendant, Steve Dorfman ("**Dorfman**"), through undersigned counsel, files this response in opposition to the *Motion for Authority to Cancel Certain Non-Residential Real Property Leases* (the "**Motion**") [DE 143] filed by the Receiver. In support of this response, Mr. Dorfman states:

Prior to entry of the *ex parte* temporary restraining order [DE 15], Mr. Dorfman and his corporate co-Defendants operated their businesses out of numerous offices which they leased from third parties. Specifically, the Defendants operated out of premises located at the following locations, identified in the Motion, which they leased: (i) 5720 LBJ Freeway, Suite 610, Dallas TX; (ii) 12005 Ford Road, Suite 800, Dallas, Texas; (iii) 5700 N.W.36th Street, Miami, FL; and (iv) 1769 Blount Road, Unit 109, Pompano Beach, FL (collectively, the "**Leases**").

The Receiver seeks to cancel the Leases because he claims that the Leases are "a burden to the estate" because they cause the estate to incur ongoing, unnecessary rent obligations. *See* Motion, p. 8-9. The Motion must be denied for at least two independent reasons: (i) the basis for the Receivership and the Receiver's authority are currently being examined by the Eleventh Circuit Court of Appeals; and (ii) it is premature for the Receiver to cancel Leases.

1

As Mr. Dorfman discussed extensively in his *Motion to Strike Temporary Restraining Order* [DE 79], *Memorandum in Opposition to a Preliminary Injunction* [DE 104], *Motion to Dismiss* [DE 134], and at virtually every hearing in this proceeding: (i) the FTC is not authorized to obtain legal monetary relief, including disgorgement and restitution, in this proceeding; and (ii) the FTC may not obtain an asset freeze or receivership to restrain the Defendants' assets for the benefit of the unavailable penal relief it seeks.[1]  These issues are currently being considered by the Eleventh Circuit Court of Appeals.[2]  In other words, the very foundation of the Receivership and Receiver's authority to take any action in this proceeding is in question.  If the appellate court grants Mr. Dorfman's appeal, it will effectively determine that the Receivership and asset freeze in this case should not have been entered.  Accordingly, the Receiver should not be authorized to cancel the Leases prior to final resolution of the appeal.

It is also premature for the Receiver to cancel the Leases because, although a Preliminary Injunction [DE 139] has been entered, Mr. Dorfman and his co-Defendants have not been found liable by a jury.  Prior to entry of a final judgment against the Defendants and favorable ruling for the FTC in the appeal, the Receiver should merely act to preserve the status quo.  Otherwise, should Mr. Dorfman prevail at trial or in the appeal challenging the Preliminary Injunction and associated asset freeze and Receivership, the Receiver's actions to cancel the Leases and liquidate any further assets will unjustifiably permanently prejudice Mr. Dorfman and his co-Defendants.  Specifically, if authorized, the Receiver's and FTC's proposed actions will deprive Mr. Dorfman and his co-Defendants of the assets (including the Leases) and infrastructure they may need to restart their

---

[1] For the sake of brevity and out of respect for the Court, Mr. Dorfman refers the Court and all parties to the identified pleadings for a comprehensive discussion on these points.
[2] *See FTC v. Dorfman*, Case No. 19-11932, 11th Cir.

operations once judgement is entered in their favor in this proceeding and/or the appellate courts determine that the Receivership, asset freeze, and injunction in this proceeding are inappropriate.

To the extent that the Receiver is concerned about unpaid estate liabilities, he may seek authority from the Court to use funds in the Defendants' bank accounts to satisfy those obligations. However, the Receiver's concern for the cost of maintaining the Receivership estate should not prime the necessity to preserve the integrity of the ecosystem of Leases and assets that the Defendants need to restart to their operations after they prevail in this and/or the appellate proceeding.

**WHEREFORE**, Mr. Dorfman respectfully requests an Order of the Court denying the Receiver's *Motion for Authority to Cancel Certain Non-Residential Real Property Leases* and for all further relief the Court deems just and proper.

Dated: June 5, 2019

**DLA Piper LLP (US)**

*/s/ Ryan D. O'Quinn*
Ryan D. O'Quinn (FBN 513857)
*ryan.oquinn@dlapiper.com*
Elan A. Gershoni (FBN 95969)
*elan.gershoni@dlapiper.com*
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone:  305.423.8553
Facsimile:   305.675.7885

*Counsel for Defendant
Steven Dorfman*

## CERTIFICATE OF SERVICE

The undersigned certifies that he filed this pleading through the court's electronic filing system and that all parties requesting electronic notice of pleadings have been served with the pleading.

*/s/ Ryan D. O'Quinn*
Ryan D. O'Quinn