UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

SIMPLE HEALTH PLANS, LLC, et al.,

    Defendants.
_____/

**RECEIVER'S REPLY TO DEFENDANT STEVEN DORFMAN'S RESPONSE IN OPPOSITION TO MOTION FOR AUTHORITY TO CANCEL CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES**

Michael I. Goldberg, as court-appointed receiver (the "Receiver") over defendants Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, Senior Benefits One LLC, and their subsidiaries, affiliates, successors and assigns (each, a "Receivership Entity" and collectively, the "Receivership Entities") hereby replies to Defendant Steven Dorfman's Response in Opposition to Motion for Authority to Cancel Certain Non-Residential Real Property Leases, and states as follows:

**Preliminary Statement**

The Receivership Entities are no longer in business. HII, an entity vital to the Receivership Entities financial existence, terminated all contacts with the Receivership Entities immediately after the commencement of the receivership thereby causing the business to cease. The premises the Receivership Entities leased prior to the receivership from which they conducted their fraud sit vacant as the potential obligations associated with these leases continue

49087158;1

to accrue.[1]  Every dollar the Receiver ultimately may have to pay to the landlords is a dollar that will be taken directly out of the pockets of the Defendants' victims.  Yet, as is consistent with his prior attitude, Dorfman only cares about himself and does not care about the potential harm he may cause his victims.  Instead, he urges the Court to direct the Receiver to take funds that would otherwise be available to compensate victims and use those funds to pay landlords in order to keep the leases alive in the unlikely event he ultimately prevails in this case.  Dorfman's position should be rejected because it is more likely than not to waste receivership assets further harming his victims.

## Memorandum

"[I]n circumstances of egregious fraud where the interests of public investors are in substantial jeopardy, it has been recognized that the appointment of a receiver is necessary to prevent diversion or waste of assets to the detriment of those for whose benefit, in some measure, the injunction action is brought."  *SEC v. R.J. Allen & Associates, Inc.*, 386 F.Supp. 866 878 (S.D.Fla. 1974).  Although this case deals with victims of a fraudulent scheme to sell health insurance policies as opposed to securities fraud, the concept is the same—this case was instituted, in large part, to prevent the wasting of assets for the benefit of the victims of the Defendants' fraud.  Based on this fundamental purpose of receivership law, the Receiver is focused on maximizing the receivership estate's limited assets so that as much money as possible will be available to compensate the Defendants' victims.  Allowing the Receiver to promptly terminate the leases and not unnecessarily continue to incur large monthly rent expense achieves this goal.

---

[1]  As set forth in greater detail in the original motion, the Pompano facility is just a storage facility that contained worthless property, and Dorfman allowed his former facilities supervisor to store his personal belongings at the warehouse.  Also, the leases for the Dallas properties were abandoned in September 2018 and October 2018, prior to the commencement of the receivership.

It is the Receiver's business judgement that the leases should be terminated immediately to prevent the continued waste of estate assets—namely cash in the Receiver's bank account that could otherwise ultimately be used to satisfy victims' claims. The Court has wide discretion to grant the Receiver's motion to terminate the wasteful leases.[2]  See, *SEC v. Elliot*, 953 F.2d 1560, 1566 (11th Cir. 1992) ("The district court has broad powers and wide discretion to determine relief in an equity receivership."). This discretion derives from the inherent powers of an equity court to fashion relief. *Id*. In the case of *FTC v. Life Management Services, et al*, Case No. 6:16-cv-982-Orl-41TBS (M.D. Fla. July 14, 2016)(D.E. 100), the court, in direct reliance on *Elliot*, permitted the receiver to sell a yacht subsequent to the entry of the preliminary injunction (and prior to the entry of a permanent injunction) based on the receiver's business judgment that it was necessary to prevent the waste of assets.[3]  In the *Life Management Services* case, the court stated, "[t]he district court has broad powers and wide discretion to determine relief in an equity receivership. This includes the power to permit a receiver to sell property where appropriate to protect the receivership estate." *Life Management Services* at p. 4.

The Life Management court further stated, "[t]he Receiver contends, and [the defendant] has not disputed, that the yacht is property of the receivership estate. Accordingly, the Court may authorize the sale. Whether the yacht should be sold now, as well as the method and terms of the sale are matters of business judgment. . . . After due consideration I find the sale of the yacht at this time to be consistent with the goal of marshalling assets for the victims of the schemes alleged in Plaintiff's complaint." Id. at p. 5. Similarly in this case, the leasehold interests the Receiver seeks to terminate are assets of the receivership estate and in the Receiver's

---

[2] Moreover, the Preliminary Injunction authorizes the Receiver to enter into and cancel contracts and purchase insurance as advisable or necessary. See D.E. 139 at page 36.
[3] This discussion was contained in the Magistrates Report and Recommendation, which was ultimately adopted by the District Court at D.E 108.

business judgment they should be terminated to prevent the waste of receivership assets that are more appropriately used to compensate victims.

WHEREFORE, the Receiver respectfully requests the Court to grant the Motion for Authority to Cancel Certain Non-Residential Real Property Leases and grant such other relief as is just and proper.

Dated: June 5, 2019                     Respectfully submitted,


                                        /s/ Joan Levit
                                        Joan Levit, Esq.
                                        Florida Bar Number:  987530
                                        Email:  joan.levit@akerman.com
                                        *Counsel for Receiver*

                                        Michael I. Goldberg, Esq.
                                        Florida Bar Number:  886602
                                        Email:  michael.goldberg@akerman.com
                                        *Court-appointed Receiver*

                                        AKERMAN LLP
                                        Las Olas Centre II, Suite 1600
                                        350 East Las Olas Boulevard
                                        Fort Lauderdale, FL  33301-2999
                                        Phone:  (954) 463-2700
                                        Fax:  (954) 463-2224

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this June 5, 2019 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case as indicated on the attached Service List.

By: */s/* Joan M. Levit
Joan M. Levit, Esq.

49087158;1

## SERVICE LIST

**Counsel for Plaintiff Federal Trade Commission**

**Elizabeth C. Scott**
US Federal Trade Commission
Midwest Region
230 S. Dearborn St., Ste 3030
Chicago, IL 60604
Email: escott@ftc.gov

**James Davis**
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603
312-960-5611
Email: jdavis@ftc.gov

**Joannie Wei**
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, IL 60603
(312) 960-5607
Email: jwei@ftc.gov

**Counsel for Court Appointed Receiver**

**Naim Surgeon**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
305-982-5679
305-374-5095 (fax)
naim.surgeon@akerman.com

**Gera R. Peoples**
Akerman LLP
350 East Las Olas Blvd, Suite 1600
Fort Lauderdale, FL 33301
954-331-4125
gera.peoples@akerman.com

**Counsel for Defendant Steven J. Dorfman**

**Ryan Dwight O'Quinn**
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
305-423-8553
Fax: 305-675-0807
Email: ryan.oquinn@dlapiper.com

**Elan Abraham Gershoni**
DLA Piper LLP (US)
200 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131
305.423.8500
Fax: 305.675.0527
Email: Elan.Gershoni@dlapiper.com

**Court Appointed Receiver**

**Michael Ira Goldberg**
Akerman LLP
Las Olas Centre
350 E Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301-0006
954-463-2700
463-2224 (fax)
michael.goldberg@akerman.com

49087158;1