UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cv-62593-GAYLES

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, a Florida limited
liability company, et al.,

    Defendants.

## ORDER AUTHORIZING NOTIFICATION TO EXISTING CUSTOMERS

THIS MATTER came before the Court on Plaintiff, the Federal Trade Commission's ("FTC") Expedited Motion Authorizing Notification of Existing Customers About Deceptively Sold Plans and Opportunity to Obtain Comprehensive Health Insurance ("Motion") [ECF No. 144]. The Court, having considered the Motion and the record and finding good cause, grants the FTC's Motion and ORDERS as follows:

### FINDINGS

A.    There is good cause to believe that Defendants have deceptively marketed and sold limited indemnity plans and non-insurance products such as medical discount or wellness plans (collectively, "Products") as comprehensive health insurance or its equivalent to thousands of consumers over the last five years and that these acts or practices violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310. There is good cause to believe Defendants systematically misrepresented to consumers that the Products were health insurance plans that would provide expansive coverage for all of their medical needs

and result in low out-of-pocket costs, when in fact Defendants' Products did not provide this type of coverage.

B.      Consumers who were deceptively sold Products by Defendants were billed by, and made monthly payments to, Health Insurance Innovations, Inc. ("HII"), the third party administrator for the Products, which is not a defendant in this action.  Tens of thousands of consumers who purchased Products from Defendants prior to the filing of this case currently are still being charged on a monthly basis by HII for products provided by independent carriers (collectively, "Existing Customers") that were represented by Defendants to be comprehensive health insurance.

C.      There is good cause to believe that due to Defendants' deceptive sales practices, many Existing Customers still believe that they purchased comprehensive health insurance or its equivalent from Defendants and do not know the true nature of the Products for which they are being charged.  As a result, there is good cause to believe that Existing Customers are at significant risk of incurring substantial medical debt, being unable to obtain necessary medical treatment due to the lack of coverage, or being charged on an ongoing basis for the Products without knowing their true nature. Consumers should be provided with an opportunity to make an informed decision about whether they would like to continue paying for and receiving the Products.

D.      Good cause exists for the entry of this Order requiring that all Existing Customers be provided with: 1) notice that the Products they purchased from Defendants are not comprehensive health insurance or its equivalent; 2) accurate information about the Products purchased and the limited coverage offered by such Products; 3) a simple mechanism to opt-in to continue paying for and receiving the Products; 4) notice that the consumers are eligible for a special enrollment period offered by the Center for Medicare and Medicaid Services, during which

they can apply for comprehensive health insurance plans through the government-sponsored marketplace; and 5) instructions for how to access the special enrollment period to apply for a plan.

## ORDER

**IT IS THEREFORE ORDERED** that:

E.The Permanent Receiver appointed by the Court, Michael Goldberg ("Receiver") [ECF No. 139, at 23-24], shall oversee the process of providing the notice to Existing Customers required by this Order, and shall have the authority to take all steps he deems necessary and appropriate for his oversight of the notice process described within.

F.So that the Receiver may oversee the preparation of the Consumer Notices described in Paragraph G below, within seven days after entry of this Order, HII shall securely provide the Receiver with the names and the contact information (mailing address, email address, and any telephone numbers) for every Existing Customer and the Product(s) for which the Existing Customer is paying HII. The Receiver shall have the authority to securely provide the names and contact information for Existing Customers to the Center for Medicare and Medicaid Services for purposes of providing Existing Customers with the special enrollment period referenced in Paragraph D.

G.The process of providing notice to Existing Customers shall be conducted in two phases, as follows ("Notice Process"):

   1. Within five days after entry of this Order and under the direction of the Receiver, HII shall send the first consumer notice to all Existing Customers by email and U.S. Mail, using the template attached hereto as **Consumer Notice**,

    or a substantially similar template that has been approved by the Receiver, provided that such template includes the information required in Paragraph D.

  2. Fourteen days from the date the first Consumer Notice is sent to Existing Customers, under the direction of the Receiver, HII shall send the second consumer notice to all Existing Customers by email and U.S. Mail, using the template attached hereto as **Consumer Notice**, or a substantially similar template that has been approved by the Receiver, provided that such template includes the information required in Paragraph D.

H. HII shall escrow an amount equal to all payments made by Existing Customers and received by HII after the entry of this Order until the Notice Process is complete to preserve the funds for refunds to Existing Customers who cancel their limited plans, except as provided in Paragraph J below. On a monthly basis until all refunds have been paid pursuant to Paragraph J, HII shall provide a written report to the Receiver on the amount that has been escrowed under this Paragraph.

I. At the conclusion of the Notice Process, on the date specified in the Consumer Notices, under the direction of the Receiver, HII shall stop remitting payments to the insurance carriers for all Existing Customers who have cancelled those plans.

J. HII shall issue refunds to all consumers for any payments made to HII that it received after entry of the Order, including to consumers who have filed claims on the Products in the past or have pending claims based on occurrences that took place prior to the entry of this Order, as follows:

  1. For consumers who affirmatively cancel the Products prior to the conclusion of the Notice Process, HII shall issue any refunds due to those

        consumers immediately and need not escrow the consumers' payments as required by Paragraph H; and

    2.    For consumers who file a claim during the Notice Process based on occurrences that took place during the Notice Process, HII, in consultation with the Receiver, shall make a case specific determination whether to issue a refund to such consumers.

K.    For Existing Customers who maintain their plans, HII shall continue to service their accounts uninterrupted.

L.    HII and the Receiver shall track and maintain a record of the results of the Notice Process.

M.    HII and the Receiver shall preserve all documents and electronically stored information relating to the notice process required by this Order, including, but not limited to, all communications with Existing Customers and all records related to the results of the Notice Process referenced in Paragraph G above, until the conclusion of this litigation, and shall provide copies of such records to any of the parties within five business days of receipt of a written request.

N.    HII shall continue to fully cooperate with and assist the Receiver in connection with the Receiver's performance of his duties pursuant to this Order.

**DONE AND ORDERED in Chambers at Miami, Florida, this Thursday, June 13, 2019.**

                                                                DARRIN P. GAYLES
                                                                UNITED STATES DISTRICT JUDGE

## I. CONSUMER NOTICE TO SIMPLE HEALTH CUSTOMERS

**EMAIL SUBJECT LINE:** Important Notice: Your Healthcare Plans May Have Been Sold Deceptively. Decision Required

**TEXT:**

You're getting this message because you bought a healthcare plan from Simple Health Plans. The Federal Trade Commission (FTC), the nation's consumer protection agency, has sued Simple Health for deceiving its customers.

Simple Health claimed to offer comprehensive health insurance or PPOs that would cover many of your medical needs. But Simple Health sold only medical discount memberships, limited benefit plans, and other products that provide a small reimbursement or discount for a few services.

**That means your Simple Health Plan is not comprehensive health insurance. If you get sick or have to go to the hospital, you may have to pay almost all of your medical bills.**

Because of the lawsuit, you have two decisions to make soon.

### DECISION #1:  What to do about your Simple Health Plan

You can:

1. **Cancel your plan.**  Call [number] or visit [URL] to cancel your plan. Health Insurance Innovations (HII), the company that bills you monthly, will stop charging you immediately.

2. **Continue paying for your plan.**  If you don't call [number] or visit [URL] by [date certain], we will assume you choose to continue your plan. **But remember that what you're paying for is not comprehensive health insurance. If you get sick or have to go to the hospital, you may have to pay almost all of the bills yourself.**

### DECISION #2:  Whether to apply for comprehensive healthcare coverage

**You may still be able to buy a health insurance plan through the federal Marketplace, www.healthcare.gov. The open enrollment period is over, but the Department of Health and Human Services is providing an exception for people who receive this notice. To apply for coverage through the Marketplace, you must take these steps by [date certain – 60 days from date notice is sent]:**

- Visit www.healthcare.gov to create an account and fill out an application to see if you are eligible to purchase Marketplace coverage.

- If you are eligible to purchase a Marketplace plan, call the Marketplace Call Center at **1-800-318-2596** (TTY: 1-855-889-4325). Tell the representative you were a Simple Health customer who bought a plan based on its representations that you were purchasing a comprehensive plan. You can mention the FTC case against Simple Health. The representative will help you enroll using a special enrollment period.

- In the event your eligibility for a special enrollment period cannot be verified at the time of your call, the representative will submit a special enrollment period request for you, which will take up to two weeks to be reviewed. You will get a letter in the mail saying if your request has been approved. If it's approved, choose a plan by visiting www.healthcare.gov or calling the Marketplace Call Center at 1-800-318-2596. **The deadline for Simple Health customers to get coverage through the Marketplace is [date certain – 60 days from date notice sent,] so you must act soon.** If you have questions, call the Marketplace Call Center.

- If you live in CA, CO, CT, DC, ID, MA, MD, MN, NY, RI, VT, or WA, your state operates its own marketplace exchange. Contact your State Exchange directly for help with your application: [insert state exchange phone numbers]

For more information about the FTC's lawsuit against Simple Health, visit: ftc.gov/simplehealthlawsuit.

Sincerely,

Name
affiliation