UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

        Plaintiff,

  vs.

SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,

        Defendants.

**Case No.: 18-cv-62593-DPG**

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT STEVEN DORFMAN'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION**

**I.    Introduction**

Decades-long Eleventh Circuit precedent holds that a court's "equitable powers may be employed to issue a preliminary injunction, including a freeze of assets, during the pendency of an action for permanent injunctive relief" brought by the FTC pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. §53(b). *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434 (11th Cir. 1984). Despite this crystal clear law in the Eleventh Circuit, Defendant Steven Dorfman ("Dorfman") has filed a motion to dissolve the preliminary injunction that the Court entered last month, taking his now familiar position that the Court should simply ignore settled law in favor of what Dorfman believes the law should be.[1] As before, Dorfman attempts to muddy perfectly clear Eleventh Circuit law either by mis-stating the law or ignoring the portions that do not support his position. Here, Dorfman's entire argument is based on his claim that the first proviso of Section 13(b) of the FTC Act requires the FTC to file an administrative action

---

[1] In addition to this motion to dissolve, Dorfman has argued in at least five other briefs that this Court should disregard binding Eleventh Circuit law. (*See* D.E. 79, 94, 104, 134, and 145). He also raised the same issue in two additional hearings related to other motions (*see* Transcript of 12/6/18 hearing at pp. 3-8, 13 and Transcript of 1/16/19 hearing at 4-5, 10-13).

1

within 20 days of obtaining the preliminary injunction. In so arguing, he completely disregards the remainder of Section 13(b) as well as binding Eleventh Circuit law allowing the FTC to seek, and courts to enter, a preliminary injunction and other equitable relief ancillary to an FTC action seeking a permanent injunction—without the need for a separate administrative action.

In addition to mis-stating the law, Dorfman, as he has throughout this litigation, shows a galling disregard for judicial resources in filing his motion to dissolve the preliminary injunction while his appeal of the same preliminary injunction is currently pending in the Eleventh Circuit.[2] Dorfman complains that the FTC is somehow trying to deprive him of his due process rights by not proceeding with an administrative action against him. In fact, for the last six months, this Court has entertained Dorfman's serial motions about the relief granted in this case before giving him the opportunity to oppose the FTC's evidence at a daylong evidentiary hearing. He lost. He has filed an appeal of the Court's preliminary injunction. No one is denying him due process, and this Court should reject his latest attempt to re-litigate the preliminary injunction.

**II.     Argument**

Unambiguous, binding Eleventh Circuit precedent holds that the FTC may obtain preliminary injunctive relief while pursuing a permanent injunction in a federal district court action brought pursuant to Section 13(b) of the FTC Act. In *U.S. Oil & Gas Corp.*, the Eleventh Circuit case directly on point, the defendant unsuccessfully made the precise argument Dorfman now reprises. The defendant argued that the preliminary injunction should be dissolved because the FTC had not filed an administrative complaint within 20 days after entry of the injunction based on the first proviso of Section 13(b) of the FTC Act. 748 F.2d at 1433-34. The Eleventh

---

[2]  Just prior to filing this motion to dissolve the preliminary injunction, Dorfman filed with the Eleventh Circuit an "emergency" motion to stay the proceedings pending his appeal. Thus, Dorfman was simultaneously arguing to the Eleventh Circuit that this Court was divested of jurisdiction over this matter, while at the same time asking this Court to exercise jurisdiction and to dissolve the preliminary injunction. The Eleventh Circuit denied Dorfman's motion to stay on June 11.

Circuit dismissed the defendant's argument out of hand, holding that the second proviso to Section 13(b) contemplates the entry of a permanent injunction and that the "preliminary injunction issued here was founded on the Court's equitable powers to provide relief ancillary to the Commission's complaint for permanent injunction." *Id*. at 1434-35.  These equitable powers have been reaffirmed by the Eleventh Circuit numerous times over the last several decades.  *See, e.g.*, *FTC v. Gem Merch. Corp.*, 87 F.3d 466, 468 (11th Cir. 1996) ("Section 13(b) of the Federal Trade Commission Act authorizes the FTC to seek, and the district courts to grant, preliminary and permanent injunctions against practices that violate any of the laws enforced by the Commission"); *FTC v. IAB Mktg. Assocs., LP*, 746 F.3d 1228 (11th Cir. 2014) (affirming entry of preliminary injunction); *FTC v. Wash. Data Res.*, 704 F.3d 1323 (11th Cir. 2013) (same).

In arguing that the Court should somehow depart from this longstanding and binding precedent, Dorfman attempts to confuse the issue by citing irrelevant case law that does not overrule or undermine the above cases.  In urging the Court to ignore *U.S. Oil & Gas Corp.*, Dorfman cites *U.S. v. JS & A Group, Inc.*, 716 F.2d 451 (7th Cir. 1983), *U.S. v. National Dynamics Corp.*, 525 F. Supp. 380 (S.D.N.Y. 1981), and *FTC v. Shire ViroPharma Inc.*, Case No. 17-131, 2018 WL 1401329 at *1 (D. Del. March 20, 2018), none of which support his argument.  First, none of these cases is binding precedent in this circuit.  Second, Dorfman neglects to point out that the Eleventh Circuit already considered the first two cases in *U.S. Oil & Gas Corp.* and specifically found that they were "not persuasive authority" because "preliminary relief was not at issue" in either.  748 F.2d at 1434.[3]  Similarly, the FTC did not seek a

---

[3]  Even if these cases were relevant to the inquiry, Dorfman of course only cites to the courts' discussions of the first proviso of Section 13(b), when in fact the discussions in both cases relating to the second proviso of 13(b) support the FTC's authority to seek a permanent injunction without initiating an administrative proceeding.  *See JS & A Group, Inc.*, 716 F.2d at 457 ("[S]ection 13(b) of the FTC Act authorizes the Commission to seek . . . and the court to grant . . . permanent injunctive relief, irrespective of whether a Commission proceeding regarding the alleged violations is pending or contemplated");

3

preliminary injunction in *ViroPharma*, rendering it inapposite to the question of the appropriateness of the Court's preliminary injunction in this case.  2018 WL 1401329 at *1.

Dorfman also is wrong that *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946), a case cited by the Eleventh Circuit in support of its holding in *U.S. Oil & Gas Corp.*, was reversed by *Meghrig v. KFC Western, Inc.*, 516 U.S. 479 (1996).  It was not.  Just four years ago, the Court cited Porter for the principle that "[w]hen federal law is at issue and the public interest is involved, a federal court's equitable powers assume an even broader and more flexible character than when only a private controversy is at stake," including the power to "accord full justice" to all parties.  *Kansas v. Nebraska*, 135 S. Ct. 1042, 1053 (2015) (cleaned up).  Moreover, less than four months after the *Meghrig* opinion was issued, the Eleventh Circuit relied on *Porter* in *FTC v. Gem Merchandising*, 87 F.3d 466 (11th Cir. 1996).  In fact, the Eleventh Circuit cited *Porter* just last year on the question of the scope of a court's equitable powers under a statute.  *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1152 (11th Cir. 2018).

Dorfman would prefer that the Court take his view of statutory construction over that of the Eleventh Circuit.  As such, he again engages in machinations and mental gymnastics to support his position, all of which are directly contradicted by the binding precedent.  Eleventh Circuit law firmly establishes that the Court had the authority to enter the preliminary injunction and that the order may remain in place without the initiation of an administrative proceeding against Dorfman.

---

*National Dynamics Corp.*, 525 F. Supp. at 381 ("The district court has jurisdiction permanently to enjoin violations of the Act, whether or not the Commission has initiated, or is about to initiate, an administrative proceeding with respect to the alleged violations").

### III.     Conclusion

For the reasons discussed above, the FTC requests that the Court deny Dorfman's Motion to Dissolve the Preliminary Injunction.

Dated:  June 17, 2019						Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

*/s/Elizabeth C. Scott*
ELIZABETH C. SCOTT, Special Bar No. A5501502
escott@ftc.gov; (312) 960-5609
JAMES H. DAVIS, Special Bar No. A5502004
jdavis@ftc.gov; (312) 960-5611
JOANNIE WEI, Special Bar No. A5502492
jwei@ftc.gov; (312) 960- 5607

Federal Trade Commission
230 S. Dearborn Street, Suite 3030
Chicago, Illinois  60604
Telephone:  (312) 960-5634
Facsimile: (312) 960-5600

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this June 17, 2019, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

*/s/ Elizabeth C. Scott*
Elizabeth C. Scott (SBA # A5501502)