UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

SIMPLE HEALTH PLANS, LLC, et al.,

    Defendants.

_____/

**RECEIVER'S RESPONSE TO DEFENDANT STEVEN DORFMAN'S EXPEDITED MOTION TO CLARIFY MR. DORFMAN'S ENTITLEMENT TO MONTHLY ALLOWANCE AND RECEIVER'S OBLIGATION TO INSTRUCT WELLS FARGO BANK TO RELEASE MONTHLY ALLOWANCE TO MR. DORFMAN**

Michael I. Goldberg, as court-appointed receiver (the "Receiver") over defendants Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, Senior Benefits One LLC, and their subsidiaries, affiliates, successors and assigns (each, a "Receivership Entity" and collectively, the "Receivership Entities"), hereby files this response to Defendant, Steven Dorfman's Expedited Motion to Clarify Mr. Dorfman's Entitlement to Monthly Allowance and Receiver's Obligation to Instruct Wells Fargo Bank to Release Monthly Allowance to Mr. Dorfman (the "Clarification Motion")[D.E. 164], and states as follows:

**Preliminary Statement**

Steven Dorfman ("Dorfman") asks the Court to clarify its prior order to require the Receiver to continue paying him $5,000 per month in living expenses. In support of this request, Dorfman relies, in large part, on the Court's Amended Order on Defendant Steven Dorfman's Emergency Motion to Modify Asset Freeze to Pay Reasonable Living Expenses and Attorney's

49233787;1

Fees (the "Amended Order") [D.E. 51]. In light of significant developments subsequent to the entry of the Amended Order, the Receiver agrees with Dorfman that a clarification of the Amended Order is needed.

The Court previously modified the Temporary Restraining Order ("TRO") to pay Dorfman his living expenses in the amount of $5,000 per month. However, a lot has changed since the time the Court previously agreed that Dorfman should receive living expenses. First, the TRO, which the Court previously modified to permit payment of Dorfman's living expenses, no longer exists. Rather, the TRO has been replaced by a preliminary injunction which was entered after an evidentiary hearing in which the Court concluded that the FTC was likely to succeed on its claims that Dorfman defrauded thousands of victims out of tens of millions of dollars. Second, six months has passed since the Court entered the Amended Order. Nothing prevents Mr. Dorfman or his wife from working. Clearly, Mr. Dorfman should have been able to have found a job to support himself during this time. These facts are significant changes since the last time the Court considered the issue and dictate that Dorfman should no longer receive a monthly stipend out of the funds that should rightly be preserved for the benefit of his victims.

## Background

The FTC commenced this case on October 29, 2018. On October 31, 2018, after considering the FTC's filing, the Court entered a TRO with an asset freeze thereby freezing Dorfman's assets. On December 3, 2018, Dorfman filed a motion to modify the TRO to pay his living expenses. [D.E. 41]. On December 6, 2018, the Court entered an order directing the Receiver to pay Dorfman $5,000 per month [D.E. 48]. On December 20, 2018, the Court entered the Amended Order providing for the payment to Dorfman of $5,000 per month in living expenses and $75,000 in attorneys' fees. [D.E. 51].

49233787;1

As required by the TRO, Dorfman submitted a sworn financial statement indicating that, in addition to funds in his and his companies' bank accounts, he and his wife collectively had nearly than $170,000 in liquid funds. Specifically, Dorfman disclosed that he had over $40,000 in cash and his wife disclosed that she had $85,100 in cash and $43,199.20 in her bank accounts. Dorfman's wife's assets are not frozen and can readily be accessed to pay for their rent, health insurance, food and transportation. Moreover, nothing in the asset freeze or the Court's orders prohibits Dorfman or his wife from working. The Receiver submits that the idea behind living expenses is not to provide a defendant whose assets are frozen with an unlimited paid vacation, but rather to serve as temporary relief to enable the defendant to recover from the abrupt freezing of his assets and obtain an alternative way to support himself. Dorfman has now had seven months to find a job. Therefore, between his wife's unfrozen assets and their ability to work and generate income the two of them should easily be able to pay their living expenses and not continue to live off of his victims' backs.

Additionally, unlike the last time where the Court considered the issue prior to Dorfman being afforded an opportunity to be heard, the Court has now held an evidentiary hearing and entered a preliminary injunction finding that the FTC is likely to succeed on its claims. This is a significant factual difference warranting clarification of the Amended Order.

Finally, there is little doubt that the receivership estate will not have sufficient funds to satisfy the victims' claims in full. Therefore, every dollar the receivership estate pays to fund Dorfman's living expenses is a dollar taken from the pool of funds potentially available to satisfy Dorfman's victims' claims. The Receiver believe these facts warrant that the Court use its discretion to deny Dorfman any more living expenses.

Courts have the discretion to unfreeze assets to pay for living expenses or attorney's fees. *FTC v. IAB Mktg. Assocs.*, 972 F.Supp. 2d 1307, 1313 (S.D. Fla. 2013). One purpose of the asset freeze is to ensure that funds are available to provide consumers redress and deprive wrongdoers of their ill-gotten gains. *Id.* When frozen funds will not be enough to satisfy the Defendants' potential monetary liability, it is appropriate to preserve the assets for the victims. *Id.* at 1314. See, also, *FTC v. World Patent Mktg.*, No. 17-cv-20848, 2017 WL 3508639, at *16 (S.D. Fla. Aug. 16, 2017)(Gayles, D.)("The vast disparity between Defendants' substantial ill-gotten gains and the meager value of the frozen assets supports maintaining the asset freeze."); *FTC v. Lanier Law, LLC*, No. 3:14-cv-786, 2015 WL 9302786, at *3 (M.D. Fla. Dec. 22, 2015)(denying release of funds to obtain legal counsel because frozen funds fell far short of potential liability). The Receiver is confident that this receivership estate will not generate sufficient funds to satisfy all victims' claims in full. Therefore, the Court should use its discretion to deny Dorfman any additional living expenses.

Alternatively, if the Court is inclined to continue to pay Mr. Dorfman's living expenses, the Receiver respectfully suggests that the term of such payment should not be open ended and that the Court should only permit such payments through October 31, 2019—which is one year from the date of the commencement of the receivership and is more than a reasonable amount of time for Dorfman to obtain a job to support himself.

WHEREFORE, the Receiver respectfully requests the Court to deny Steven Dorfman's any further living expenses and grant such other relief as is just and proper.

Dated: June 19, 2019                           Respectfully submitted,


  /s/ *Michael I. Goldberg*
Naim Surgeon, Esq
Florida Bar Number:  101682
Email: naim.surgeon@akerman.com
*Counsel for Receiver*

Michael I. Goldberg, Esq.
Florida Bar Number:  886602
Email:  michael.goldberg@akerman.com
*Court-appointed Receiver*

AKERMAN LLP
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2999
Phone:  (954) 463-2700
Fax:  (954) 463-2224

49233787;1

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this June 19, 2019 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case as indicated on the attached Service List.

By: */s/ Naim S. Surgeon*
Naim S. Surgeon, Esq.

**SERVICE LIST**

**Counsel for Plaintiff Federal Trade Commission**

**Elizabeth C. Scott**
US Federal Trade Commission
Midwest Region
230 S. Dearborn St., Ste 3030
Chicago, IL 60604
Email: escott@ftc.gov

**James Davis**
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603
312-960-5611
Email: jdavis@ftc.gov

**Joannie Wei**
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, IL 60603
(312) 960-5607
Email: jwei@ftc.gov

**Counsel for Court Appointed Receiver**

**Naim Surgeon**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
305-982-5679
305-374-5095 (fax)
naim.surgeon@akerman.com

**Gera R. Peoples**
Akerman LLP
350 East Las Olas Blvd, Suite 1600
Fort Lauderdale, FL 33301
954-331-4125
gera.peoples@akerman.com

**Counsel for Defendant Steven J. Dorfman**

**Ryan Dwight O'Quinn**
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
305-423-8553
Fax: 305-675-0807
Email: ryan.oquinn@dlapiper.com

**Elan Abraham Gershoni**
DLA Piper LLP (US)
200 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131
305.423.8500
Fax: 305.675.0527
Email: Elan.Gershoni@dlapiper.com

**Court Appointed Receiver**

**Michael Ira Goldberg**
Akerman LLP
Las Olas Centre
350 E Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301-0006
954-463-2700
463-2224 (fax)
michael.goldberg@akerman.com

49233787;1