# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

     Plaintiff,

vs.

SIMPLE HEALTH PLANS, LLC, et al.,

     Defendants.

_____/

### RECEIVER'S MOTION FOR AUTHORITY (I) TO CANCEL NON-RESIDENTIAL REAL PROPERTY LEASE AT OAKWOOD BUSINESS CENTER IN HOLLYWOOD, FLORIDA EFFECTIVE AS OF AUGUST 1, 2019 OR UPON COMPLETION OF AUCTION OF PERSONAL PROPERTY, WHICHEVER IS LATER AND (II) TO AUCTION PERSONAL PROPERTY AND ABANDON REMAINING ITEMS

Michael I. Goldberg, as court-appointed receiver (the "Receiver") over defendants Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, Senior Benefits One LLC, and their subsidiaries, affiliates, successors and assigns (each, a "Receivership Entity" and collectively, the "Receivership Entities") hereby moves this Court for entry of an Order authorizing the Receiver to (i) to cancel the non-residential real property lease at Oakwood Business Center in Hollywood, Florida effective as of August 1, 2019 or upon completion of the auction of the personal property, whichever is later and (ii) to conduct an auction of the personal property and abandon the remaining items.[1] In support of this motion, the Receiver states as follows:

---

[1] In the event Defendant, Steven Dorfman, wants the personal property abandoned after the conclusion of the auction, he should make arrangements with the Receiver to remove the items after the conclusion of the auction and prior to August 1, 2019.

## FACTUAL BACKGROUND

**A.     The Receivership**

1.      On October 29, 2018, the Federal Trade Commission (the "FTC") filed a Complaint in the United States District Court for the Southern District of Florida against the Receivership Entities and Steven Dorfman ("Dorfman") (Dorfman and the Receivership Entities are collectively referred to as, the "Defendants"), under Section 13(b) of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 53(b) and the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, alleging the Defendants violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) and the FTC's Telemarketing Sales Rule, 16 C.FR Part 310, as amended [ECF No. 1].

2.      On the same date, the FTC filed an *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, along with a Memorandum in Support of the Motion for TRO [ECF No. 3].

3.      On October 31, 2018, this Court entered an *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "TRO"), which, among other things, appointed the Receiver over the Receivership Entities with full powers of an equity receiver [ECF No. 15].

4.      The Court entered orders continuing the TRO on multiple occasions upon request of one or more of the parties.  On May 14, 2019, after the Court held an evidentiary show cause hearing on the FTC's request for preliminary injunctive relief, the Court entered a Preliminary

49209833;4

Injunction [ECF No. 139] extending the asset freeze and appointing Mr. Goldberg as permanent receiver over the Receivership Entities.[2]

5.      Pursuant to the Preliminary Injunction, the Receiver is directed and authorized to assume full control of the Receivership Entities; take excusive custody, control and possession of all assets and documents of or in the possession, custody or under the control of any Receivership Entity, including assets the Receiver has a reasonable basis to believe were purchased using funds from any Receivership Entity's corporate accounts.  *See* Preliminary Injunction at page 33.

6.      Moreover, the Preliminary Injunction authorizes the Receiver to enter into and cancel contracts and purchase insurance as advisable or necessary.  *See* Preliminary Injunction at page 36.

7.      As of the date of the Receiver's appointment as receiver, one or more the Receivership Entities were parties to commercial real property leases located in Texas and Florida.  After the entry of the Preliminary Injunction, the Receiver filed a motion [ECF No. 143] requesting the Court authorize the cancelation of the leases for the premises located at 5720 LBJ Freeway, Suite 610 and 12005 Ford Road, in Dallas, Texas; 8400 N.W. 36th Street, Miami, Florida; and 1769 Blount Road, Unit 109, Pompano Beach, Florida.  On June 11, 2019, the Court entered an Order [ECF No. 161] authorizing the Receiver to cancel those Leases.

**A.      The Leased Premises**

8.      On November 10, 2014, Oakwood Business Center Limited Partnership, as landlord (the "Landlord") entered into a Shopping Center Lease with Receivership Entity Senior

---

[2] In the Preliminary Injunction, the court defines the Receivership Entities as "the Corporate Defendants as well as any other entity that has conducted any business related to Defendants' advertising, marketing, promoting, offering for sale, or sale of limited benefit plans and medical discount memberships, including by transferring, commingling, or receiving Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant." *See* ECF No. 139 at fn. 17.

49209833;4

Benefits One, LLC, as tenant, for use of approximately 16,070 square feet of office space located at the Oakwood Business Center at 2 Oakwood Boulevard, Suite 100, Hollywood, Florida (the "Hollywood Premises"). The lease term was for ten years from the date of commencement of payment of rent, with two five-year options for renewal. The monthly Base Rent[3] commenced at $14,931.71, with increases to the Base Rent scheduled to take place every-other year. The Shopping Center Lease listed Dorfman as the guarantor of the lease obligations.

9.      On April 21, 2016, the Landlord and Senior Benefits One entered into a First Amendment to Lease (collectively with the Shopping Center Lease, the "Lease"), whereby the parties agreed to add an adjacent property, representing an additional approximately 1,165 square feet to the leased premises used by the Receivership Entities. The term of the Lease was extended to August 31, 2025. Pursuant to the Lease, the current monthly base rent is $19,006.01.

10.     The Receiver seeks to cancel the Lease and return the Hollywood Premises to the Landlord upon completion of certain events described herein.

11.     Prior to the Receiver's appointment, Dorfman operated the corporate offices of the Receivership Entities and a call center at the Hollywood Premises. Corporate records, stored on computers and in file cabinets, and various furniture and fixtures remain at the Hollywood Premises.

**B.      The Proposed Auction of the Personal Property**

12.     As noted above, there remains numerous office furnishings, computers,[4] monitors, and electronics at the Hollywood Premises (collectively, the "Personal Property").[5] The Receiver has commissioned an appraisal of the Personal Property and it is estimated that the

---

[3] The term "Base Rent" is defined in the Shopping Center Lease, a copy of which is available for review upon request to the Receiver's undersigned counsel.
[4] The computers will be excluded from the auction and secured separately by the Receiver.
[5] The sports memorabilia previously stored at this location has been relocated to the Receiver's office.

2ee7697409652512

current market value of the property is approximately $134,650. Although the Receiver expects the liquidated value of the Personal Property to be significantly less, the Receiver believes there is sufficient value in the Personal Property to warrant a sale of the Personal Property for the benefit of the creditors of the Receivership Entities.

13. Upon the Receiver's request, local auctioneer, Stampler Auctions, has submitted a proposal to sell the Personal Property via an auction. The terms of the auction are described in the proposal prepared by Stampler Auctions, a copy of which is attached hereto as **Exhibit "A"**, and summarized below:

(a) The Personal Property will be sold through an "Absolute Auction", whereby the Personal Property will be sold to the highest bidder, without a reserve price setting a minimum bid;

(b) The Personal Property will be sold piece by piece or in bulk as deemed necessary and most beneficial to the seller;

(c) The auction will take place at the Hollywood Premises, along with simultaneous on-line bidding;

(d) Stampler Auctions will market the auction primarily by utilizing local and regional newspapers along with internet advertising, telemarketing, e-marketing, social networking;

(e) Stampler Auctions will advance all expenses and be reimbursed for its costs from the auction proceeds;

(f) Stampler Auctions had provided the Receiver with a budget estimated at $6,355, comprised of $3,355 in advertising costs and $3,000 in labor costs;

49209833;4

       (g)    Stampler Auctions will charge the Receiver a 10% a commission of the gross sale price of the Personal Property; and

       (h)    Stampler Auctions will collect a 15% buyer's premium from the buyers of the Personal Property.   (Individuals that purchase Personal Property on-line will pay a 20% buyer's premium – with 5% earmarked for the on-line platform.)

       14.    The Receiver intends to coordinate with the appraiser to schedule the auction to take place no later than July 25, 2019.  This will allow for additional time for bidders to pick up purchased items and for the Receiver to remove any remaining company records prior to the estimated date the Hollywood Premises will be turned over to the Landlord.

       15.    Accordingly, the Receiver intends to vacate the Hollywood Premises on or after August 1, 2019 and turnover the premises to the Landlord thereafter.  The Receiver will abandon any remaining Personal Property.  The Receiver understands that Dorfman may be interested in taking possession of the abandoned Personal Property.  The Receiver proposes to grant Dorfman access to the premises a day or two subsequent to the auction to view the Personal Property the Receiver intends to abandon.  If Dorfman wants the Personal Property that the Receiver intends to abandon, he should remove them by close of business July 31, 2019 or by such other time the Receiver and the Landlord may agree.

## MEMORANDUM OF LAW

       The scope of a receiver's authority is established by the granting court. *See SEC v. Manor Nursing Centers Inc.*, 458 F.2d 1082, 1105 (2nd Cir. 1973) Federal courts have specific powers, known as "equitable" authority, to order relief to advance the purposes of the federal laws, to preserve investor funds, and to ensure that wrongdoers do not profit from their unlawful conduct. *SEC v. Elliott*, 953 F.2d 1560, 1569–70 (11th Cir. 1992) (A district court has broad powers and

49209833;4

wide discretion to determine relief in an equity receivership.)  The "district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad..." *SEC v. Hardy*, 803 F.2d 1034, 1037-38 (9th Cir. 1986).

A.    **The Receiver has Authority to Cancel the Lease**

Courts typically grant broad powers to receivers, including the authority to sue on behalf of the receivership and to gather, manage and liquidate receivership assets on behalf of potential creditors and harmed investors.  Here, the Court has also given the Receiver the power to enter into and cancel contracts ... as advisable or necessary.  *See* Preliminary Injunction.  The Receiver believes it is in the best interest of the Receivership Entities to cancel the Leses.  "The basis for broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions," and the fact that "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of the creditors." *Hardy*, 803 F.2d at 1037-38. A "receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of his assignor, if, in his opinion, it would be unprofitable or undesirable to do so; and he is entitled to a reasonable time to elect whether to adopt or repudiate such contracts." *Wiand v. Wells Fargo Bank, N.A.*, 8:12-CV-557-T-27EAJ, 2015 WL 12839237, at *6 (M.D. Fla. June 10, 2015), *report and recommendation adopted*, 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016) *citing U.S. Trust Co. v. Wabash W. Ry. Co.*, 150 U.S. 287, 299–300 (1893) (An assignee or receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of the assignor, if in his opinion it would be unprofitable or undesirable to do so; and he is entitled to a reasonable time to elect whether to adopt or repudiate

7

such contract.)  The Lease is a burden to the estate. The Receivership has shut down the business operations of the Receivership Entities and no longer has a business use for the Premises. Continuing to pay rent for an office that is no longer being used is simply a waste of money.

**B.     The Receiver has Authority to Sell the Personal Property by Auction**

The district court has broad powers and wide discretion to determine relief in an equity receivership. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992).  These powers include the authority to approve the sale of property of the Receivership Entities.  Clark on Receivers § 482 (3 d ed. 1992) citing *First National Bank v. Shedd*, 121 U.S. 74, 87, 7 S.Ct. 807, 814, 30 L.Ed. 877 (1887) (A court of equity having custody and control of property has power to order a sale of the property in its discretion).  Moreover, 28 U.S.C. § 2004 provides that personalty sold under any order of any court of the United States shall be sold in accordance with Section 2001 of Title 28, unless the court orders otherwise.  Pursuant to 28 U.S.C. § 2001(a), such sale shall be upon such terms and conditions as the court directs.  See *U.S. v. Peters*, 777 F.2d 1294, fn. 6 (7th Cir. 1985)(noting that 28 U.S.C. § 2001(a) authorizes a court to direct the terms and conditions of the sale).

The Receiver proposed to sell the Personal Property through a licensed, qualified Auctioneer.  The Receiver will work with the Auctioneer to ensure that the highest and best prices are obtained for the benefit of the creditors of the receivership estate.  Accordingly, the Receiver submits that the requirement under 28 U.S.C. § 2001(a) for three independent appraisals and the notice requirements impose a financial burden on the receivership estate with no corresponding benefit given the relatively limited value of the Personal Property and the fact that the Personal Property will be marketed and advertised by the Auctioneer both in print and through targeted on-line advertisements.  To the extent 28 U.S.C. § 2001(a) require further

49209833;4

publication of notice, appraisals or other procedures, such provisions should be waived.   See

*SEC v. Kirkland*, 2009 WL 1439087, *2 (M.D. Fla. May 22, 2009) (waving certain requirements

of 28 U.S.C. § 2001 where the Court believes the receiver had substantially complied with the

requirements of the statute for the sale of property).

**WHEREFORE**, the Receiver respectfully requests the Court to enter an Order in the

form attached hereto as **Exhibit "B"**, approving the relief requested in this motion and to grant

such further relief as is just and proper.

<u>**LOCAL RULE 7.1 CERTIFICATION OF COUNSEL**</u>

Pursuant to Local Rule 7.1, undersigned counsel hereby certifies that the Receiver has

conferred with counsel for the Federal Trade Commission who has no objection to the Motion.

Counsel for Steven Dorfman has informed Receiver's counsel that he opposes cancelation of the

Lease.

Dated: July 2, 2019                        Respectfully submitted,


　　　　　　　　　　　　　　　　　 /s/ Joan Levit
　　　　　　　　　　　　　　　　Joan Levit, Esq.
　　　　　　　　　　　　　　　　Florida Bar Number:  987530
　　　　　　　　　　　　　　　　Email:  joan.levit@akerman.com
　　　　　　　　　　　　　　　　*Counsel for Receiver*

　　　　　　　　　　　　　　　　Michael I. Goldberg, Esq.
　　　　　　　　　　　　　　　　Florida Bar Number:  886602
　　　　　　　　　　　　　　　　Email:  michael.goldberg@akerman.com
　　　　　　　　　　　　　　　　*Court-appointed Receiver*

　　　　　　　　　　　　　　　　AKERMAN LLP
　　　　　　　　　　　　　　　　Las Olas Centre II, Suite 1600
　　　　　　　　　　　　　　　　350 East Las Olas Boulevard
　　　　　　　　　　　　　　　　Fort Lauderdale, FL  33301-2999
　　　　　　　　　　　　　　　　Phone:  (954) 463-2700
　　　　　　　　　　　　　　　　Fax:  (954) 463-2224

49209833;4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this July 2, 2019 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case as indicated on the attached Service List.


By: /s/ Joan M. Levit_____
Joan M. Levit, Esq.

## SERVICE LIST

**Counsel for Plaintiff Federal Trade Commission**

**Elizabeth C. Scott**
US Federal Trade Commission
Midwest Region
230 S. Dearborn St., Ste 3030
Chicago, IL 60604
Email: escott@ftc.gov

**James Davis**
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603
312-960-5611
Email: jdavis@ftc.gov

**Joannie Wei**
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, IL 60603
(312) 960-5607
Email: jwei@ftc.gov

**Counsel for Defendant Steven J. Dorfman**

**Ryan Dwight O'Quinn**
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
305-423-8553
Fax: 305-675-0807
Email: ryan.oquinn@dlapiper.com

**Elan Abraham Gershoni**
DLA Piper LLP (US)
200 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131
305.423.8500
Fax: 305.675.0527
Email: Elan.Gershoni@dlapiper.com

**Counsel for Court Appointed Receiver**

**Naim Surgeon**
**Gera R. Peoples**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
305-982-5679
305-374-5095 (fax)
naim.surgeon@akerman.com
gera.peoples@akerman.com

**Joan M. Levit**
Akerman LLP
350 East Las Olas Blvd, Suite 1600
Fort Lauderdale, FL 33301
954-463-2700
joan.levit@akerman.com

**Court Appointed Receiver**

**Michael Ira Goldberg**
Akerman LLP
Las Olas Centre
350 E Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301-0006
954-463-2700
463-2224 (fax)
michael.goldberg@akerman.com

49209833;4

**Counsel for American First Finance, Inc.**

**Eric J Silver**
Stearns Weaver Miller Weissler Alhadeff &
Sitterson
150 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-4175
esilver@stearnsweaver.com

**Counsel for Amandra Hicks**

**Janelle Alicia Weber**
Law Office of Janelle A. Weber, P.A.
1520 W Cleveland St., Ste. A
Tampa, FL 33606
813-9823663
813-982-3810 (fax)
jweber@janelleweberlaw.com

# EXHIBIT A



# AUCTION PROPOSAL

### RE:

## SIMPLE HEALTH – HOLLYWOOD



### Prepared for:

## *Michael Goldberg, Receiver*



April 29, 2019

Michael Goldberg, Receiver                    *Via Email*
Akerman LLP                                    *Kimberly.smiley@akerman.com*
350 East Las Olas Boulevard
Suite 1600
Fort Lauderdale FL 33301

Re:  Auction Proposal

Dear Mr. Goldberg,

Stampler Auctions is pleased to present the enclosed Auction Proposal to liquidate the assets of Simple Health in Hollywood.  Our experience utilizing the Auction Method of Marketing and knowledge of office furniture, computers and business machines give us a decided advantage over alternative forms of liquidation.

**TRUST, RELIABILITY & REPUTATION
are at the core of Stampler Auctions.**

Our firm is here to help.  As a full service company, we will strive to assist with your needs.  The Stampler Auctions brand is synonymous with successful auctions and pleased clients – check our 58 year track record.



*Video 1 - Harry Stampler in action at a recent auction (Click for Video)*

Focus is what sets our firm apart.  Focus on details.  Focus on satisfying our client.  Focus on maximizing the return.  Focus on solving your problem.  Focus on the Auction Method of Marketing.

**Stampler Auctions**
**P.O. Box 2975 | Ocala FL 34482**
www.stamplerauctions.com | info@stamplerauctions.com
*"You'll Profit From Our Experience"™*





*Video 2 - The Stampler "Auction Method of Marketing" (Click for Video)*

Please review the Auction Outline, Proposed Auction Expense Budget, Summary and Auction Agreement. Once you are committed to the "Stampler" auction process, please sign the Auction Agreement and return via facsimile or email.

We are at your disposal to discuss any facet of our plan and we welcome questions and comments.

We look forward to working with you in the immediate future.

Enthusiastically

**Stampler Auctions**

*Harry Stampler*

Harry Stampler
President

HS/clc

Enclosures



## SIMPLE HEALTH – HOLLYWOOD

### AUCTION OUTLINE

**DATE:**
On a mutually agreed upon date

**PREVIEW:**
Two hours prior to auction
Inventory and Photo Gallery will be posted online

**LOCATION:**
On-Site – 2 Oakwood Boulevard, Suite 100, Hollywood, Florida 33020

**MARKETING:**
Stampler Auctions will market the auction primarily by utilizing major local and regional newspapers along with internet advertising, telemarketing, e-marketing, social networking and advance auction promotion.  Stampler Auctions will advance all expenses and be reimbursed at exact cost from auction proceeds.  Please review the enclosed budget.



*Video 3 - Advance Auction Promotion (Click for **Video**)*

**FORMAT:**
Stampler will sell the assets at Absolute Auction.  The assets will be sold piece by piece, in groups or in bulk as deemed necessary and most beneficial to the Seller.  Our auction is mobile and is conducted directly adjacent to the assets being sold.  This allows the prospective buyers a final chance to view the merchandise and creates a more heated bidding atmosphere.  Simultaneous online bidding will be offered.

**COMMISSION:**
Stampler Auctions will charge the Seller a 10% commission.  Stampler Auctions will collect and retain in full its standard and customary Buyer's Premium.  Said Buyer's Premium is paid for by each individual purchaser.

**SETTLEMENT:**
Stampler Auctions will collect all auction proceeds and deposit into a Trust Account as required by the Auction License Law.  This law requires payment within thirty days.  Stampler Auctions policy is full and final payment within two weeks of the auction or sooner.  All payments are accompanied by a complete Accounting Summary.



# SIMPLE HEALTH – HOLLYWOOD

## PROPOSED AUCTION EXPENSE BUDGET

**NEWSPAPER ADVERTISING**                                                   $   1,200
Miami Herald ................................................................................. 600
Fort Lauderdale Sun Sentinel ....................................................... 400
Palm Beach Post .......................................................................... 200

**TRADE PUBLICATIONS**                                                      $   N/A

**ADVERTISING LAYOUT & PLACEMENT**                                          $   180
All advertising is prepared in house.  This allows for on time and immediate
proofing, editing and updating along with proper and timely placement.

**ADVANCE AUCTION PROMOTION**                                               $   200

**TELEMARKETING / FACSIMILE MARKETING / EMAIL MARKETING**                   $   250

**INTERNET / WEBSITE ADVERTISING**                                          $   325
Stampler Website / Inventory Listing / Photo Gallery / Email Blasts
auctionzip.com / craigslist.com / gotoauction.com / adsinusa.com
salesspider.com / auctiondigz.com / publicauctionfinder.com
epage.com / usnetads.com / globalauctionguide.com / more

**FACEBOOK**                                                                $   400
Geo-targeted & Industry Specific Advertising

**GOOGLE AD WORDS**                                                         $   50
Dedicated Google targeted keyword campaigns / pay per click

**SIMULTANEOUS ONLINE BIDDING**                                             $   750
"Bidspotter" platform including target marketing, online monitoring,
listing fee, additional labor for photography, and detailed descriptions

**LABOR**                                                                   $   3,000
Set-Up – Supervisor & Staff ......................................................... 900
Auction Day – Auctioneer* & Staff .............................................. 950
     To Handle Registration, Selling, Bidspotting & Bookkeeping
Check-Out – Supervisor & Staff .................................................... 900
Settlement – Bookkeeper .............................................................. 250

## TOTAL ESTIMATED OUT-OF-POCKET EXPENSES        $   6,355

*Harry Stampler's services provided at no charge to Seller.

Stampler Auctions will advance all expenses and be reimbursed at
*exact cost* directly from auction proceeds. The above budget is a
recommendation and can be tailored to more suit the Seller's needs.



## SIMPLE HEALTH – HOLLYWOOD

### SUMMARY

Stampler Auctions is confident that our firm is the _only_ choice to conduct the auction of the office furniture, computers and business machines of Simple Health in Hollywood.

Our ultimate goals are to net the Seller as much money as possible and to solve your problem.   This will be achieved within the framework of our highly successful auction company.

Stampler Auctions is proud of our 58 year history.  Our firm has been owned and operated by Harry Stampler since 1981 and headquartered in South Florida since 1985. Stampler Auctions has never been brought in front of the Auction Board and never had a payment made from the Auctioneer's Recovery Fund.

The most important factor in choosing an auction company should be potential **Net Return**.  Stampler consistently produces top dollar.

Our highly professional staff will prepare for and take this project from contract through final settlement with the utmost care.  Stampler Auctions will **_not_** disappoint.

★ STAMPLER AUCTIONS IS LICENSED, BONDED AND INSURED ★





AGREEMENT MADE THIS _____ DAY OF APRIL, 2019, BETWEEN MICHAEL GOLDBERG, RECEIVER for SIMPLE HEALTH, HEREIN AFTER REFERRED TO AS "SELLER" AND STAMPLER AUCTIONS, HEREIN AFTER REFERRED TO AS "AUCTIONEER".

WITNESSETH – WHEREAS THE SELLER DESIRES TO SELL AT ABSOLUTE AUCTION THE ASSETS HEREIN AFTER REFERRED TO AND FOR THAT PURPOSE TO EMPLOY THE AUCTIONEER.  NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS AND AGREEMENTS HEREIN CONTAINED, THE PARTIES HERETO DO HEREBY AGREE AS FOLLOWS:

1.  THE SELLER HEREBY AGREES TO EMPLOY THE AUCTIONEER TO SELL AT ABSOLUTE AUCTION THE OFFICE FURNITURE, COMPUTERS AND BUSINESS MACHINES LOCATED AT 2 OAKWOOD BOULEVARD, SUITE 100, HOLLYWOOD, FLORIDA 33020 ON A DATE TO BE DETERMINED.

2.  THE AUCTIONEER HEREBY ACCEPTS SUCH EMPLOYMENT AND AGREES TO USE ITS BEST EFFORTS TO BRING ABOUT SUCH SALE OF SAID ASSETS AT ABSOLUTE AUCTION IN ACCORDANCE WITH THE PROVISIONS OF THIS CONTRACT AND WITH THE LAWS OF THE STATE.  STAMPLER AUCTIONS IS LICENSED, BONDED AND INSURED.

3.  THE AUCTIONEER HEREBY SHALL CAUSE SUCH SALE TO BE MARKETED IN A COMMERCIALLY REASONABLE FASHION IN THE MANNER IN WHICH AUCTIONS ARE ORDINARILY ADVERTISED, AND IN ACCORDANCE WITH FLORIDA STATUTES.

4.  THE AUCTIONEER SHALL BE PAID BY THE SELLER, A COMMISSION OF **10%** OF THE GROSS SALE.

5.  SELLER IS RESPONSIBLE FOR ALL EXPENSES.  THE SELLER AGREES THAT THE AUCTIONEER SHALL HAVE THE RIGHT TO REIMBURSE ITSELF FROM PROCEEDS OF AUCTION AT EXACT COST FOR ALL ADVERTISING/MARKETING AND AUCTION EXPENSES OR BILL THE SELLER FOR SAID COSTS.  IF COSTS ARE BILLED, SELLER AGREES TO PAY SAID AMOUNTS WITHIN FIVE (5) DAYS.  PLEASE SEE THE ENCLOSED ESTIMATED BUDGET.

6.  THE AUCTIONEER WILL CHARGE AND RETAIN IN FULL THE STANDARD AND CUSTOMARY BUYER'S PREMIUM.  THE BUYER'S PREMIUM IS PAID FOR BY EACH INDIVIDUAL BUYER.

7.  ANY AND ALL DEPOSITS FORFEITED BY A BIDDER SHALL BE RETAINED IN FULL BY THE AUCTIONEER.  ANY ACCRUED INTEREST, IF APPLICABLE, WILL BE RETAINED BY AUCTIONEER AS AN ADMINISTRATIVE FEE.

8.  THE SELLER REPRESENTS THAT IT IS THE SOLE OWNER AND ABSOLUTE OWNER OF THE PROPERTY DESCRIBED IN THIS AGREEMENT AND THAT IT HAS FULL RIGHT TO OWN AND TRANSFER THE SAME.  THE SELLER HAS GOOD MARKETABLE, DEFENSIBLE TITLE, FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS AND LIABILITIES TO ALL ASSETS TO BE SOLD.

9.  THE SELLER AGREES TO INDEMNIFY AND HOLD HARMLESS THE AUCTIONEER FROM ANY AND ALL CLAIMS AND ACTIONS BROUGHT AGAINST THE AUCTIONEER OR SELLER BY ANY PURCHASER, CREDITOR, LIENOR, GOVERNMENT AGENCY, ETC.

10. BOTH PARTIES AGREE THAT IN THE EVENT OF ANY LEGAL ACTION:
    A.  RIGHTS TO A JURY TRIAL ARE WAIVED.
    B.  THE PREVAILING PARTY WILL BE ENTITLED TO A REIMBURSEMENT OF LEGAL FEES, COST, EXPENSES AND REASONABLE PAYMENT FOR TIME
    C.  VENUE FOR ANY LITIGATION IS AGREED TO BE IN BROWARD COUNTY, FLORIDA.

11. THE AUCTIONEER SHALL BE ENTITLED TO A "NO SALE FEE" IN THE EVENT OF A CANCELLATION OR AN UNAPPROVED REMOVAL OF ASSETS FROM THE SCHEDULED AUCTION.  THIS FEE SHALL BE $10,000.00.  ADDITIONALLY, ANY AND ALL ACTUAL EXPENSES WOULD BE REIMBURSED BY SELLER.

12. STAMPLER AUCTIONS IS REQUIRED BY THE AUCTION LICENSE LAW TO SETTLE ALL DEALS WITHIN 30 DAYS.  OUR COMPANY POLICY IS TO SETTLE ALL DEALS BY TRUST ACCOUNT CHECK WITHIN 14 DAYS AFTER THE SALE WITH ALL PERTINENT BACK-UP ATTACHED TO A DETAILED SUMMARY.

IN WITNESS WHEREOF THE PARTIES HAVE EXECUTED THIS AGREEMENT ON THE _____ DAY OF APRIL, 2019.

---

MICHAEL GOLDBERG, RECEIVER
SIMPLE HEALTH
954.759.8929 | kimberly.smiley@akerman.com

HARRY STAMPLER, PRESIDENT
STAMPLER AUCTIONS

**Stampler Auctions**
P.O. Box 2975 | Ocala FL 34482
www.stamplerauctions.com | info@stamplerauctions.com
*"You'll Profit From Our Experience"™*

| 954 | 921.8888 TEL |
| | 342.2080 FAX |
| 800.330.BIDS | |

# **<u>EXHIBIT B</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

      Plaintiff,

vs.

SIMPLE HEALTH PLANS, LLC, et al.,

      Defendants.

_____/

**ORDER GRANTING RECEIVER'S MOTION FOR AUTHORITY
(I) TO CANCEL NON-RESIDENTIAL REAL PROPERTY LEASE AT
OAKWOOD BUSINESS CENTER IN HOLLYWOOD, FLORIDA
EFFECTIVE AS OF AUGUST 1, 2019 OR UPON
COMPLETION OF AUCTION OF PERSONAL PROPERTY,
WHICHEVER IS LATER AND (II) TO AUCTION
PERSONAL PROPERTY AND ABANDON REMAINING ITEMS**

THIS cause comes before the Court on the Receiver's Motion for Authority to Cancel Non-Residential Real Property Lease at Oakwood Business Center in Hollywood, Florida Effective as of August 1, 2019 or Upon Completion of the Auction of the Personal Property, Whichever is Later and (ii) to Conduct an Auction of the Personal Property and Abandon the Remaining Items (the "Motion") [ECF No. 143].  The Court, having reviewed the Motion and responses thereto, if any, and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1.  The Motion is **GRANTED**.

2.  The Receiver is authorized to cancel the lease agreement entered into by Oakwood Business Center Limited Partnership, as landlord (the "Landlord") and Receivership Entity Senior Benefits One, Inc., dated November 10, 2014, as amended, for the premises

49351464;1

located 2 Oakwood Boulevard, Suite 100, Hollywood, Florida (the "Hollywood Premises").

3.  The lease is cancelled without prejudice to any rights the Landlord may have to seek recovery against any non-receivership entity[1] or to any rights the Landlord may have to file a claim in the receivership case (subject to any claims/objection process).

4.  The Receiver is authorized to retain Stampler Auctions to sell the Personal Property (as defined in the Motion) pursuant to the proposal prepared by Stampler Auctions, a copy of which is attached to the Motion as Exhibit "A".

5.  The lease shall be cancelled effective as of August 1, 2019, or upon completion of the auction, whichever is later.

6.  The Receiver is further authorized to execute any documents and take any actions reasonably necessary to consummate the transactions contemplated herein, including abandonment of any personal property remaining at the premises after the auction is completed and the successful bidders have taken their purchases.

**DONE AND ORDERED** in Chambers at Miami, Florida this ___ day of July 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The "Receivership Entities" are Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, Senior Benefits One LLC, and their subsidiaries, affiliates, successors and assigns.

49351464;1