UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62593-GAYLES

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, et al,

    Defendants.

_____/

**RECEIVER'S MOTION FOR AUTHORIZATION TO LIQUIDATE HEALTH BENEFITS ONE, LLC'S UBS BANK USA BROKERAGE ACCOUNTS AND MOTION FOR AUTHORIZATION TO PAY AND CLOSE HEALTH BENEFIT ONE, LLC'S SECURED CREDIT LINE WITH UBS**

    Michael I. Goldberg, as court-appointed receiver (the "Receiver") over defendants Simple Health Plans LLC, Health Benefits One LLC ("Health Benefits One"), Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, Senior Benefits One LLC, and their subsidiaries, affiliates, successors and assigns (collectively, the "Receivership Entities") hereby moves this Court for authorization to liquidate the two brokerage accounts held at UBS Bank USA ("UBS") by receivership entity Health Benefits One and for authorization to pay off and close the secure credit line held by Health Benefits One at the same institution. In support, the Receiver states as follows:

    1.    On October 29, 2018, the Federal Trade Commission (the "FTC") commenced this action in the United States District Court for the Southern District of Florida against the Receivership Entities and Steven Dorfman ("Dorfman") (Dorfman and the Receivership Entities are collectively referred to as the "Defendants") [ECF No. 1].

2. On October 31, 2018, this Court entered an *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "TRO") [ECF No. 15], which, among other things, appointed Michael I. Goldberg as Receiver over the assets, liabilities and business interests of the Receivership Entities with full powers of an equity receiver. The Receiver was appointed as the Permanent Receiver when this Court issued a Preliminary Injunction on May 14, 2019 (the "PI") [ECF No. 139].

3. On or about November 26, 2018, the Receiver received a letter advising that Health Benefits One owned two (2) brokerage accounts and one (1) premier credit line at UBS. As of June 30, 2019, the brokerage account bearing account number XXXXXX has a total account value of $2,387,277.63 and the brokerage account bearing account number XXXXXX has a total account value of $2,682,873.53. The premier credit line bearing account number XXXXXX has a loan balance of $2,959,864.57. Each of the foregoing accounts is collectively referred to as ( the "UBS Accounts"). True and correct redacted copies of the UBS account statements are attached as "Composite Exhibit A."[1]

4. The brokerage account bearing account number XXXXXX has been pledged as security against the premier credit line. As a result, any action taken to liquidate this account would require the Receiver to repay the outstanding loan balance. However, given that the outstanding loan balance exceeds the value of the account, the Receiver must include additional monies to satisfy the outstanding obligation.

---

[1] At the Court's request, the Receiver can submit a copy of the unredacted statements for an *in camera* review.

5.     Under the PI, the Receiver is authorized and required "[t]ake exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of any Receivership Entity, wherever situated . . ." . PI at 33. To aid the Receiver's efforts, the PI also enjoins the Defendant and any individual or entity in possession or control of property belonging to the Receivership Entities from conducting business of any kind with property that rightfully belongs to the Receivership Entities. *Id* at 26-27. Rather, the Defendant and any individual or entity in possession or control of property belonging to the Receivership Entities must "fully cooperate with and assist the Receiver" with obtaining control over such property wherever that property is held. *Id.* at 38.

6.     Based on the foregoing, the Receiver has determined that the two brokerage accounts and premier credit line held by UBS are property of the receivership estate and that it is in the best interest of the estate to liquidate the brokerage accounts and transfer all available proceeds, minus any funds that must be used to repay the secured premier credit line balance, to the Receiver in accordance with the PI. Further, given the volatility in the current market, the Receiver believes that it is appropriate to liquidate these accounts now while the market is at an all-time high, which confers an additional benefit on the receivership estate.

## MEMORANDUM OF LAW

Federal courts, pursuant to their general equity powers, may order any relief to effectuate the remedial purposes of the federal securities laws, i.e., the protection of innocent shareholders. Moreover, the Receiver has a fiduciary responsibility to protect the receivership estate. *See, e.g.*, *Citibank, N.A. v. Nyland*, 839 F.2d 93, 98 (2d Cir. 1988) (A receiver acts "as an officer of the court and has the duty to preserve and protect the property pending the outcome of the litigation."); *Eller Indus., Inc. v. Indian Motorcycle Mfg., Inc.*, 929 F. Supp. 369, 372 (D. Col. 1995) (The receiver

"must collect and preserve corporate property from imminent danger of loss, waste or dissipation and administer the receivership, free from outside interference with estate property"). Once appointed, the Receiver retains the sole right to administer the receivership, and creditors and other claimants lose their right to unilaterally settle past debts. *U.S. v. Ariz. Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984); *SEC v. Manor Nursing Center, Inc.*, 458 F.2d 1082, 1103-04 (2nd Cir. 1972); *see also SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978). The liquidation of the brokerage accounts and repayment of the secured credit line balance will benefit the Receivership Entities' defrauded investors by increasing the funds in the receivership estate. Authorization of this proposed liquidation and repayment of the secured credit line is a proper use of this Court's power.

### A.     The UBS Accounts Are Property of the Receivership Estate

It is undisputed that each of the UBS Accounts are titled in the name of receivership entity Health Benefits One. It is the general rule that the Receiver acquires no greater rights in property than was held by the debtor. *Sec. & Exch. Comm'n v. Pension Fund of Am. L.C.*, 05-20863-CIV, 2006 WL 8433996, at *9 (S.D. Fla. Sept. 11, 2006) (citation omitted). On October 29, 2018, the date this Court entered the TRO creating the receivership, Health Benefits One had an ownership interest in the two UBS brokerage accounts and an outstanding secured obligation to repay the balance of the premier credit line. Thereafter, upon entry of the PI, the Receiver, as equitable administrator over the assets of the Receivership Entities' assets stepped into the shoes of the Receivership Entities by taking and maintaining legal ownership of all of their assets. *See S.E.C. v. Elliott*, 953 F.2d 1560, 1570 (11th Cir. 1992).

In *Elliot*, the Security Exchange Commission (the "SEC") filed suit against a promoter and his related companies following various violations of the Securities and Exchange Act. at 1564. The court appointed a receiver to take possession of the companies' assets and to propose a

49146181;2

distribution plan of the assets to the victims defrauded by the promoter. *Id.* at 1565. More specifically, the victims in that case were tricked into conferring ownership of their securities to the promoter via a power of attorney, which he then sold and pocketed the proceeds. *Id.* The Southern District of Florida found that the investors had unwittingly transferred legal title to their securities over to the promoter, thereby rendering them victims of the promoter's fraud and ultimately unsecured creditors of the receivership. *Id.* at 1566.

Here, pursuant to the Court's appointment of the Mr. Goldberg as Receiver over the Receivership Entities, any and all administration, collection, and equitable distribution of the receivership estate's assets must be orchestrated by the Receiver. Section XIII of the PI broadly outlines the process for the transfer of receivership property to the Receiver. This transfer of property includes "A. All Assets held by or for the benefit of the Receivership Entities" and "D. All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities." PI at 38.  The PI defines an "Asset" as including "any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, and all proceeds, products, offspring, rents, or profit of or from that property." PI at 26 fn. 15.  It, therefore, goes without question that because Health Benefits One had an ownership interest in the UBS Accounts on the date that the receivership commenced, the Receiver, by stepping into the shoes of Receivership Entities, subsequently gained ownership over all of the Receivership Entities' assets, including the UBS Accounts.  Thus, in the exercise of his powers over the UBS Accounts, it is appropriate for the Receiver to liquidate these accounts and repay the secured credit line balance for the benefit of the receivership estate.

**WHEREFORE,** the Receiver respectfully requests this Court enter an Order authorizing the Receiver to liquidate UBS Brokerage Account Nos. XXXXXX and XXXXXX and with the proceeds of those to repay the UBS Premier Credit Line held by Health Benefits One, Account No. XXXXXX, with any remaining funds to be distributed to the Receiver on behalf of the Receivership Estate.

## LOCAL RULE 7.1 CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, undersigned counsel hereby certifies that the Receiver has conferred with counsel for the FTC, who has no objection to the relief requested in this Motion. The Receiver also attempted to confer with counsel for the Defendant by email, dated March 25, 2019, and more recently by email, dated June 28, 2019, to determine his position on liquidating the brokerage accounts and repaying the credit line as discussed herein.  The Defendant has not responded with his position on the relief requested.

Dated: July 5, 2019

Respectfully submitted,

  /s/ *Naim S. Surgeon*
Michael I. Goldberg, Esq.
Florida Bar No. 886602
Email: michael.goldberg@akerman.com

*Court-Appointed Receiver*

Naim S. Surgeon, Esq.
Florida Bar No. 101682
Email: naim.surgeon@akerman.com

*Counsel for the Receiver*

**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2999
Phone:  (954) 463-2700
Fax:  (954) 463-2224

49146181;2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this July 5, 2019 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case as indicated on the attached Service List.

                                              By: */s/ Naim S. Surgeon*
                                                   Naim S. Surgeon