UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**FEDERAL TRADE COMMISSION,**

      Plaintiff,

v.

**SIMPLE HEALTH PLANS LLC, et al.,**

      Defendants.

Case No.: 18-cv-62593-DPG

**DEFENDANT STEVEN DORFMAN'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Steve Dorfman ("**Dorfman**"), through undersigned counsel, files this answer to the complaint (the "**Complaint**") (D.E. 1) field by the Federal Trade Commission (the "**FTC**") and affirmative defenses:

**ANSWER**

1. Dorfman submits that paragraph 1 of the Complaint contains legal conclusions to which no response is required.

2. Dorfman admits the allegation in paragraph 2 of the Complaint.

3. Dorfman admits the allegation in paragraph 3 of the Complaint.

4. Dorfman submits that paragraph 4 of the Complaint contains legal conclusions to which no response is required.

5. Dorfman submits that paragraph 5 of the Complaint contains legal conclusions to which no response is required.  However, that the FTC is authorized to secure equitable relief, including recession or reformation of contracts, restitution, the refund of monies paid, and disgorgement of ill-gotten gains in this proceeding.

6. Dorfman admits the allegations in paragraph 6 of the Complaint except that he denies that Health Center Management LLC advertised, marketed, distributed, or sold limited benefit plans and medical discount memberships.

7. Dorfman admits the allegations in paragraph 7 of the Complaint except that he denies that Health Benefits One LLC ever distributed or sold limited benefit plans and medical discount memberships.

8. Dorfman admits the allegations in paragraph 8 of the Complaint except that he denies that Health Center Management LLC advertised, marketed, distributed, or sold limited benefit plans and medical discount memberships.

9. Dorfman admits the allegations in paragraph 9 of the Complaint except that he denies that Innovative Customer Care, LLC advertised, marketed, distributed, or sold limited benefit plans and medical discount memberships.

10. Dorfman admits the allegations in paragraph 10 of the Complaint except that he denies that Simple Insurance Leads LLC advertised, marketed, distributed, or sold limited benefit plans and medical discount memberships.

11. Dorfman admits the allegations in paragraph 11 of the Complaint except that he denies that Senior Benefits One LLC advertised, marketed, distributed, or sold limited benefit plans and medical discount memberships.

12. Dorfman admits the allegations in paragraph 12 of the Complaint except that he denies that he "formulated, directed, controlled, had the authority to control or participated in the acts and practices set forth in the Complaint."

13. Dorfman denies the allegations in paragraph 13 of the Complaint.

14. Dorfman submits that paragraph 14 of the Complaint contains a legal conclusion to which no response is required.

15. Dorfman denies the allegations in paragraph 15 of the Complaint.

16. Dorfman denies the allegations in paragraph 16 of the Complaint.

17. Dorfman submits that paragraph 17 of the Complaint contains a legal conclusion to which no response is required.

18. Dorfman submits that paragraph 18 of the Complaint contains a legal conclusion to which no response is required.

19. Dorfman submits that paragraph 19 of the Complaint contains a legal conclusion to which no response is required.

20. Dorfman denies the allegations in paragraph 20 of the Complaint.

21. Dorfman denies the allegations in paragraph 21 of the Complaint.

22. Dorfman denies the allegations in paragraph 22 of the Complaint.

23. Dorfman denies the allegations in paragraph 23 of the Complaint.

24. Dorfman denies the allegations in paragraph 24 of the Complaint.

25. Dorfman denies the allegations in paragraph 25 of the Complaint.

26. Dorfman denies the allegations in paragraph 26 of the Complaint.

27. Dorfman denies the allegations in paragraph 27 of the Complaint.

28. Dorfman denies the allegations in paragraph 28 of the Complaint.

29. Dorfman denies the allegations in paragraph 29 of the Complaint.

30. Dorfman denies the allegations in paragraph 30 of the Complaint.

31. Dorfman denies the allegations in paragraph 31 of the Complaint.

32. Dorfman denies the allegations in paragraph 32 of the Complaint.

33. Dorfman submits that paragraph 33 of the Complaint contains a legal conclusion to which no response is required.

34. Dorfman denies the allegations in paragraph 34 of the Complaint.

35. Dorfman denies the allegations in paragraph 35 of the Complaint.

36. Dorfman denies the allegations in paragraph 36 of the Complaint.

37. Dorfman denies the allegations in paragraph 37 of the Complaint.

38. Dorfman denies the allegations in paragraph 38 of the Complaint.

39. Dorfman denies the allegations in paragraph 39 of the Complaint.

40. Dorfman denies the allegations in paragraph 40 of the Complaint.

41. Dorfman denies the allegations in paragraph 41 of the Complaint.

42. Dorfman denies the allegations in paragraph 42 of the Complaint.

43. Dorfman denies the allegations in paragraph 43 of the Complaint.

44. Dorfman denies the allegations in paragraph 44 of the Complaint.

45. Dorfman denies the allegations in paragraph 45 of the Complaint.

46. Dorfman denies the allegations in paragraph 46 of the Complaint.

47. Dorfman denies the allegations in paragraph 47 of the Complaint.

48. Dorfman denies the allegations in paragraph 48 of the Complaint.

49. Dorfman denies the allegations in paragraph 49 of the Complaint.

50. Dorfman denies the allegations in paragraph 50 of the Complaint.

51. Dorfman denies the allegations in paragraph 51 of the Complaint.

52. Dorfman denies the allegations in paragraph 52 of the Complaint.

53. Dorfman denies the allegations in paragraph 53 of the Complaint.

54. Dorfman denies the allegations in paragraph 54 of the Complaint.

55. Dorfman submits that paragraph 55 of the Complaint contains a legal conclusion to which no response is required.

56. Dorfman submits that paragraph 56 of the Complaint contains a legal conclusion to which no response is required.

57. Dorfman denies the allegations in paragraph 57 of the Complaint.

58. Dorfman denies the allegations in paragraph 58 of the Complaint.

59. Dorfman denies the allegations in paragraph 59 of the Complaint.

60. Dorfman submits that paragraph 60 of the Complaint contains a legal conclusion to which no response is required.

61. Dorfman submits that paragraph 61 of the Complaint contains a legal conclusion to which no response is required.

62. Dorfman submits that paragraph 62 of the Complaint contains a legal conclusion to which no response is required.

63. Dorfman submits that paragraph 63 of the Complaint contains a legal conclusion to which no response is required.

64. Dorfman denies the allegations in paragraph 64 of the Complaint.

65. Dorfman denies the allegations in paragraph 65 of the Complaint.

66. Dorfman denies the allegations in paragraph 66 of the Complaint.

67. Dorfman submits that paragraph 67 of the Complaint contains a legal conclusion to which no response is required but denies that the Court has the equitable jurisdiction to "award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement."

68.     Dorfman submits that paragraph 68 of the Complaint contains a legal conclusion to which no response is required.

69.     Dorfman submits that paragraph 69 of the Complaint contains a prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Dorfman asserts the following affirmative defenses and reserves the right to amend his answer and affirmative defenses based upon information obtained in the course of litigation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims of deceptive practices fail because any alleged deceptive or unfair practices describe mere puffery in marketing, which is not actionable under the FTC Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Defendants provided appropriate disclaimers and other informational disclosures to consumers regarding the products that consumers purchased.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the Defendants acted in good faith at all relevant times in their marketing and sales practices. The Defendants took affirmative steps to have their marketing practices and products vetted and approved by various state agencies and authorities and took steps to ensure that their practices complied with those requirements.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they violate Defendants' rights under the First Amendment of the Constitution regarding commercial speech.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on allegedly "unfair practices," are barred because the statute and cause of action are unconstitutionally vague.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's request for penal, monetary relief, including disgorgement or restitution, or ancillary relief to restrain assets for the benefit of those remedies, are not authorized in this proceeding.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Any misrepresentations associated with the Defendants' business operations were caused by third parties over which the Defendants exerted no control and for which they had no responsibility. Specifically, Defendant Simple Health marked and explained health insurance products issued and underwritten by third parties who vetted and approved Defendant Simple Health's marketing materials and sales scripts.

## NINTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this proceeding due to the reverse-preemption provision of the McCarran-Ferguson Act, 15 U.S.C. *et seq.*.

## **JURY DEMAND**

Dorfman demands a trial by jury.

Dated: July 31, 2019　　　　　　　　　　　　**DLA Piper LLP (US)**

*/s/ Ryan D. O'Quinn*
Ryan D. O'Quinn (FBN 513857)
*ryan.oquinn@dlapiper.com*
Elan A. Gershoni (FBN 95969)
*elan.gershoni@dlapiper.com*
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone:  305.423.8553
Facsimile:   305.675.7885

*Counsel for Defendant*
*Steven Dorfman*

## CERTIFICATE OF SERVICE

　　　The undersigned certifies that he filed this pleading through the court's electronic filing system and that all parties requesting electronic notice of pleadings have been served with the pleading.

*/s/ Ryan D. O'Quinn*
Ryan D. O'Quinn