# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

    v.

**SIMPLE HEALTH PLANS LLC, et al.,**

    Defendants.

**Case No.: 18-cv-62593-DPG**

**Amended Protective Order For Confidential Material**

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e). All material obtained in the pretrial discovery of this litigation is presumptively public unless it satisfies the conditions set out herein.

## I. DEFINITIONS

A. "**Confidential Material**" is material produced or received in pretrial discovery that: (1) contains information that is not known to be in the public domain, such as trade secrets, confidential commercial or financial information, or confidential research and development information, and reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons; or (2) contains "Sensitive Personal Information."

B. "**Sensitive Personal Information**" means any (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv)

passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

**II.** **PROVISIONS FOR TREATMENT OF CONFIDENTIAL MATERIAL**

A.  An attorney producing material in discovery may designate material as "Confidential Material" if the attorney certifies in good faith that the material contains "Confidential Material" as defined in Section I.A above.

1. The certifying attorney must only designate specific materials that qualify for this designation. Mass, indiscriminate or routinized designations are prohibited.

2. To the extent practicable, only those parts of documents, items, oral or written

    communications that require protection shall be designated.

B.  Confidential Material must be marked as follows:

1. Mark paper materials "CONFIDENTIAL." If paper material is only confidential in part, mark only the portions of the material that are confidential.

2. To the extent possible, mark electronic materials "CONFIDENTIAL" by marking each electronic document that is confidential. Also mark the electronic storage medium, as well as any electronic file and folder name 'CONFIDENTIAL."

3. Designate deposition transcripts as Confidential within ten days of receipt of

   the final transcript by identifying the specific page(s) and line number(s) that constitute Confidential Material. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until ten days after receipt of the final transcript.

 C. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

 D. Within ten days of a written objection to the designation of Confidential Material, the designating party must move the Court to uphold the designation. The burden of proving that the designation is proper is on the designating party. Failure to seek timely an order upholding the designation terminates confidential treatment.

 E. Confidential Material may only be disclosed to:

1. the Court and court personnel;
2. any party in this matter;
3. the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;
4. the Court-appointed Receiver, his counsel, and designated employees only to the extent necessary to assist in the litigation;
5. experts and contractors consulted or retained by the parties or

3

      counsel, and

      their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

6. any person, including witnesses, who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

7. witnesses and their counsel who agree in writing to abide by this protective order.

F.    Disclosure of Confidential Material to any person described in Paragraph E shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom.

G.    Confidential Material shall only be filed with a motion to seal the material, unless the party introducing the material provides the designating party notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the designee to seek further protection from the Court. If the designee seeks protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the designee's request.

H.    At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all Confidential Material and any other materials containing confidential information. All Confidential Material held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential

Materials in accordance with 16 C.F. R. § 12.

I.      This Order shall supercede the previous Protective Order entered by the Court on January 18, 2019 (D.E. 63).

J.      This Order continues to govern Confidential Material after conclusion of the case absent further order of the Court.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 25th day of September 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF