UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>vs.<br><br>SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,<br><br>          Defendants. | **Case No.: 18-cv-62593-DPG** |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), and within the time period agreed upon by the parties (DE 185) and adopted in the Court's Scheduling Order (DE 191), Plaintiff Federal Trade Commission ("FTC") hereby moves this Court for leave to amend the Complaint for Permanent Injunction and Other Equitable Relief. The FTC seeks to add a new individual defendant, Candida L. Girouard ("Girouard"), and to add Section 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 57b, as an additional basis for relief. A copy of the Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") is attached as **Exhibit A**, and a redline showing the changes to the original Complaint is attached as **Exhibit B**.

### I.    Background

The FTC filed its Complaint for Permanent Injunction and Other Equitable Relief (DE 1) on October 29, 2018. The Complaint alleges that Defendant Steven Dorfman ("Dorfman") and his co-defendants engaged in a massive, years-long telemarketing scam in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. §

1

310. On October 31, 2018, this Court entered the FTC's requested *ex parte* temporary restraining order against Defendants, including a freeze on Defendants' assets and the appointment of a Receiver over the corporate defendants (DE 13).  Following a daylong evidentiary hearing on April 16, 2019, the Court issued a Preliminary Injunction against Defendants on May 14, 2019, finding that the FTC was likely to succeed on the merits of its claims.  Among other things, the Court found that Defendants engaged in a "bait and switch scheme" that sold consumers "worthless limited indemnity or discount plans" disguised as comprehensive health insurance, causing more than $180 million in consumer injury.  (DE 139 at 1, 21-23.)  The parties agreed to a scheduling order, which was entered by the Court on July 22, 2019 (DE 191), that set the deadline for motions to amend the pleadings as September 30, 2019.[1]

Since filing its Complaint, the FTC has identified an additional individual, Girouard, who had the authority to control Defendants' common enterprise, participated directly in the illegal conduct at issue in this case, and had actual or constructive knowledge of the unlawful acts.  *See FTC v. IAB Mktg. Assoc., LP*, 746 F.3d 1228, 1233 (11th Cir. 2014) (stating standard for individual liability under the FTC Act).  Girouard served as the Chief Compliance Officer for the Corporate Defendants and a trusted advisor to Defendant Dorfman.  New evidence gathered since the filing of this matter shows that Girouard played an integral role in Defendants' telemarketing scam.  Among other things, she drafted the facially misleading sales and customer service scripts used to deceive consumers; she supervised a sham compliance team that monitored sales calls for adherence to these scripts; and she served as Defendants' main point of contact in deflecting complaints, investigations, and other inquiries from carriers and regulators. In fact, Girouard actively worked to conceal Defendants' alleged fraudulent practices from

---

[1] Defendant Dorfman has appeared, but the six corporate defendants are unrepresented and have not appeared in this litigation.

regulators and law enforcement, including by lying under oath and misleading state insurance investigators.

In addition to naming Girouard, the FTC seeks to add as a basis for monetary relief Section 19 of the FTC Act, 15 U.S.C. § 57b, which authorizes the Court to grant, among other things, monetary relief to redress injury to consumers resulting from violations of trade regulation rules promulgated by the FTC—in this case, the Telemarking Sales Rule, 16 C.F.R. Part 310, as amended.[2] The FTC's Complaint currently seeks monetary relief pursuant to Section 13(b) of the FTC Act, 15, U.S.C. §53(b), which is permissible under clear, longstanding Eleventh Circuit law. Dorfman, however, has repeatedly attempted to argue to this Court (with no success) that the FTC cannot obtain monetary relief under Section 13(b), and this topic is the subject of Dorfman's pending appeal to the Eleventh Circuit of the Court's entry of the Preliminary Injunction (*Dorfman v. FTC*, *appeal docketed*, No. 19-11932-F, 11th Cir. 2019). In making his arguments about Section 13(b), Dorfman has conceded that the FTC can obtain monetary relief pursuant to Section 19 of the FTC Act. (*See, e.g.*, DE. 79 at 7, 15-16; DE 134 at 8-9; DE 157 at 2) Therefore, while Eleventh Circuit law is clear that the FTC has authority to seek monetary relief under Section 13(b), the FTC seeks to add Section 19 as additional authority for the FTC to request and this Court to grant monetary relief.

## II. The Court Should Allow Amendment

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave [to amend] when justice so requires." To guide district courts when considering a motion to amend, the Supreme Court has articulated the following standard:

---

[2] Every sale made by Defendants involved telemarketing, and the Complaint alleges violations of the Telemarketing Sales Rule, 16 C.F.R. Part 310, as amended.

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also FTC v. Shopper Systems, LLC*, No. 12-23919-CIV, 2013 WL 12382958, at *2 (S.D. Fla. Sept. 25, 2013). As such, a district court has "limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it." *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (citation and internal quotes omitted).

Here, there are no substantial reasons to deny the FTC's request for leave to file its Amended Complaint. First, the FTC submits this motion in good faith without undue delay or dilatory motive.[3] The FTC is filing this motion prior to the September 30, 2019 deadline explicitly agreed upon by the parties, and entered by the Court, for amending pleadings. As stated above, the FTC seeks to add Girouard as a result of her direct and extensive participation in the existing Defendants' scheme. The allegations against Girouard are based largely on evidence acquired after filing this case. Similarly, the FTC seeks to add Section 19 as an additional, and appropriate, basis for monetary relief available to the FTC. Given Dorfman's persistent arguments that the FTC cannot obtain monetary relief using Section 13(b), it will streamline this litigation and reduce the burden on the parties and this Court to add Section 19, especially given that Dorfman concedes that the FTC can obtain monetary relief under this section.

---

[3] The amendments are not being sought in response to a challenge to the legal or factual sufficiency of the initial Complaint. Dorfman previously filed a Motion to Dismiss the Complaint (DE 14), but the Court denied it in its entirety on July 10, 2019 (DE 182). Therefore, factors such as failure to cure deficiencies and futility are not applicable.

4

Second, allowing the FTC leave to file the Amended Complaint will not prejudice any party in this litigation.  The FTC is not alleging any additional counts, nor is it alleging any additional facts relating to the conduct or roles played by the original Defendants.  No additional relief is being sought against the original Defendants.  Other than the allegations about the new defendant Girouard's involvement in the unlawful conduct, and the addition of Section 19 as an additional basis to seek relief, the Amended Complaint is identical to the initial Complaint.  (*See* Redline of Amended Complaint attached as Exhibit B)  Given that Dorfman has stated in multiple court filings that the FTC can obtain monetary relief under Section 19, he certainly is well aware of this authority and should not be surprised by its addition.  Moreover, discovery is just commencing and does not conclude until May 2020, leaving Dorfman ample time to obtain discovery relating to the Amended Complaint.  Similarly, the new defendant will have the opportunity to fully participate in the proceedings.[4]

## III.   CONCLUSION

For the foregoing reasons, the FTC respectfully requests that the Court grant the FTC leave to file the attached Amended Complaint.

**Pursuant to Local Rule 7.1(a)(3)**, counsel for the FTC certifies that counsel has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, but has been unable to do so.  The Receiver does not oppose the motion, but Defendant Dorfman opposes this Motion.

---

[4] Given her close connection to the original Defendants, it is likely that Girouard is already fully aware of the proceedings to date in this matter.

Dated:  September 30, 2019	Respectfully submitted,

        ALDEN F. ABBOTT
        General Counsel

        /s/ *Joannie Wei*
        ELIZABETH C. SCOTT, Special Bar No. A5501502
        escott@ftc.gov; (312) 960-5609
        JAMES H. DAVIS, Special Bar No. A5502004
        jdavis@ftc.gov; (312) 960-5611
        JOANNIE WEI, Special Bar No. A5502492
        jwei@ftc.gov; (312) 960- 5607

        Federal Trade Commission
        230 S. Dearborn Street, Suite 3030
        Chicago, Illinois  60604
        Telephone:  (312) 960-5634
        Attorneys for Plaintiff
        FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this September 30, 2019, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

                                              */s/ Joannie Wei*
                                              JOANNIE WEI, Special Bar No. A5502492