UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

(FT LAUDERDALE)

CASE NO. 0:18-cv-62593-GAYLES

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

SIMPLE HEALTH PLANS, LLC, ET AL.,

Defendant.

## NON-PARTY HEALTH INSURANCE INNOVATIONS, INC.'s MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Non-party Health Insurance Innovations, Inc. ("HII"), pursuant to Rule and 45 of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby files this Motion to Quash Subpoena and Motion for Protective Order and Incorporated Memorandum of Law, and in support states as follows:

### I.   Introduction and Summary of the Argument

In this lawsuit, the Federal Trade Commission (the "FTC") has filed a complaint against various defendants (the "Defendants") alleging illegal sales practices related to sale of health insurance plans. HII is not a defendant in this case, did not make any of the phone calls or utilize any of the sales practices alleged by the FTC to be illegal, and cooperated with the FTC's remedial efforts.

Elan A. Gershoni with DLA Piper, LLP (USA) ("DLA"), on behalf of the Defendants, served a Rule 45 Subpoena on non-party HII on September 9, 2019 requesting

*Motion to Quash and/or for Protective Order*

that HII produce documents (the "Subpoena"). A copy of the Subpoena is attached hereto as Exhibit "A." As set forth below there are several compelling reasons why the Subpoena should be quashed and a protective order should be entered.

While there are a multitude of objections that are set forth below addressing the inadequacy of the requests made by the Defendants, two threshold issues should render the subpoena invalid on its face and require it to be quashed. First, the Subpoena was not served in its entirety on HII. A Subpoena must, pursuant to Rule 45(a)(1)(A)(iii), set forth the documents requested. Here, the Subpoena served on HII on September 9, 2019 did not include the Exhibit "A" which is described as the list of the categories of documents sought. The failure to follow this simple requirement of Rule 45 renders the Subpoena defective.

Second, the Subpoena violates Rule 45's requirement that a subpoena commanding the production of documents, including electronically stored information, restrict the place of production to "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). HII's its principal place of business in Tampa, FL. As the Subpoena requires production to the DLA office in Miami, Florida, which is approximately 300 miles from Miami, FL, the Subpoena violates Rule 45(c)(2)(A) on its face.

While those two threshold issues are sufficient to quash this subpoena, the documents requested and the manner in which they are requested runs afoul of the protections and provided by and the restraint required by Rule 45 of the Federal Rules of Civil Procedure. Rule 45 requires the party serving a subpoena to take reasonable steps to avoid imposing an

undue burden or expense on the recipient. In the Subpoena, DLA requests that non-party HII produce documents and information in nine separate omnibus requests that lack the requisite degree of particularity and appear to be disproportional to the needs of the case and overbroad, ambiguous, and unduly burdensome to HII. Furthermore, and perhaps most germane to this analysis, all of the information sought are documents that belong to the Defendants or are in the possession of the FTC and/or Receiver of the Defendants. The Defendants should obtain the discovery from the actual Parties to this lawsuit instead of burdening HII with the non-party Subpoena.

The Subpoena should be quashed and a protective order should be entered.

## II. Procedural and Factual Background

On October 29, 2018, filed a complaint (the "Complaint") against Steven Dorfman and corporate Defendants alleging that the Defendants violated the FTC Act and Telemarketing Act by making false, misleading, and deceptive statements to consumers. See [DE 1]. With the filing of the Complaint, an injunction was entered against the Defendants and a Receiver put in place to operate the enjoined companies. The Receiver is a party to the instant case. All of the documents belonging to the Defendants are in the possession of the FTC/the Receiver as those two entities came into possession of the all of such documents when they initially shut down the Defendants in 2018. Simply put, all of the documents that the Defendants are seeking from HII in the Subpoena (save request number 6 which HII will respond to and produce) are documents that are in the possession of the Parties.

Instead of burdening HII with nonparty discovery, DLA should obtain the discovery from the FTC or the Receiver. HII is a non-party to the litigation, and the Court should limit

discovery in an effort to protect HII from annoyance, undue burden, and expense in a case that it is not a party.

On September 23, 2019 HII responded to the Subpoena with a letter setting forth the reasons why the subpoena was invalid and also the rational for why the requests made therein were improper. Counsel for HII and DLA had a meet and confer call on Friday, September 27, 2019 regarding the Subpoena and DLA agreed to withdraw request number 9 and amend request number 4. HII also agreed to produce documents responsive to request number 6. However, HII and DLA were unable to agree as to the remainder of the Subpoena and DLA is refusing to modify the Subpoena to seek documents that would be non-objectionable.

It is unreasonable and unduly oppressive to expect non-party HII to bear the substantial expense, including diversion of valuable time from conducting the company's proper business, to search out documents that may be irrelevant to this action on a variety of topics that have not been defined with particularity in a case HII is not named as a defendant in. Furthermore it is egregious to expect HII, a non-party to engage in substantive discovery and search for documents that are in the possession of parties to the litigation.

Accordingly, this Court should enter an Order quashing the Subpoena or in the alternative enter a protective order excusing HII's from having to respond to the Subpoena.

### III. <u>Memorandum of Law</u>

#### A. **Legal Standard**

##### i) **Legal Standard to Quash Subpoena Under Fed. R. Civ. P. 45**

Rule 45 of the Federal Rules of Civil Procedure affirmatively requires the party serving a subpoena to take reasonable steps to avoid imposing an undue burden or expense

on the recipient. *See* Fed. R .Civ. P 45(d)(1); *see also Great American Insurance Company v. The Veteran's Support Organization*, 166 F. Supp. 1303, 1310 (S.D. Fla. 2015). A court may quash a subpoena under Rule 45(d)(3)(A)(iii) that subjects the receiving person to undue burden. *Id.* "With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." *Id.* "In balancing the need for discovery against the burden imposed on the person from whom documents are sought 'the status of a person as a non-party is a factor that weights against disclosure.'" *Id.*; *see also Schaaf v. SmithKline Beecham Corp.*, 2006 WL 2246146, at *2 (M.D. Fla., Aug. 4, 2006) (courts must also consider the status of a witness as a nonparty when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure).

"Federal Rule of Civil Procedure 45(d)(3) lists the grounds upon which a court may quash or modify a subpoena." *Flynn v. Square One Distribution, Inc.*, 2016 WL 2997673, at *4 (M.D. Fla., May 15, 2016). "Although relevance is not listed, courts have found that 'the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.'" *Id.* "But to be discoverable, the requested information must also satisfy the proportionality requirement meaning that it must be more than tangentially related to the issues that are actually at stake in the litigation." *Id.*

"As amended in December 2015, Rule 26 permits a party to obtain discovery regarding any non-privileged matter this is both relevant to any party's claim or defense and proportional to the needs of the case." *Endurance Am. Specialty Ins. Co. v. Liberty Mutual*

*Ins. Co.*, 2018 WL 7352150, at *2 (M.D. Fla. Dec. 20, 2018), Fed. R. Civ. P. 26(b)(1). "The factors for the court to consider in assessing relevance and concomitant proportionality include 'the importance of the issues at stake in the action,' 'the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit.'" *Id.*

The determination as to whether a subpoena subjects a non-party to undue burden, is a "case specific inquiry." *Thayer v. Chiczewski,* 257 F.R.D. 466, 469 (N.D.Ill.2009); *See Small v. Amgen, Inc.*, 2016 WL 7228863, at *2, (M.D. Fla., Sept. 28, 2016) (the Court's responsibility in analyzing the proportionality requirement is to use all information provided by the parties to reach a case-specific determination of the appropriate scope of discovery).

Courts may also prohibit a party from obtaining discovery from a non-party if that same information is available from another party in the litigation. *See Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3, (M.D. Fla., June 6, 2006) (Courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Brown v. City of Syracuse,* 648 F.Supp.2d 461, 466 (N.D.N.Y.2009) (when balancing hardships between requesting party and non-party, court should consider whether there are other sources for obtaining the material); *Arthrex, Inc. v. Parcus Medical, LLC,* 2011 WL 6415540, at *6 (S.D. Ind., Dec. 21, 2011) (A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests).

*Motion to Quash and/or for Protective Order*

ii)     *The Subpoena Fails to Comply with Rule 45(c)(2)(a)*

The Subpoena requires HII to produce documents and electronically stored information at the "DLA Piper, LLC (USA), 200 S. Biscayne Blvd. Suite 2500, Miami, FL 33131." HII principal place of business in Tampa, FL. Rule 45(c)(2)(A) limits the location of the production of documents, electronically stored information or tangible things to "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." DLA's designated place of production (Miami, Florida) is well over 300 miles away from Tampa, Florida and, therefore, violates the geographic limitations prescribed by Rule 45(c)(2)(A). On a timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c).[1] This deficiency alone renders the Subpoena invalid.

iii)    **The Subpoena Should Be Quashed Because It Is Overbroad, Unduly Burdensome, and Disproportional to the Needs of the Case**

The overbroad and burdensome nature of the Subpoena is apparent from the fact that the Subpoena utilizes language seeking "any and all communications" and "any and all documents" related to this proceeding. This is a case, that HII is not a party to, which contains approximately 200 docket entries thus far. In order to respond to these requests HII would be required to learn everything about this heavily litigated case, cull through its records and analyze documents and communications to see their responsiveness. The undue burden associated with this type of invasive and costly discovery should not be permitted in a Rule 45 subpoena, especially to a non-party in a class action. *See Khan v. Rogers*, 2018 WL

---

[1] Fed. R. Civ. P. 45(d)(3)(A)(ii).

5849010, at *4 (N.D. Cal., Nov. 6, 2018) (determining requests to nonparty were overbroad and unduly burdensome because non-parties should not be burdened in discovery to the same extent as litigants themselves and that requests to nonparties should be narrowly drawn to meet specific needs for information. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559-560, 127 S.Ct. 1955, 1964 (2007) (discussing the expense involved in defending lawsuits and the hugely time-consuming undertaking of discovery). As this Court will see below, the specific requests are objectionable as they are written, seek information in the possession of the parties to the case, and constitute an impermissible expansion of the constraints set forth in Rule 45.

### The Requests and Specific Objections

1.      Any and all communications with the FTC, Receiver, or any third party relating to this proceeding.


Response: Objection as lacking reasonable particularity, overbroad, unduly burdensome, harassing, vague, not relevant to any clam or defense, not limited to and far beyond the scope of permissible discovery that is proportional to the needs of the case measured by the parties' access to relative information, the parties' resources, and HII's status as a non-party to the FTC Action.


This request is overbroad based on the use of the phrase "relating to" followed by the phrase "to this proceeding" which is a general category or group of documents or broad range of information. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2014); *U.S. E.E.O.C. v.*

*Vista Unified School Dist.*, 2008 WL 4937000, at *1 (S.D. Cal. Nov. 17, 2008) (granting a protective order where the "requests are overbroad in they seek 'all' documents that have no relevance to any claim or defense in this litigation"). This proceeding includes over 200 docket entries. This request is patently overbroad and disproportional. This request is also overbroad as it does not contain any limitation on temporal scope.

Finally, the request seeks documents that are primarily in the possession of parties to the instant litigation. Clearly, the FTC and the receiver are parties to the instant litigation and thus would be in possession of the documents requested. The Defendants should obtain this information from the FTC or Receiver who are also is in possession of the information. *See Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) (a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests).

2.    Any and all documents received from or sent to the FTC, Receiver, or any third party relating to this proceeding.

Response: Objection as lacking reasonable particularity, overbroad, unduly burdensome,

harassing, vague, not relevant to any clam or defense, not limited to and far beyond the scope of permissible discovery that is proportional to the needs of the case measured by the parties' access to relative information, the parties' resources, and HII's status as a non-party to the FTC Action.

This request is overbroad based on the use of the phrase "relating to" followed by the phrase "to this proceeding" which is a general category or group of documents or broad range of information. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2014); *U.S. E.E.O.C. v. Vista Unified School Dist.*, 2008 WL 4937000, at *1 (S.D. Cal. Nov. 17, 2008) (granting a protective order where the "requests are overbroad in they seek 'all' documents that have no relevance to any claim or defense in this litigation"). This proceeding includes over 200 docket entries. This request is patently overbroad and disproportional. This request is also overbroad as it does not contain any limitation on temporal scope.

Finally, the request seeks documents that are primarily in the possession of parties to the instant litigation. Clearly, the FTC and the receiver are parties to the instant litigation and thus would be in possession of the documents requested. The Defendants should obtain this information from the FTC or Receiver who are also is in possession of the information. *See Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6

(S.D. Ind. Dec. 21, 2011) (a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests).

3.      Any and all documents containing a list or schedule of the Defendants' (current and former) customers.

Response: Objection. This information is in the possession of Defendants or the requesting party should be able to obtain this information from the FTC or Receiver who also is in possession of the information. See *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) (a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests). This request is also overbroad as it does not contain any limitation on temporal scope. Furthermore, the definition of that the Defendant considers a current customer is confounding as it has been enjoined from operating by the FTC since 2018.

4.      Any   and   all   audio   or   written   recordings   of   conversations   or

communications between any of the Defendants, including their employees and agents, and any (potential) customers.

Response: Objection as lacking reasonable particularity, overbroad, unduly burdensome, harassing, vague, not relevant to any clam or defense, not limited to and far beyond the scope of permissible discovery that is proportional to the needs of the case measured by the parties' access to relative information, the parties' resources, and HII's status as a non-party to the FTC Action.

The term "potential" customer is not defined and HII is unable to ascertain what documents the requesting party is asking HII to produce. It is also unclear what "written recordings" are.

This information is in the possession of Defendants or the requesting party should be able to obtain this information from the FTC or Receiver who is also in possession of the information. See *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) (a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests). Any communications that exist between the Defendants and their customers or potential customers are recordings that are neceissarly made by the

*Motion to Quash and/or for Protective Order*

Defendants and are in their possession. To the extent the Defendants do not have access to these recordings at this time based on the actions of the FTC and/or the Receiver, those two entites are parties to the litigation and have access to such documents. Accoridngly, before the Defendants seek information from HII it must first exhause its opportunity to discovery information from parties in the case first. *See Andra Group, LP v. JDA Software Group, Inc.,* 312 F.R.D. 444, 452-453 (N.D. Tex. 2015).

This request is also overbroad as it does not contain any limitation on temporal scope.

    5.    Any and all telephone numbers, addresses and email addresses, related to any of the Defendants' (potential) customers.

Response: Objection. Objection as lacking reasonable particularity, overbroad, unduly burdensome, harassing, vague, not relevant to any clam or defense, not limited to and far beyond the scope of permissible discovery that is proportional to the needs of the case measured by the parties' access to relative information, the parties' resources, and HII's status as a non-party to the FTC Action. This request is unduly burdensome as it seeks to force HII to search all of its records to find information that are in the Defendant's own records. It is impermissible to expect HII to spend its time and resources on finding documents that the Defendants have access to through discovery from other parties in this case.

The term "potential" customer is not defined and HII is unable to ascertain what documents the requesting party is asking HII to produce. How can HII determine wo a potential customer is for the Defendants? Furthermore, HII would be not in possession of documents about potential customers of the Defendants as HII was not involved in the phone calls the Defendants made which are the subject of this action.

This information is in the possession of Defendants or the requesting party should be able to obtain this information from the FTC or Receiver who is also in possession of the information. See *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) (a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests).

This request is also overbroad as it does not contain any limitation on temporal scope.

6.   Any and all documents related to the Consumer Notice, including, but not limited to documents that reflect which individuals (i) received the Consumer Notice, (ii) cancelled their healthcare plans pursuant to the instructions in the Consumer Notice, and/or

*Motion to Quash and/or for Protective Order*

(iii) applied for comprehensive healthcare coverage pursuant to the instructions in the Consumer Notice.

Response: HII has agreed to produce responsive documents to this request.

7.    Any and all documents relating to payments made to the Defendants by HII, insurers, customers, or third parties related to the Defendants' business activities.

Response: Objection as lacking reasonable particularity, overbroad, unduly burdensome, harassing, vague, not relevant to any clam or defense, not limited to and far beyond the scope of permissible discovery that is proportional to the needs of the case measured by the parties' access to relative information, the parties' resources, and HII's status as a non-party to the FTC Action.

This request is overbroad based on the use of the phrase "relating to" followed by the phrase "payments" which is a general category or group of documents or broad range of information. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2014); *U.S. E.E.O.C. v. Vista Unified School Dist.*, 2008 WL 4937000, at *1 (S.D. Cal. Nov. 17, 2008) (granting a protective order where the "requests are overbroad in they seek 'all' documents that have no relevance to any claim or defense in this litigation).

The requesting party is seeking records of payments that the *Defendants received*. This

information is in the possession of Defendants or the requesting party should be able to obtain this information from the FTC or Receiver who is also in possession of the information. See *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (courts have discretion to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive); *see also Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) (a party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests). This request is also overbroad as it does not contain any limitation on temporal scope.

8.      Any and all documents relating to payments or consideration received by or owed to HII, insurers, or other third parties related to the Defendants' business activities.

Response: Objection as lacking reasonable particularity, overbroad, unduly burdensome, harassing, vague, not relevant to any clam or defense, not limited to and far beyond the scope of permissible discovery that is proportional to the needs of the case measured by the parties' access to relative information, the parties' resources, and HII's status as a non-party to the FTC Action.

This request is overbroad based on the use of the phrase "relating to" followed by the phrase "payments" or "consideration" which is a general category or group of documents or broad

range of information. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2014); *U.S. E.E.O.C. v. Vista Unified School Dist.*, 2008 WL 4937000, at *1 (S.D. Cal. Nov. 17, 2008) (granting a protective order where the "requests are overbroad in they seek 'all' documents that have no relevance to any claim or defense in this litigation). The term "consideration" is also not defined.

This request is patently vague and ambiguous and HII is unable to ascertain what information the requesting party is asking HII to produce.

As set forth in the specific responses above, all of the requests are overbroad based on the use of the omnibus term "relating to" or "concerning" followed by a general category or group of documents or a broad range of information. *See Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2014); *U.S. E.E.O.C. v. Vista Unified School Dist.*, No. 07-1825, 2008 WL 4937000, at *1 (S.D. Cal. Nov. 17, 2008) (granting a protective order where the "requests are overbroad in they seek 'all' documents that have no relevance to any claim or defense in this litigation"). HII is unable to ascertain what information DLA is requesting, other than "everything," that HII produce in these requests.

The information requested in Subpoena creates an undue burden on HII to respond to discovery as if HII was a named in the Complaint. The Defendants should not be permitted to interrupt HII's business with this unduly burdensome discovery request without directly showing that it is unable to obtain such information from their own records or those of the FTC or Receiver. *See Maxwell*, 2006 WL 1627020, at *3, (M.D. Fla., June 6, 2006).

*Motion to Quash and/or for Protective Order*

Furthermore, HII is a nonparty and it is unduly burdensome for HII to search for and produce the information the Defendants are requesting when the information may only be tangentially related to the issues that are actually at stake in the litigation. *See Flynn v. Square One Distribution, Inc.*, 2016 WL 2997673, at \*4 (M.D. Fla., May 25, 2016) (to be discoverable, the requested information must also satisfy the proportionality requirement meaning it must be more than tangentially related to the issues that are actually at stake in the litigation); *See* Fed. R. Civ. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

Simply put, the Defendants are requesting that HII produce every single document that may relate to this case with no regard for the fact that HII is not a party to the case, this discovery is unnecessary and irrelevant to the instant litigation, and can be obtained from parties to this case. This violates the proportionality requirement of Rule 26. These requests are harassing and disproportional to the needs of the case. For all of the reasons set forth above, the Subpoena should be quashed.

9. Any and all documents relating to or undermining the FTC's allegation that the Defendants used deceptive or unfair tactics to market or sell healthcare products to consumers.

Response: Following HII's meet and confer with DLA this request was withdrawn.

### iv)     Costs of Production

If any further production is required, the Court should order the Defendants or DLA to pay HII's costs of producing responsive documents. *See Ronnie Edwards v. Las Vegas Metro. Police Dept.*, No. 13-CV-01316, 2014 WL 7012436, at *3 (D. Nev. Dec. 12, 2014) ("non-parties are entitled to have the benefit of [the] Court's vigilance in ensuring the non-party does not suffer excessive or unusual expenses in complying with a subpoena duces tecum.") Courts may shift the costs of a non-party's compliance to the requesting party, if those costs are significant. *See Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (reversing district court's decision to deny costs under Rule 45(d)(2)(B)(ii) and remand for consideration of the proper allocation of costs). Because complying with the Subpoena, specifically request number 6, will necessarily incur costs to search for, review, copy and sending responsive documents, HII is entitled to recover such costs should anything further be produced.

### The Defendants and DLA Should Pay HII's Reasonable Attorney's Fees for this Motion

Rule 45(d)(1) provides that the Court for the district where compliance is required must enforce the duty of a party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena "and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." HII should be awarded fees incurred as a result of the Defendants and DLA's violation of Rule 45 in issuing a needlessly overbroad and burdensome subpoena.

*Motion to Quash and/or for Protective Order*

### IV. <u>Conclusion</u>

For all of these reasons,  Non-party, Health Insurance Innovations, respectfully requests this Court quash the Subpoena served on Health Insurance Innovations, Inc. on September 9, 2019, enter a protective order excusing Health Insurance Innovations, Inc. from producing documents responsive to the Subpoena, and if required to produce documents responsive to the Subpoena, the Defendants or counsel DLA be required to contribute to the cost of production in an amount to be determined as well as order any other relief in favor of Health Insurance Innovations, Inc. that the Court deems just and proper.

**LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE;
CONFERRED AND NO AGREEMENT HAS BEEN REACHED TO
RESOLVE THE ISSUES RAISED IN THE MOTION WITH PLAINTIFFS**

On September 23, 2019, Robby Birnbaum, Esq., counsel for HII, sent a meet and confer letter to Elan A. Gershoni, Esq., counsel for the Defendants. On September 27, 2019, Aaron Williams, Esq. and Elan A. Gershoni along with Ryan O'Quinn had a meet and confer phone call in an attempt to resolve the issues raised in this Motion.  Opposing counsel does not agree on a resolution of this Motion.

Dated: October, 11, 2019                 Respectfully submitted,

By: */s/ Aaron Williams*
    **Aaron T. Williams, Esquire**
    Florida Bar No. 099224
    Primary Email: aaron.williams@gmlaw.com
    **GREENSPOON MARDER LLP**
    2255 Glades Road, Suite 400-E
    Boca Raton, Florida 33431-7379
    Telephone: (954) 491.1120
    Facsimile:  (954) 343.6972

*Motion to Quash and/or for Protective Order*

*Attorneys for Non-Party, Health
Insurance Innovations, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was served via electronic mail on

this 11th day of October, 2019, to all counsel of record or pro se parties identified below.

**Elizabeth C. Scott, Esq.**

Email: escott@ftc.gov

Telephone: 312.960.5609

**Joannie Wei, Esq.**

Email: jwei@ftc.gov

Telephone: 312.960.5607

FEDERAL TRADE COMMISSION

230 South Dearborn Street, Suite 3030

Chicago, Illinois 60604

*Plaintiff*

**Ryan D. O'Quinn, Esq.**

Email: ryan.oquinn@dlapiper.com

**Elan A. Gershoni, Esq.**

Email: elan.gershoni@dlapiper.com

DLA PIPER LLP (US)

200 South Biscayne Boulevard, Suite 2500

Miami, Florida 33131

Telephone: 305.423.8500

*Counsel for Defendant, Steven Dorfman*

**James Davis, Esq.**

Email: jdavis@ftc.gov

FEDERAL TRADE COMMISSION

55 West Monroe Street, Suite 1825

Chicago, Illinois 60603

Telephone: 312.960.5611

*Motion to Quash and/or for Protective Order*

*Plaintiff*

By: *s/ Aaron T. Williams* _____

Aaron T. Williams, Esq.