UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

    Plaintiff,
vs.

SIMPLE HEALTH PLANS, LLC, et al.,

    Defendants.
_____/

**RECEIVER'S RESPONSE TO DEFENDANT STEVEN DORFMAN'S**
**MOTION TO EXTEND MONTHLY LIVING ALLOWANCE**

Michael I. Goldberg, as court-appointed receiver (the "Receiver") over defendants Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, Senior Benefits One LLC, and their subsidiaries, affiliates, successors and assigns (each, a "Receivership Entity" and collectively, the "Receivership Entities") hereby files this response in opposition to Defendant Steven Dorfman's Motion to Extend Monthly Allowance ("Motion") [ECF No. 214] and states as follows:

**PRELIMINARY STATEMENT**

Steven Dorfman ("Dorfman") asks the Court to extend the limited monthly allowance it permitted Dorfman to receive for a period not to exceed one year from the date this action was filed. [ECF No. 170]. In support of his renewed request, Dorfman states only that his financial situation "has not changed since he initially requested the Allowance and he needs the Allowance in order to pay for his basic living expenses." Motion at 2. More than one year has passed since the commencement of the receivership. The Receiver maintains his position that

Mr. Dorfman should have been able to find a job to support himself during that time, particularly given that the Court granted him an allowance for that purpose. Moreover, the Court has now found, on a preliminary basis and after an evidentiary hearing, that Dorfman was responsible for defrauding thousands of victims out of tens of millions of dollars. Nothing entitles Dorfman to utilize funds that would otherwise go to the victims for an unlimited paid vacation. Permitting Dorfman to draw funds from the estate that should go to the victims of his fraud based only on the threadbare contentions set forth in the Motion would be improper. The Receiver continues to field calls from policy holders and former employees of the Receivership Entities about the harm that has befallen them. In light of this, Dorfman should no longer receive a monthly stipend out of the funds that should rightly be preserved for the benefit of his victims.

## BACKGROUND

The FTC commenced this case on October 29, 2018. On October 31, 2108, after considering the FTC's filing, the Court entered a TRO with an asset freeze thereby freezing Dorfman's assets.[1] As required by the TRO, Dorfman submitted a sworn financial statement indicating that in addition to funds in his and his companies' bank accounts, he and his wife collectively had more than $100,000 in cash. At that time, his wife's cash totaled $85,100 and she also listed $43,199.20 in her bank accounts. Her assets are not now nor have they even been frozen as a result of these proceedings. On December 3, 2018, Dorfman filed a motion to modify

---

[1] The Receiver was appointed as the Permanent Receiver when this Court issued a Preliminary Injunction on May 14, 2019 (the "PI") [ECF No. 139]. Among other things, the PI required Dorfman to provide complete financial statements to the FTC and to complete IRS Form 4506, which permits a request for copies of his individual tax returns. PI at 29-30. The PI also requires Dorfman to provide the Receiver with sworn/verified financial information regarding accounts outside of the United States that are either titled in his name individually or jointly along with information about accounts outside of the United States held in the name of the Receivership Entities. *Id.* at 30.

the TRO to pay his living expenses. [ECF No. 41].  On December 6, 2018, the Court entered an order directing the Receiver to pay Dorfman $5,000 per month.

Following the December 6, 2018 Order, Dorfman filed an expedited motion seeking clarification of whether he would retain his entitlement to a monthly allowance. (the "Motion for Clarification") [ECF No. 164].  After a hearing, the Court granted the Motion for Clarification, in part, extending the allowance through October of 2019. [ECF No. 170].  At that hearing, Dorfman sought an opportunity to revisit the monthly allowance he was provided in the future, and to seek to extend that allowance by further Order of this Court. [ECF No. 181 at 10: 12-22].[2] In response, the Court noted that in order to seek additional relief, Mr. Dorfman would have to make a sufficient showing. *Id.* at 10:23-25; 11:1-4. Notably, the Court put Dorfman on notice that a sufficient showing would include providing both the FTC and the Receiver additional access to financial information. *Id.* at 11:1-4.  The Court's requirement for Dorfman to make a sufficient showing is consistent with the requirements set forth in the PI, which was entered subsequently.

The Motion, which relies only on Dorfman's unsworn statements about his financial condition, fails to provide a sufficient showing. Moreover, as discussed below, Dorfman has yet to fully comply with the terms of the PI with respect to access and information about foreign accounts.  Thus, the Motion should be denied.

---

[2] A transcript of the Telephonic Hearing held by the Court on the Motion for Clarification can be found at ECF No. 181. The citations provided herein are to the relevant pages and lines of the transcript.

3

## ARGUMENT

Courts have the discretion to unfreeze assets to pay for living expenses or attorneys' fees. *FTC v. IAB Mktg. Assocs.*, 972 F.Supp. 2d 1307, 1313 (S.D. Fla. 2013). One purpose of the asset freeze is to ensure that funds are available to provide consumers redress and deprive wrongdoers of their ill-gotten gains. *Id.* When frozen funds amount to substantially less than the potential monetary liability, it is appropriate to maintain the asset freeze to preserve the assets for consumer redress. *Id.* at 1314. *See, also*, *FTC v. World Patent Mktg.*, No. 17-cv-20848, 2017 WL 3508639, at *16 (S.D. Fla. Aug. 16, 2017) (Gayles, D.) ("The vast disparity between Defendants' substantial ill-gotten gains and the meager value of the frozen assets supports maintaining the asset freeze."); *FTC v. Lanier Law, LLC*, No. 3:14-cv-786, 2015 WL 9302786, at *3 (M.D. Fla. Dec. 22, 2015) (denying release of funds to obtain legal counsel because frozen funds fell far short of potential liability).

Nothing in the asset freeze or the Court's orders prohibits Dorfman from working. He has now had more than a year to find a job. The Motion provides no information about Dorfman's efforts to obtain employment nor does Dorfman indicate that his wife's assets have been depleted such that a continued allowance is warranted. To the extent that Dorfman's contention remains that his wife should not be *forced* to contribute to their joint living expenses, the Court must consider that contention in the context of the findings set forth in the PI. There is little doubt that the receivership estate will not have sufficient funds to satisfy the victims' claims in full. The Receiver believes these facts alone warrant that the Court use its discretion to deny Dorfman a further living expense allowance.

Beyond this, the Receiver also notes that, to date, Dorfman has failed to fully and completely comply with the terms of the PI. On September 5, 2019, the FTC and Dorfman with

participation from the Receiver's counsel agreed to take certain steps to comply with Sections V and VI of the PI, including, among other things, working with the Receiver and his counsel to request from the appropriate institutions all account documents related to any foreign accounts, including those listed in his FBARs[3] and the FTC's expedited discovery requests. At that time, the FTC sought Dorfman's full compliance or his best efforts to comply within a week's time. Compliance included providing the Receiver with opening and closing documents for the accounts and three years of statements for any account opened within three years prior to this action being filed. In addition to these steps, the FTC asked that Dorfman work with the Receiver and his counsel to: (i) prepare an accounting of all foreign accounts and assets; (ii) repatriate all foreign documents and assets; (iii) take steps necessary to repatriate foreign assets and accounts, including, where available, providing online access to any foreign accounts, and (iv) providing a revised sworn financial statement to accurately reflect all of his assets and interests in foreign business along with a signed IRS Form 4506. Each of the foregoing steps are what is required of Dorfman under the PI.

In his discussions with the Receiver's counsel, Dorfman's position has been that he has no information about these foreign accounts and that other employees of the Receivership Entities actually transacted business with these accounts. So, to facilitate information gathering, the Receiver's counsel provided language to Dorfman that could be used to obtain access and information to the accounts in question. To date, the only information that has been provided to the Receiver is a set of spreadsheets that purport to be downloads from an account held at Banco Popular by Soluciones Omfri (which is a call center maintained by the Receivership Entities in

---

[3] The FBARs at issue are reports of foreign banks and financial accounts signed by Dorfman that contain information about accounts held by Dorfman and/or the Receivership Entities in Panama or the Dominican Republic.

the Dominican Republic) showing a total available balance of $24,122.02.  Although there is no question that these are assets that belong to the estate, Dorfman has made no effort to date to repatriate these funds despite the clear requirements of the PI nor have any of the account opening documents for this account been provided to the Receiver. Dorfman has also apparently been unable to coordinate the production of documents and information from Banco Lafise, which is the Panamanian bank identified in the FBARs, despite his obligation to assist and take all necessary efforts to provide access to this information.

Under the circumstances, where significant financial information has yet to be provided to the Receiver that goes directly to the question of whether it is appropriate for this Court to enter an Order providing Dorfman with a continued monthly living allowance, the Motion must be denied.  The Court is essentially being asked to take a limited view of Dorfman's financial picture for the purpose of affording him a monthly living allowance when Dorfman's actual financial picture is anything but transparent.  For instance, no explanation has been offered for why Dorfman has failed to execute Form 4506 so that copies of his tax returns can be obtained. Dorfman's failure to fully and completely comply with the terms of the PI should not be rewarded particularly where, as here, he has failed to make the proper showing for why he should be entitled to an extension of the monthly living allowance.

WHEREFORE, the Receiver respectfully requests the Court to denying the motion and grant such other relief as is just and proper.

Dated: October 16, 2019 Respectfully submitted,

  /s/ Naim S. Surgeon
Naim S. Surgeon, Esq.
Florida Bar Number: 101682
Email: naim.surgeon@akerman.com
*Counsel for Receiver*

Michael I. Goldberg, Esq.
Florida Bar Number: 886602
Email: michael.goldberg@akerman.com
*Court-appointed Receiver*

**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2999
Phone: (954) 463-2700
Fax: (954) 463-2224

50493232;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this October 16, 2019 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case as indicated on the attached Service List.

By: */s/ Naim S. Surgeon*
Naim S. Surgeon, Esq.

## SERVICE LIST

**Counsel for Plaintiff Federal Trade Commission**

**Elizabeth C. Scott**
US Federal Trade Commission
Midwest Region
230 S. Dearborn St., Ste 3030
Chicago, IL 60604
Email: escott@ftc.gov

**James Davis**
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603
312-960-5611
Email: jdavis@ftc.gov

**Joannie Wei**
Federal Trade Commission
230 South Dearborn Street, Suite 3030
Chicago, IL 60603
(312) 960-5607
Email: jwei@ftc.gov

**Counsel for Court-Appointed Receiver**

**Naim Surgeon**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
305-982-5679
305-374-5095 (fax)
naim.surgeon@akerman.com

**Joan Levit**
Akerman LLP
350 East Las Olas Blvd, Suite 1600
Fort Lauderdale, FL 33301
954-331-4125
joan.levit@akerman.com

**Counsel for Defendant Steven J. Dorfman**

**Ryan Dwight O'Quinn**
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131
305-423-8553
Fax: 305-675-0807
Email: ryan.oquinn@dlapiper.com

**Elan Abraham Gershoni**
DLA Piper LLP (US)
200 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131
305.423.8500
Fax: 305.675.0527
Email: Elan.Gershoni@dlapiper.com

**Cour-Appointed Receiver**

**Michael Ira Goldberg**
Akerman LLP
Las Olas Centre
350 E Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301-0006
954-463-2700
463-2224 (fax)
michael.goldberg@akerman.com

50493232;1