UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,<br><br>        Defendants. | **Case No.: 18-cv-62593-DPG** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND COMPLAINT**

The Federal Trade Commission ("FTC") has timely sought leave to amend its Complaint to add an individual defendant[1] and an additional statutory basis for the FTC to obtain monetary relief, one that Defendant Steven Dorfman ("Dorfman") has acknowledged multiple times on the record would apply in this case. The proposed Amended Complaint adds no new factual allegations or complaint counts against Dorfman, and simply pleads "relief in the alternative," as plainly allowed by Federal Rule of Civil Procedure 8(a)(3). Merits discovery has only just begun and trial is over a year away. Federal Rule of Civil Procedure 15(a)(2) requires that leave to amend be given "freely" when "justice so demands." Allowing the FTC's timely amendment to add an additional basis to obtain monetary relief on behalf of consumer victims is plainly within the interest of justice.

Dorfman's "Limited Response" (DE 217) in opposition to the FTC's Motion (DE 213) fails to present any basis to rebut Rule 15(a)(2)'s liberal standard. Dorfman argues that the FTC

---

[1] Dorfman's response does not address the FTC's request for leave to add Candida Girouard, his advisor and Simple Health's Chief Compliance Officer, and he has waived any argument he might make in opposition to that amendment.

has unduly delayed its amendment of the Complaint and that he will suffer undue prejudice if the amendment is allowed.  Those arguments fall flat.  There is no undue delay, as Dorfman agreed to the deadline for seeking to amend the complaint, discovery does not conclude until May 2020, and trial is over a year away.  The only purported prejudice Dorfman claims is that he has spent months repeatedly making the same unsuccessful argument that Section 13(b) of the FTC Act does not authorize the FTC to obtain monetary relief despite decades of Eleventh Circuit law holding that it does.  Any resources Dorfman spent on his unsuccessful arguments are a result of his own litigation strategy and do not rise to the level of "prejudice" relevant to a Rule 15(a) motion to amend.  The Court should grant the FTC leave to amend its Complaint.

**I.     Argument**

**A.  The FTC is Permitted to Plead Alternative Bases of Relief**

The FTC has alleged that Defendants violated both Section 5(a) of the FTC Act and the Telemarketing Sales Rule, 16 C.F.R. Part 310 ("TSR").  The Eleventh Circuit has explicitly held that where liability is established for "violation[s] of [both] section 5(a) and the TSR, the FTC [is] entitled to seek relief under both section 13(b), 15 U.S.C. § 53(b), and section 19(b), 15 U.S.C. § 57b, of the FTC Act."  *FTC v. Washington Data Res., Inc.*, 704 F.3d 1323, 1326 (11th Cir. 2013).  While Dorfman disagrees with the Eleventh Circuit regarding the availability of equitable monetary relief pursuant to Section 13(b), he has repeatedly acknowledged its availability pursuant to Section 19.[2]  In spite of his acknowledgment that Section 19 is available to the FTC as a means to obtain equitable monetary relief in this action, Dorfman now objects to

---

[2] *See, e.g.*, DE 79 at 7, 15-17 ("Section 19b allows the FTC to collect monetary judgments" and "Section 19b provides the FTC the arsenal it subsequently needs to seek financial relief, to punish recalcitrant actors, and to remediate past violations"); DE 134 at 8-10 (same); DE 157 at 2 (The FTC is authorized, under Section 19b, to seek "more robust remedies, such as disgorgement, restitution, rescission, and reformation").

the FTC pleading Section 19 as an alternative or additional basis of relief. Even if Eleventh Circuit law were not crystal clear on this issue, Federal Rule of Civil Procedure 8 plainly allows pleading in the alternative, which is precisely what the FTC seeks to do.[3]

The FTC is still pursuing its claims and seeking equitable relief pursuant to Section 13(b) of the FTC Act. By seeking to add an *alternative* or *additional* basis for relief, the FTC has not, as Dorfman argues, conceded that his repeated arguments against the availability of such monetary relief under Section 13(b) are correct. This is obvious from even a cursory reading of the Proposed Amended Complaint (DE 213-1). One is not supplanting the other, and the FTC is entitled to seek relief on all bases available to it. Here, that means pursuing relief under both Sections 13(b) and 19, and allowing the FTC to allege the applicable statutory bases to obtain monetary relief on behalf of consumer victims is squarely in the interest of justice. This is particularly true given the liberal standards for granting leave to amend a pleading. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *see also In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (The "thrust of Rule 15(a) is to allow parties to have their claims heard on the merits," and district courts "should liberally grant leave to amend . . . .") (citation and internal quotes omitted); *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1185 (11th Cir. 2014) (A district court has "limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it.") (citation and internal quotes omitted).

---

[3] "A pleading that states a claim for relief must contain: . . . a demand for the relief sought, which *may include relief in the alternative* or different types of relief." Fed. R. Civ. P. 8(a) (emphasis added).

### B. Dorfman Will Not Suffer Prejudice With The Addition Of Section 19 As An Alternative Basis For Relief

Dorfman's main argument in his opposition is that the FTC unduly delayed filing and that he will suffer "substantial prejudice" if the Court allows the FTC's amendment. As the party opposing the Rule 15(a) amendment, Dorfman has the burden to show that he would suffer undue prejudice as a result of the amendment. *See*, *e.g, Allstate Ins. Co. v. Regions Bank*, Civil Action No. 14-0067-WS-C, 2014 WL 4162264, at *6 (S.D. Ala. Aug. 19, 2014); *see also Uzoukwu v. Metropolitan Washington Council of Gov'ts*, 983 F.Supp.2d 67, 83 (D.D.C. 2013) ("The non-movant generally carries the burden of persuading the court to deny the [Rule 15(a)] motion."); *Air Products and Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F.Supp.2d 329, 332 (E.D. Pa. 2003) (same). To satisfy his burden, Dorfman must "demonstrate that [his] ability to present [his] case would be seriously impaired were the amendment allowed." *Allstate Ins.*, 2014 WL 4162264, at *6 (citation omitted); *see also Henderson v. U.S. Fidelity and Guaranty Co.*, 620 F.2d 530, 534 (5th Cir. 1980) (opposing party must show "the amendment or delay inhibited [the party's] ability to defend"); *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Assoc.*, 44 F. Supp. 3d 1062, 1067 (D. Colo. 2014) ("Under Fed. R. Civ. P. 15(a), undue prejudice means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the plaintiff."); *Shea v. Clinton*, 288 F.R.D. 1, 7 (D.D.C. 2012) ("[T]he non-movant must show unfairness in procedure or timing preventing the non-movant from properly responding."). Here, Dorfman has failed to articulate any prejudice to him that would result from the FTC's amendment.

Significantly, the parties agreed to, and the Court entered, a scheduling order that allowed the parties until September 30, 2019 to file motions to amend the pleadings. (DEs 185 and 191). The FTC filed its Motion for Leave to Amend on that date. Although this case has been pending

for almost a year, the litigation has barely progressed.  Merits discovery is just underway and continues until May 2020, leaving Dorfman ample time to obtain discovery relating to the Amended Complaint.  Any trial in this matter will not occur for more than a year.

Moreover, the bulk of Dorfman's complaints appear to be about the *past* expenditure of resources in his improbable quest to persuade the Court to ignore binding Eleventh Circuit precedent, and the Eleventh Circuit to convene en banc and overrule its precedent.  This is not prejudice resulting from the FTC's addition of Section 19.  Dorfman mentions "redundant litigation that would result from allowing the amendment" but does not explain or describe what that litigation would be.  It has been Dorfman's own decision to focus on one single legal issue in this litigation, to the near exclusion of all others.  Dorfman's one-track defense to this matter has included countless motions making the same arguments about Section 13(b), one premature appeal that was quickly dismissed, and two others that remain pending.  The only redundancy that exists has been caused by his own litigation choices, which the FTC could not have predicted and for which the FTC should not be penalized.

In addition, Dorfman's past expenditure of resources simply is not the type of "prejudice" contemplated by the courts when considering whether to allow an amendment.  Rather, courts consider whether the amendment would cause prejudice to the party's ability to defend going forward, and they routinely find that the interest of justice favors allowing amendments at this early stage in the litigation.  *See, e.g.*, *Boykin v. Home Choice of Alabama, Inc.*, No. CV 18-1281-WS-MU, 2019 WL 2571249, at *3-4 (S.D. Ala. June 20, 2019) (finding "no conceivable prejudice" where the leave was sought "well before the close of discovery, well before the filing of dispositive motions, and well before the scheduling order deadline"); *Koeppel v. Dist. Bd. Of Trustees of Valencia Coll., Fla*, No. 6:15 cv-1800 Orl-40DAB, 2016 WL, 11455982, at *2 (M.D.

5

Fla. Sept. 16, 2016) (motion for leave to amend filed "within the timeline set by the Court" in its scheduling order was "timely made"); *Buja v. Novation Capital, LLC*, No. 15-81002-CIV, 2016 WL 11501766, at *1-2 (S.D. Fla. Aug. 23, 2016) (no prejudice or undue delay when motion for leave to amend filed prior to scheduling order deadline, with seven months of discovery remaining and nine months prior to dispositive motions); *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2011 WL 13214109, at *2 (S.D. Fla Feb. 18, 2011) (finding no bad faith, dilatory motives, or prejudice where discovery still ongoing, trial date not yet set, and no summary judgment motions filed); *Spottswood v. Stewart Title Guar. Co.*, Civil Action No. 10-0109-WS-B, 2010 WL 2595092, *2 (S.D. Ala. June 23, 2010) (no undue delay where scheduling order deadline had not expired, months of discovery remained, and litigation was far nearer its inception than its conclusion).

The FTC is not blindsiding Dorfman with a last minute addition of an obscure statutory provision. Dorfman is well aware of this authority and has conceded multiple times to the Court that the FTC can obtain monetary relief under Section 19.[4] In addition, the second count of the FTC's Complaint clearly states a claim for a violation of the TSR. The invocation of Section 19, which applies to claims brought for violations of rules such as the TSR, as a basis of relief alongside Section 13(b) is entirely appropriate and unsurprising.[5]

Dorfman also appears to be arguing that he will be prejudiced going forward if the FTC is permitted to amend, but it is even harder to contemplate what prejudice arises out of the FTC's

---

[4] *See supra* note 2.

[5] Moreover, the FTC's original Complaint alleges Section 6(b) of the Telemarketing Act, 15 U.S.C. §6105(b) as authority for the Court to grant relief for Dorfman's violations of the Telemarketing Sales Rule. (DE 1 at ¶ 68). Section 6(b) of the Telemarketing Act authorizes the FTC to obtain all remedies available under the FTC Act for such rule violations, 15 U.S.C. § 6105(b), which of course would include Section 19 of the FTC Act.

6

proper pleading of an available form of relief and Dorfman's having to respond to it.  "[T]he expenditure of some additional time, effort, or money do not constitute undue prejudice." *Allstate Ins.*, 2014 WL 4162264, at *6 (citations omitted); *see also Queen Virgin Remy Co. McKinley v. Thomason*, No. 1:15-CV-1638-SCJ, 2016 WL 4267801, at *1 (N.D. Ga. Apr. 15, 2016) ("While Defendant may suffer prejudice in having to defend against additional claims, this is not the undue prejudice contemplated by Rule 15); *United States v. 34 Luxury Vehicles*, No. 2:13-CV-793-FTM-38CM, 2014 WL 12618181, at *2 (M.D. Fla. Aug. 20, 2014) (that "the additional legal theory will cause this case to be more difficult to litigate and defend does not demonstrate undue prejudice"); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9 (D.D.C. Dec. 30, 2013) ("[A]n amendment is not automatically deemed prejudicial if it causes the non-movant to expend additional resources" because "[a]ny amendment will require some expenditure of resources on the part of the non-moving party."); *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 228 (E.D. Pa. Mar. 6, 2012) ( "[T]he need for additional discovery due to amendment does not, without more, prejudice the non-moving party.").

On the flipside, allowing the FTC to pursue monetary relief on behalf of the thousands of victims of Defendants' scheme under an applicable statutory provision is precisely what the interests of justice require.  Indeed, Federal Rule of Civil Procedure 54 even contemplates that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."  The Federal Rules clearly favor allowing parties to pursue and receive all forms of relief to which the law entitles them, as does the Eleventh Circuit. *See Carter v. Diamondback Golf Club, Inc.*, 222 F. App'x 929, 932 (11th Cir. 2007) (courts should not deny relief "merely because [the party] failed to specifically request such relief in his

complaint" and "Rule 54 requires the district court to grant the relief to which each plaintiff is entitled, even if that relief is not requested in the complaint."). If the Court were to deny the FTC the ability to amend the Complaint at this early stage in the litigation, it is Defendants' tens of thousands of consumer victims who would be gravely prejudiced. The interests of these victims in receiving statutorily authorized relief far outweighs any "prejudice" Dorfman may suffer from having to respond to an amendment that he essentially foresaw *and* conceded is legally sound.

### C. The FTC's Amendment to Add Section 19 to the Complaint Is Not Futile

The FTC's proposed amendment to its Complaint is not futile, as Dorfman argues. First, as discussed above, Dorfman himself has acknowledged multiple times to this Court that Section 19 allows the FTC to seek equitable monetary relief. Second, the Court has already rejected Dorfman's arguments in his Motion to Dismiss and found that the FTC's original Complaint states a claim for relief. (DE 182). Third, the Court found in granting the Preliminary Injunction that the FTC is likely to succeed on the merits of all of its claims, including that Dorfman is individually liable. (DE 139 at 15-21). In his opposition, Dorfman ignores the Court's prior rulings and attempts to reincorporate his Motion to Dismiss arguments, arguing that "the original Complaint should have been dismissed." He cannot simply disregard a prior ruling from the Court because it was unfavorable to him. None of the underlying allegations of the Complaint, as they pertain to Dorfman, will be changed by the proposed amendment, and the FTC's addition of an alternative basis for relief is not futile.

**D.      No Hearing is Required**

Dorfman also requests an hour-long hearing on this routine motion.  No hearing is necessary to resolve this straightforward issue.  The Court should grant the FTC's timely Motion for Leave to Amend Its Complaint.  It is in the interest of justice to do so.

**II.     Conclusion**

For the foregoing reasons, the FTC respectfully requests that the Court grant the FTC leave to file the Amended Complaint.

Dated:  October 21, 2019            Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

/s/ *Joannie Wei*
ELIZABETH C. SCOTT, Special Bar No. A5501502
escott@ftc.gov; (312) 960-5609
JAMES H. DAVIS, Special Bar No. A5502004
jdavis@ftc.gov; (312) 960-5611
JOANNIE WEI, Special Bar No. A5502492
jwei@ftc.gov; (312) 960- 5607

Federal Trade Commission
230 S. Dearborn Street, Suite 3030
Chicago, Illinois  60604
Telephone:  (312) 960-5634
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this October 21, 2019, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

                                                */s/ Joannie Wei*
                                                JOANNIE WEI, Special Bar No. A5502492