UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62593-CIV-GAYLES/SELTZER

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Non-Party Health Insurance Innovations, Inc.'s Motion to Quash Subpoena and Motion for Protective Order and Incorporated Memorandum of Law[1] ("Motion to Quash") (DE 215) and Defendant Steven Dorfman's (I) Response in Opposition to Motion to Quash Subpoena and (II) Motion to Compel Health Insurance Innovations ("HII") to Comply with Subpoena and Request for Sanctions ("Motion to Compel") (DE 216). This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida (DE 191). The Court has considered both motions, and the response, and is otherwise duly advised. For the reasons set forth below, it is **ORDERED** that the Motion to Quash (DE 215) be **GRANTED IN PART AND DENIED IN PART** and that the Motion to Compel (DE 216) be **GRANTED IN PART AND DENIED IN PART**.

---

[1] HII requests the Court to quash the Subpoena,or, in the alternative, to enter a protective order excusing HII from having to respond (DE 215 at 4).

1

I.      **Background**

Plaintiff, the Federal Trade Commission ("FTC"), filed its Complaint for Permanent Injunction and other equitable relief on October 18, 2018, alleging that Defendants misled consumers to believe they were purchasing comprehensive health insurance coverage when, in fact, they were purchasing merely limited benefit insurance (DE 139 at 2-3).  The District Court entered a Temporary Restraining Order, on October 31, 2018, prohibiting Defendants from making further sales of the limited benefit plans (DE 144 at 5).  "[E]xisting customers, [however,] . . . continued to make regular, ongoing payments to HII [as the third-party administrator[2]], thereby maintaining whatever coverage they [had] under the limited benefit plans." Id.  At Plaintiff's request, and without opposition from HII, the Court ordered HII to cooperate with a Receiver to notify "thousands of consumers . . . paying HII" that they had not purchased comprehensive health insurance coverage and to instruct on how to make such a purchase (DE 144 at 6-10; DE 144-1).  In this respect, HII was ordered to securely provide customer and product information to the Receiver and to issue refunds to customers unwilling to continue with a limited benefit insurance plan (DE 144-1 at 3-5).

The Motion to Quash (DE 215) and the corresponding Motion to Compel (DE 216) arise from the efforts of Defendant Dorfman to propound discovery upon HII, the third-party administrator for the carriers providing the insurance products that Defendants had allegedly deceptively sold.  (See DE 144 at 2.)  On October 16, 2019, the Court offered

---

[2] The International Risk Management Institute, Inc. defines a third-party administrator as "a firm that handles . . . claims administration, loss control, risk management information systems, and risk management consulting." See *Glossary*, IRMI.COM, https://www.irmi.com/term/insurance-definitions/third-party-administrator. (last visited Nov. 15, 2019).

Defendant Dorfman and HII the opportunity for oral argument and instructed both HII and Defendant Dorfman to schedule a discovery hearing, yet neither made the effort to do so (DE 219).  Accordingly, the Court will address the discovery dispute on the basis of the written filings.

In its Motion to Quash, HII objects to eight (8)[3] of the following nine (9) discovery requests from Defendant Dorfman (DE 215):

>  1. Any and all communications with the FTC, Receiver, or any third party relating to this proceeding.  Id. at 8.
>
>  2. Any and all documents received from or sent to the FTC, Receiver, or any third party relating to this proceeding.  Id. at 9.
>
>  3. Any and all documents containing a list or schedule of the Defendants' (current and former) customers.  Id. at 11.
>
>  4. Any and all audio or written recordings of conversations or communications between any of the Defendants, including their employees and agents, and any (potential) customers.  Id. at 11-12.
>
>  5. Any and all telephone numbers, addresses and email addresses, related to any of the Defendants' (potential) customers.  Id. at 13.
>
>  6. Any and all documents related to the Consumer Notice, including, but not limited to, documents that reflect which individuals (i) received the Consumer Notice, (ii) cancelled their healthcare plans pursuant to the instructions in the Consumer Notice, and/or (iii) applied for comprehensive healthcare coverage pursuant to the instructions in the Consumer Notice.  See id. at 3 (stating that HII will respond) (emphasis added).
>
>  7. Any and all documents relating to payments made to the Defendants by HII, insurers, customers, or third parties related to the Defendants' business activities.  Id. at 15.

---

[3] HII's Motion to Quash addresses the nine (9) discovery requests in Defendant Dorfman's Subpoena and reports that following conferral, HII and Defendant Dorfman agreed that: 1) Defendant Dorfman would withdraw request number nine and 2) HII would produce responsive documents to request number six.  Defendant Dorfman's Response, however, does not confirm withdrawal of request number nine.  Thus, the Court addresses all requests except for number six, to which HII agreed to produce responsive documents.

3

8. Any and all documents relating to payments or consideration received by or owed to HII, insurers, or other third parties related to the Defendants' business activities. Id. at 16.

9. Any and all documents relating to or undermining the FTC's allegation that the Defendants used deceptive or unfair tactics to market or sell healthcare products to consumers. Id. at 18.

## II.     Legal Standards

The scope of discovery under the Federal Rules of Civil Procedure is provided by Rule 26(b)(1), which states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Although the scope of discovery is broad, it is not without limits. For instance, Rule 45 requires that the "party or attorney responsible for issuing and serving a subpoena [] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Id. at (d)(1).

By contrast, the burden is on the objecting party to demonstrate with specificity how an objected-to request is unreasonable or unduly burdensome. See Rossbach v. Rundle, 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985)). Moreover, boilerplate objections and generalized responses stating, for example, that a request is "overly broad, or unduly burdensome" are without merit. Alhassid v. Bank of America, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015).

4

### III. Analysis

#### A. HII's Omnibus Objections

HII raises four omnibus objections: 1) the Subpoena was not served in its entirety on HII; 2) Rule 45(c)(2)(A) excuses production because Defendant Dorfman designated a place of production more than 100 miles away from HII's principal place of business; 3) the Subpoena is overbroad, unduly burdensome, and disproportional to the needs of the case; and 4) the documents sought are already in the possession of the parties to the lawsuit (DE 215 at 1-7). The Court overrules each of these objections for the reasons set forth below.

With respect to HII's first objection, as Defendant Dorfman notes, "(i) HII annexed a complete copy of the Subpoena to the Motion to Quash; and (ii) (a) affidavits of service and (b) email correspondence evidence that the Subpoena was served on HII and its counsel" (DE 216 at 2; DE 216-2; DE 216-3; DE 216-4; DE 215 at 2; DE 215-1). Thus, the Court finds HII's first objection meritless.

HII's second objection, that it should not have to comply beyond the geographical limits set forth in Rule 45(c)(2)(A), is undermined by HII's own response to request number six, wherein it previously sent to Defendant Dorfman "on [a] flash drive" documents responsive to the request (DE 216-4 at 2). To the extent that HII had previously sent a flashdrive in response to the Subpoena, it has waived this objection and showed that the geographical distance is not an obstacle to its production. Moreover, Defendant Dorfman has offered to allow HII to produce its response at his counsel's office in Tampa (Florida), the city in which HII is located (DE 216 at 2). Accordingly, HII's second objection does not provide grounds for quashing the Subpoena.

HII's third objection is without merit because it consists entirely of boilerplate language – disproportional, lacking particularity, overbroad, ambiguous, and unduly burdensome – without particularized explanations as to how the discovery requests are objectionable.  "In the Eleventh Circuit, objections to discovery must be 'plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable.'" Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 688 (S.D. Fla. 2011) (citing Panola Land Buyers Ass'n, 762 F.2d at 1559 (11th Cir.1985)).  HII's invocation of such boilerplate objections fails to provide adequate grounds for quashing the Subpoena.

Finally, the fourth objection lacks merit because the fact that a party may already possess documents does not prohibit the party from requesting the production of those same documents from another source.  See Puccio v. Sclafani, 2013 WL 4068782, at *2 (S.D. Fla. Aug. 12, 2013).  Furthermore, as Defendant Dorfman argues, "there is no certainty that the [other parties] possess an entire set of the Requested Records" (DE 216 at 7).  Defendant Dorfman also avers that HII is the only entity with a complete set of the documents sought.  Id.  Accordingly, this objection does not provide grounds for excusing HII from production.

### B.     HII's Specific Objections and Request for Cost-Sharing

To the extent that HII states objections specific to the enumerated requests, the Court addresses each in turn.  With respect to request numbers one and two, HII objects to the phrase "relating to this proceeding" as being overbroad, noting that there are over 200 docket entries in this proceeding (DE 215 at 8-9).  HII argues further that these requests "[do] not contain any limitation on temporal scope." Id. at 9 -10.  Defendant

Dorfman argues that he explained to HII that the phrase "is meant to narrow the scope . . . to [documents] discussing this action (DE 216 at 10). The Court finds that this scope is properly limited and that the requests are sufficiently defined. Accordingly, HII's objections to request numbers one and two provide no basis for relief.

HII specifically objects to request number four because: 1) the term "potential" customer is not defined; 2) the reference to "written recordings" is unclear; and 3) the request does not contain any limitation on temporal scope (DE 215 at 12-13). HII also contends that it was not involved in Defendants' solicitation phone calls. Id. at 14. Defendant Dorfman does not address HII's objections in his Response (DE 216). First, as to HII's non-involvement in phone calls, should HII have nothing to produce responsive to the request, it merely needs to so state. Second, the Court finds that reasonable inferences may be drawn as follows: 1) that "potential" customers are individuals solicited to purchase various products that Defendants sold; 2) that "written recordings" are transcripts; and 3) that the temporal scope is the period during which the solicitations occurred. Thus defined, the Court concludes that HII's specific objections to request number four provide no grounds for quashing the Subpoena.

HII also objects to request number five because the term "potential" customer is not defined and because the request does not contain any temporal limitation (DE 215 at 14). As the Court found relative to request number four, it is reasonable to infer that "potential" customer means anyone Defendants solicited to purchase the various products sold; and 2) the temporal scope is the period during which the solicitations occurred. Thus, HII's objections to request number five provide no basis to excuse HII from production.

7

HII next specifically objects to the phrase "relating to payments" in request numbers seven and eight (DE 215 at 15-17). Defendant Dorfman argues that he needs the requested payment records for his defense, including to determine potential damages for which Defendants may be held liable (DE 216 at 12). "[P]ayments made to [Defendants] by HII and others . . . [and] payments received by or owed to HII relating to the [Defendants'] business activities" would be relevant and necessary to this determination (DE 216 at 9). Therefore, the Court overrules HII's objections to request numbers seven and eight.

With respect to request number nine, HII alleges that Defendant Dorfman withdrew this request after a meet and confer (DE 215 at 18). Defendant Dorfman did not confirm the withdrawal of this request in his Response. The Court finds, however, that the request to produce "any and all documents . . . undermining the FTC's [allegations against Defendants]" is not sufficiently defined nor is it sufficiently limited in terms of temporal scope. Therefore, to the extent that Defendant Dorfman has not withdrawn it, the Court sustains HII's objections to request number nine.

Finally, HII requests that, if it is compelled to produce documents responsive to the Subpoena requests, Defendant Dorfman be required to contribute to the cost (DE 215 at 20). HII provides no information regarding its cost of production. Furthermore, as Defendant Dorfman notes, HII submits no affidavit from a corporate representative explaining how production would be burdensome and costly (DE 216 at 9). Accordingly, the Court finds no basis to warrant Defendant Dorfman's contributing to the cost of production.

### C. Defendants' Request for Sanctions

In his Motion to Compel, Defendant Dorfman requests that the Court to hold HII in contempt and to order HII to pay his reasonable attorneys' fees and costs based upon HII's failure to comply with the Subpoena (DE 216 at 10-11). "Under Rule 45(g), Fed. R. Civ. P., a non-party's failure to comply with a subpoena-even in the absence of further court order-exposes that non-party to possible contempt." Gomez v. Mylooks, Inc., 2014 WL 11706434, at *2 (S.D. Fla. June 25, 2014), report and recommendation adopted, 2014 WL 11721414 (S.D. Fla. July 28, 2014). The Court, however, declines to impose sanctions at this time because HII expressed some justifiable grounds for its noncompliance with the Subpoena.

Finally, the Court directs HII and all parties to this action to its Order Setting Discovery Procedures (DE 17). All future discovery disputes shall comply with the Court's Order.

### IV. Conclusion

For the foregoing reasons, HII's Motion to Quash (DE 215) is **GRANTED IN PART AND DENIED IN PART**, and Defendant Dorfman's Motion to Compel (DE 216) is **GRANTED IN PART AND DENIED IN PART**. Specifically,

1. HII's omnibus objections to the Subpoena are **OVERRULED**.

2. HII's individualized objections to the Subpoena are **SUSTAINED** as to request number nine.

3. HII's objections to the Subpoena are **OVERRULED**, and Defendant Dorfman's Motion to Compel is **GRANTED** as to request numbers one, two, three, seven, and eight.

4. HII's objections to the Subpoena are **OVERRULED**, and Defendant Dorfman's Motion to Compel is **GRANTED** as to request numbers four and five with the following modifications:

9

      a. "potential" customers are individuals solicited to purchase the various products that Defendants sold;

      b. "written recordings" are transcripts; and

      c. the temporal scope is the period during which the Defendants' solicitations occurred.

5. HII's request for cost-sharing with respect to production is **DENIED**.

6. Defendant Dorfman's request for sanctions is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of November 2019.

*[Signature]*
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz, II
Unites States District Judge

Counsel of record