# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ___AP___ D.C

**Mar 25, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 25, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-11932-DD
Case Style: Federal Trade Commission v. Steven Dorfman
District Court Docket No: 0:18-cv-62593-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-11932

_____

District Court Docket No.
0:18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

                              Plaintiff - Appellee,

versus

SIMPLE HEALTH PLANS, LLC,
a Florida Limited Liability Company, et al.,

                              Defendants,

STEVEN J. DORFMAN,
Individually and as an officer, member or manager
of Simple Health Plans LLC, Health Benefits One LLC,
Health Center Management LLC, Innovative Customer Care LLC,
Simple Insurance Leads LLC and Senior Benefits One LLC,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 05, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 03/25/2020

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11932
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cv-62593-DPG

FEDERAL TRADE COMMISSION,

                                  Plaintiff - Appellee,

versus

SIMPLE HEALTH PLANS, LLC,
a Florida Limited Liability Company, et al.,

                                  Defendants,

STEVEN J. DORFMAN,
Individually and as an officer, member or manager
of Simple Health Plans LLC, Health Benefits One LLC,
Health Center Management LLC, Innovative Customer Care LLC,
Simple Insurance Leads LLC and Senior Benefits One LLC,

                                  Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 5, 2020)

Before ROSENBAUM, EDMONDSON, and MARCUS, Circuit Judges.

PER CURIAM:

Steven Dorfman appeals the district court's order granting -- pursuant to section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) -- the Federal Trade Commission's ("FTC") motion for a preliminary injunction and for ancillary relief, including an asset freeze and appointment of a receiver. No reversible error is shown; we affirm.

In October 2018, the FTC filed a complaint against Dorfman and against six companies, each of which was under Dorfman's control (collectively, "Defendants"). The FTC alleged that Defendants engaged in unfair and deceptive trade practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and engaged in deceptive telemarketing practices in violation of the FTC's Telemarking Sales Rule, 16 C.F.R. § 310.3. The FTC sought injunctive relief as well as disgorgement, restitution, rescission, and reformation.

2

Together with its complaint, the FTC also moved for a temporary restraining order ("TRO"), an asset freeze, a temporary receivership over the six companies named as defendants, and an order to show cause why a preliminary injunction should not issue. On 31 October 2018, the district court entered the TRO and granted the asset freeze and the receivership.

In May 2019 -- following an evidentiary hearing -- the district court issued a 46-page order granting a preliminary injunction. Briefly stated, the district court determined that Defendants -- online and through telemarketing calls -- had engaged in a "classic bait and switch scheme" whereby Defendants misled consumers into believing Defendants were selling comprehensive health insurance coverage when, in reality, Defendants were selling only limited indemnity plans or medical discount memberships. Between 2014 and 2018, the scheme generated $180 million in revenue.

The district court concluded that preliminary injunctive relief was appropriate because the FTC had demonstrated (1) that the FTC was likely to succeed on the merits of its claims against Defendants, including against Dorfman individually and (2) that injunctive relief was in the public interest. The district court ordered the continued freeze on Defendants' assets to preserve the availability of funds for consumer redress. The district court also ordered the

permanent appointment of a receiver for the six corporate Defendants "to preserve assets and maintain the status quo."

We review the grant of a preliminary injunction for abuse of discretion. FTC v. IAB Mktg. Assocs. LP, 746 F.3d 1228, 1232 (11th Cir. 2014). We review an asset freeze under the same abuse-of-discretion standard. Id. We review de novo the district court's legal conclusions. Id.

As an initial matter, Dorfman raises no challenge to the district court's factual findings or to the district court's determination that the FTC satisfied its burden of showing that a preliminary injunction was warranted in this case. Dorfman contends, instead, that the district court exceeded its authority under section 13(b) of the FTC Act by issuing the TRO and by granting preliminary injunctive relief and preliminary ancillary relief -- including the asset freeze and the appointment of a receiver -- designed to preserve assets in the event the FTC prevails on its claims for monetary relief.

Section 13(b) of the FTC Act provides that a court may grant a TRO or a preliminary injunction against defendants in an action brought by the FTC "[u]pon a proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success, such action would be in the public interest . . . ." 15 U.S.C. § 53(b). Courts may also issue a permanent injunction in appropriate cases. Id.

Dorfman contends that the FTC lacks authority to seek disgorgement or restitution: monetary remedies that Dorfman says constitute "legal remedies" and "punitive measures" unavailable under section 13(b). Dorfman's argument is foreclosed by this Court's binding precedent. We have said expressly that "the unqualified grant of statutory authority to issue an injunction under section 13(b) carries with it the full range of equitable remedies, including the power to grant consumer redress and compel disgorgement of profits." FTC v. Gem Merch. Corp., 87 F.3d 466, 468 (11th Cir. 1996). A district court is also authorized under section 13(b) to "order preliminary relief, including an asset freeze, that may be needed to make permanent relief possible." Id. at 469; IAB Mktg. Assocs. LP, 746 F.3d at 1234-35; FTC v. U.S. Oil & Gas Corp., 748 F.2d 1431, 1433-34 (11th Cir. 1984).

Dorfman acknowledges that his argument is contrary to this Court's section 13(b) precedent, but argues that our precedent has been "substantially undermined" by the Supreme Court's decision in Kokesh v. SEC, 137 S. Ct. 1635 (2017), and by this Court's decision in SEC v. Graham, 823 F.3d 1357 (11th Cir. 2016). Kokesh and Graham, however, each involved a question about the applicability of a statute of limitations to disgorgement claims in an enforcement action brought by the U.S. Securities and Exchange Commission ("SEC"). That Kokesh and Graham make

no express rulings about the FTC Act or about the remedies authorized under section 13(b) is undisputed.

Following a precedent and extending a precedent are entirely different things. Although Kokesh and Graham involved a different statutory scheme and a different agency, Dorfman contends we should overrule our section 13(b) precedent based upon the "reasoning" in Kokesh and in Graham. Our prior panel precedent rule makes clear that subsequent panels are bound to follow a prior panel's decision on an issue unless and until the first panel's holding "is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." EEOC v. Exel, Inc., 884 F.3d 1326, 1332 (11th Cir. 2018). "[T]hat the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel to depart from our prior decision": the intervening Supreme Court decision must be "clearly on point." Atl. Sounding Co. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007). "[O]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing." Id.

Under our prior panel precedent rule, we remain bound by our decisions in U.S. Oil & Gas Corp., Gem Merch. Corp., and in IAB Mktg. Assocs. LP. These cases are dispositive of this appeal. The district court abused no discretion in

6

granting the FTC's motion for a preliminary injunction, an asset freeze, and receivership.

Dorfman also contends he was denied his Seventh Amendment right to a jury trial. Because this appeal involves only the granting of preliminary relief -- and no final determination on the merits -- we reject this argument as premature.

AFFIRMED.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 05, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11932-DD
Case Style: Federal Trade Commission v. Steven Dorfman
District Court Docket No: 0:18-cv-62593-DPG

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs