UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-CV-62593-GAYLES

FEDERAL TRADE COMMISSION,

      Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC,
a Florida limited liability company, et al.,

      Defendants.
_____/

## PRELIMINARY INJUNCTION AS TO CANDIDA GIROUARD

Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and 57b, filed its Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), and moved pursuant to Fed. R. Civ. P. 65 for a Preliminary Injunction against Defendant Candida L. Girouard. Defendant Girouard failed to timely respond to the Motion for Preliminary Injunction. The Court has considered all pleadings, memoranda, declarations, and other exhibits and is otherwise fully advised. Based thereon, it is **ORDERED, ADJUDGED AND DECREED** as follows:

### FINDINGS

A.    This Court has jurisdiction over the subject matter of this case and over Defendant Girouard.

B.    Venue in this district is proper, and Defendant Girouard has been properly served with process under Fed. R. Civ. P. 4.

C.    There is good cause to believe that, in numerous instances, Defendant Girouard has sold limited benefit plans and medical discount memberships to consumers by misrepresenting

1

that such products are comprehensive health insurance, or the equivalent of such insurance, or are qualified health insurance plans under the Patient Protection and Affordable Care Act ("ACA" or "Affordable Care Act"), 42 U.S.C. § 18001 *et seq*. There is also good cause to believe that, in numerous instances, Defendant Girouard has falsely represented that Defendants are experts on, or providers of, government-sponsored health insurance policies, such as those offered pursuant to the ACA, and are affiliated with the Blue Cross Blue Shield Association or AARP.

D. There is good cause to believe that Defendant Girouard has engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by the consumer complaints and declarations, expert witness testimony, records of undercover purchases, corporate banking and payment processing records, testimony from former employees, call recordings between Defendants and consumers and transcripts of such recordings, and Defendants' scripts and other business records, the FTC has established a likelihood of success in showing that Defendant Girouard has made false and misleading statements in connection with the advertising, marketing, promoting, offering for sale, or sale of their limited benefit plans and medical discount memberships.

E. There is good cause to believe that immediate and irreparable harm will result from Defendant Girouard's ongoing violations of the FTC Act and the TSR unless Defendant Girouard is restrained and enjoined by order of this Court.

F. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, this Order is in the public interest.

G. This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

H. Plaintiff is an independent agency of the United States. No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Asset**" includes any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, and all proceeds, product, offspring, rents, or profit of or from that property.

B. "**Corporate Defendant(s)**" means **Simple Health Plans LLC**; **Health Benefits One LLC**, also doing business as Health Benefits Center, Simple Health, Simple Health Plans, Simple Insurance, Simple Insurance Plans, Simple Auto, Simple Home, Simple Home Plans, Simple Care, Simple Life, and National Dental Savings; **Health Center Management LLC**; **Innovative Customer Care LLC**; **Simple Insurance Leads LLC**, also doing business as Health Insurance Services; and **Senior Benefits One LLC**, and each of their subsidiaries, affiliates, successors, and assigns.

C. "**Defendant(s)**" means Corporate Defendant(s), Defendant Steven J. Dorfman, and Defendant Candida L. Girouard, individually, collectively, or in any combination.

D. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including email and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records,

3

handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

F. "**Receiver**" means Michael Goldberg, Esq., the permanent receiver appointed in the Preliminary Injunction and Order entered by the Court on May 14, 2019 [ECF No. 139], and any deputy receivers that shall be named by the permanent receiver.

G. "**Receivership Entities**" means Corporate Defendant(s) as well as any other entity that has conducted any business related to Defendants' advertising, marketing, promoting, offering for sale, or sale of limited benefit plans and medical discount memberships, including by transferring, commingling, or receiving Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**ORDER**

**I.    PROHIBITED MISREPRESENTATIONS**

**IT IS THEREFORE ORDERED** that Defendant Girouard, her agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are restrained and enjoined

4

from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including:

  A. That Defendants' limited benefit plans and medical discount memberships are comprehensive health insurance, or the equivalent of such insurance;

  B. That Defendants' limited benefit plans and medical discount memberships are qualified health insurance plans under the Affordable Care Act;

  C. That Defendants are experts on, or providers of, government-sponsored health insurance policies, such as those offered pursuant to Medicare and the Affordable Care Act;

  D. That Defendants are affiliated with AARP or the Blue Cross Blue Shield Association; or

  E. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

  **II.** **PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

  **IT IS FURTHER ORDERED** that Defendant Girouard, her agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are restrained and enjoined from:

  A. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; or

  B. Benefiting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or

identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendant Girouard may disclose such identifying information to a law enforcement agency, to her attorneys as required for her defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III.   FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that Defendant Girouard, within five days of the entry of this Order, unless previously provided, shall prepare and deliver to Plaintiff's counsel:

A. Completed financial statement on the form attached hereto as Attachment A (Financial Statement of Individual Defendant); and

B. Completed Attachment B hereto (IRS Form 4506, Request for Copy of a Tax Return).

### IV.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Defendant Girouard pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

### V.   PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendant Girouard, her officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant;

(2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

      B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendant Girouard's income, disbursements, transactions, and use of Defendant Girouard's Assets.

## VI. REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendant Girouard, her agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) any fictitious business names associated with the entity; (3) the address and telephone number of the business entity; (4) the state of incorporation or organization of the business entity; (5) the Employee Identification Number or Federal Employer Identification Number of the business entity; (6) the names of the business entity's officers, directors, principals, managers, and employees; and (7) a detailed description of the business entity's intended activities.

## VII. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Girouard, her agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This

7

cooperation and assistance shall include providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access, and allowing the Receiver to inspect, any computers, mobile devices, tablets and other electronic storage devices and machines (on site or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## VIII.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Girouard, her agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are restrained and enjoined from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B. Transacting any of the business of the Receivership Entities;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## IX.     DISTRIBUTION OF ORDER BY DEFENDANT GIROUARD

IT IS FURTHER ORDERED that Defendant Girouard shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten days from the date of entry of this Order, provide Plaintiff's counsel and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendant Girouard shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## X.     EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after entry of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendant Girouard's Assets; (2) the nature, location, and extent of Defendant Girouard's business transactions and operations; (3) Documents reflecting Defendant Girouard's business transactions and operations; or (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.     Plaintiff and the Receiver may take the deposition of parties and non-parties.  Forty-eight hours' notice shall be sufficient notice for such depositions.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an

9

individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means.

      B.     Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five days of service, provided, however, that three days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

      C.     Plaintiff and the Receiver may serve upon parties interrogatories that require response within five days of service.

      D.     Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five days of service.

      E.     Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

      F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) and (f).

      G.     The parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XI.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law

enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2).  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XII.  CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

>Elizabeth Scott
>Joannie Wei
>Matthew Schiltz
>230 South Dearborn, Suite 3030
>Chicago, Illinois  60604
>312-960-5634 (phone)
>312-960-5600 (fax)
>escott@ftc.gov
>jwei@ftc.gov
>mschiltz@ftc.gov

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**DONE AND ORDERED in Chambers at Miami, Florida, this Thursday, April 02, 2020.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE