UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

       Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,

       Defendants.

Case No.: 18-cv-62593-DPG

## SUPPLEMENTAL JOINT DISCOVERY STATUS REPORT

Pursuant to Magistrate Judge Strauss' Order Setting Discovery Hearing (DE 292), counsel for the plaintiff Federal Trade Commission and for Defendant Steven Dorfman submit this Joint Discovery Status Report identifying the discovery issues to be considered at the telephonic hearing scheduled for Thursday, July 2, at 9:30 a.m. EDT.

**Request No. 1:** That, given the current public health crisis, the Court enter the FTC's attached proposed stipulation regarding remote depositions, which in addition to allowing depositions to proceed remotely, allows flexibility for the provision of deposition exhibits.

**Response:** Counsel for Mr. Dorfman objects to the proposed stipulation for the reasons stated below.

| **FTC's Position:** | **Defendant Dorfman's Position:** | [LEAVE BLANK FOR COURT USE] |
|---|---|---|
| Defendant Dorfman refuses to stipulate to remote depositions in this case unless the FTC agrees to provide deposition exhibits the business day before each deposition, instead of sending the exhibits using a | Without getting into the details of and wasting the Court's time with the inaccuracies and omissions outlined in the FTC's self-serving, inaccurate "Position," this dispute revolves around a simple | |

| | | |
|---|---|---|
| secure link an hour ahead of each deposition, in addition to providing them in real time via the exhibit-sharing application.<br><br>On May 6, 2020, the FTC circulated to all parties a proposed stipulation allowing the parties to conduct remote depositions.<br><br>On May 26, the parties met and conferred regarding the stipulation.  In an effort to meet concerns about exhibit sharing during remote depositions, the FTC offered to arrange a demonstration of the AgileLaw exhibit sharing platform, which it would be using for sharing exhibits during remote depositions.<br><br>The FTC tried to coordinate a date for the demonstration with counsel for Dorfman, but its requests for dates went unanswered.<br><br>Having not heard from counsel for Dorfman for 10 days, and not wanting to delay the entry of a stipulation further, the FTC scheduled the demonstration for June 16. Mr. O'Quinn responded that he would not be able to attend, but that the demonstration should proceed and he would arrange his own demonstration.  Mr. Gershoni did not indicate that he would not be able to attend, so the | matter: the method by which deposition exhibits are exchanged. While there is not an "ideal" solution that will completely satisfy each party, Mr. Dorfman's goal is to establish an efficient deposition process that recognizes that *both* parties, not just Mr. Dorfman, need to be flexible.<br><br>The FTC proposes that it should be allowed to satisfy its obligations to produce deposition exhibits by either: (1) producing them to Mr. Dorfman's counsel on an FTP portal 1 hour before the deposition is scheduled to commence; or (2) merely publishing them on the online deposition platform as they are being introduced during the deposition – without producing an electronic or hard copy of the exhibit to counsel at any time.<br><br>Mr. Dorfman cannot agree to having exhibits exchanged through the FTP portal because: (1) counsel has previously had technical issues with that process and (2) it requires the assistance of a technical support specialist who may not be available when the exhibits are sent (these few firm employees are in high demand, navigating thousands' of colleagues' technical needs and cannot be on standby to receive documents and assist at the FTC's whim). Similarly, relying exclusively on the online platform to share | |

| | | |
|---|---|---|
| FTC proceeded with the demonstration. Mr. Gershoni did not attend, nor did anyone else from DLA Piper.<br><br>Seeking to avoid further delay, the FTC re-circulated its proposed stipulation on June 17.<br><br>For several days, counsel for Dorfman refused to discuss the stipulation with the FTC, claiming that nothing related to discovery could proceed until the FTC's Second Amended Complaint was on file.<br><br>After the FTC filed its Second Amended Complaint, the parties engaged in discussions regarding the provision of exhibits. Counsel for Dorfman has not tested the AgileLaw platform, which is designed to provide access to exhibits in real time, just as would be the case in an in-person deposition. Counsel for Dorfman's concerns are therefore entirely speculative. Even so, the FTC agreed to provide exhibits to counsel for defendants via email or secure file transfer one hour before the start of a deposition. The FTC must have a secure file transfer option to protect any PII in the exhibits. The FTC further agreed that if counsel experiences technical difficulties or if the exhibits are too voluminous to print | exhibits is untenable because: (1) technical issues can (and apparently have) arisen with the platform; and (2) it would unduly prejudice the non-deposing party because reviewing documents on paper allows the parties to more thoroughly review them for cross-examination. Accordingly, relying on the FTC's proposed methods of sharing exhibits will (1) very likely substantially increase the chance of (a) delays in starting the depositions, with intermittent additional fits of starts and stops related to technical issues associated with the FTP transfer and online platform, (b) failure to complete depositions within the allotted time, and (c) require depositions to be completed over multiple days; and (2) is unfair.<br><br>Obviously, under "normal" circumstances, parties would be provided with hard copies of exhibits as they are being introduced at a deposition or in advance. To state the even more obvious, we are not operating under "normal" circumstances and need to be flexible. It *appears* that the FTC's primary or only concern with Mr. Dorfman's proposal is that providing the exhibits to counsel sufficiently in advance of the deposition so counsel has time to print and prepare them somehow prejudices the FTC's deposition strategies. While Mr. Dorfman's counsel | |

| | | |
|---|---|---|
| within an hour, it would agree to delay the start of a deposition until those issues are resolved.<br><br>When asked on June 29 if this issue was still in dispute, counsel for Dorfman did not indicate it was, so the issue was not included in the parties' joint status report filed on that day. | does not share that concern for their depositions and does not intend to utilize depositions as an opportunity to "ambush" the FTC, but, rather, get to the facts in this case, counsel accepts that that is the FTC's position. The FTC also indicates that the exhibits are voluminous, presumably in length and number. Mr. Dorfman's primary concern is to limit the unnecessary delays in the deposition associated with technical issues (and roadblocks) and the process of printing exhibits.<br><br>Accordingly, Mr. Dorfman suggests that the following procedure for sharing deposition exhibits, which is not ideal for either party, but is realistic and addresses the issues:<br><br>1.    Physical copies of the exhibits shall be delivered to the opposing side by close of business the business day before the deposition; OR<br><br>2.    Electronic copies of the exhibits shall be e-mailed to the opposing party by close of business of the business day before the deposition.<br><br>If the exhibit contains personally identifiable information, to the extent feasible and necessary, while maintaining the integrity of the exhibit, the PII will be redacted and the exhibit emailed to the opposing party. To the extent that redacting the PII in the exhibit diminishes its value, the document shall | |

| | | |
|---|---|---|
| | be physically delivered to the opposing side as provided in "1" above.<br><br>Based on the FTC's assertion that the exhibits are voluminous, delivering them to counsel 1 hour before the deposition will effectively guarantee that depositions will be delayed due to the time associated with preparing them. | |

Dated: July 1, 2020

Respectfully submitted,


ALDEN F. ABBOTT
General Counsel

*/s/ Joannie Wei*
Elizabeth C. Scott, Special Bar No. A5501502
escott@ftc.gov; (312) 960-5609
Joannie Wei, Special Bar No. A5502492
jwei@ftc.gov; (312) 960- 5607
Matthew Schiltz, Special Bar No. A5502617
mschiltz@ftc.gov; (312) 960-5619

Attorneys for Federal Trade Commission
230 S. Dearborn Street, Suite 3030
Chicago, Illinois  60604
Telephone:  (312) 960-5634

*/s/ Elan Gershoni*
DLA Piper LLP (US)
Ryan D. O'Quinn (FBN 513857)
ryan.oquinn@dlapiper.com
Elan A. Gershoni (FBN 95969)
elan.gershoni@dlapiper.com
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: 305.423.8554
Facsimile: 305.675.7885

Counsel for Defendant Steven Dorfman

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this July 1, 2020, by the Notice of Electronic Filing, and was electronically filed with the Court via the CM/ECF system, which generates a notice of filing to all counsel of record.

                                                */s/ Joannie Wei*
                                                JOANNIE WEI, Special Bar No. A5502492

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>  vs.<br><br>SIMPLE HEALTH PLANS LLC, a Florida limited liability company, et al.,<br><br>        Defendants. | **Case No.: 18-cv-62593-DPG**<br><br>**Stipulation Regarding Remote Depositions** |

      It is stipulated by and between the undersigned parties, by their respective attorneys, as follows:

  1.  This Stipulation is intended to allow the parties to continue deposition discovery in light of the ongoing COVID-19 pandemic, with the goal of completing discovery by the current September 17, 2020 discovery deadline.

  2.  Counsel recognize that the COVID-19 pandemic requires the parties to be flexible in completing deposition discovery in this litigation. FTC counsel, Defendant Dorfman's counsel, Defendant Girouard's counsel, and the Receiver's counsel agree to notice depositions sufficiently early to allow defending counsel time to prepare the deponent to testify remotely and agree to accommodate reasonable scheduling requests.

  3.  Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), depositions shall be taken by remote means that comply with local, state and federal guidance, regulations, and orders concerning social distancing and public health. "Remote means" shall include (a) telephone, (b) video-conferencing platforms that allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in-person, or (c) any other means that the deposing counsel, defending counsel, and attending counsel agree to. The remote means shall be such that those speaking on the record, including the witness, and counsel do not need to wear a mask or otherwise obstruct their mouths.

  4.  Pursuant to Fed. R. Civ. P. 30(f)(2), deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness in a manner that enables the witness to review the exhibits during the course of the deposition. Such means of marking and using exhibits for depositions shall include (a) sending via Fed Ex, U.S. Postal Service, or UPS pre-marked exhibits to the deponent, defending counsel, attending

counsel, and the court reporter in advance of the deposition; (b) emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition, (c) using a video conferencing platform that enables deposing counsel to share exhibits with the deponent, court reporter, defending counsel, and attending counsel, or (d) any other means that the deposing counsel, defending counsel, and attending counsel agree to.  If the remote means utilized does not permit for the court reporter to mark exhibits remotely, deposing counsel shall be responsible for pre-marking exhibits.

5. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.  The parties agree that a court reporter may administer an oath concerning a deposition via remote means, and will verify the witness's identity virtually.

6. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this Stipulation and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another regarding the rescheduling of the deposition.

7. All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this Stipulation based on the fact that the deposition was taken by remote means are deemed waived.

8. Deposing counsel and defending counsel shall be responsible for ensuring that they have a means of communicating with co-counsel or the deponent, as the case may be, during breaks in the deposition; the parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications between co-counsel during the deposition.  To the extent the public health restrictions and social distancing require fully remote depositions, no attorney or other person will be in the room with the witness during the deposition, and the witness will state on the record under penalty of perjury that, during the deposition, the witness will neither receive communications nor access information from any source not generally observable on the record by all parties through the technology used to conduct the deposition.

9. All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Stipulation who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this order shall ensure that they can do so in a space that is relatively free from distractions that would inhibit the course of the deposition.

| | |
|---|---|
| Alden F. Abbott, General Counsel<br><br>/s/<br>Elizabeth C. Scott, Special Bar #A5501502<br>Joannie Wei, Special Bar #A5502492<br>Matthew Schiltz, Special Bar #A5502617<br>Federal Trade Commission<br>230 S. Dearborn Street, Suite 3030<br>Chicago, Illinois 60604<br>312.960.5609; escott@ftc.gov<br>312.960.6511; mschiltz@ftc.gov<br>312.960.5607; jwei@ftc.gov<br><br>*Counsel for Plaintiff*<br>*Federal Trade Commission* | DLA Piper LLP (US)<br><br>/s/<br>Ryan D. O'Quinn (FBN 0513857)<br>*ryan.oquinn@dlapiper.com*<br>Elan A. Gershoni (FBN 95969)<br>*elan.gershoni@dlapiper.com*<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, Florida 33131<br>Telephone: 305.423.8554<br>Facsimile: 305.675.7885<br><br>*Counsel for Defendant*<br>*Steven J. Dorfman* |
| LAW OFFICE OF BRIAN H. MALLONEE<br><br>/s/<br>Brian Hobbs Mallonee<br>Renaissance on the River<br>130 S Indian River Dr., Ste. 302<br>Fort Pierce, FL 34950<br>E: bmallonee@stluciecriminallaw.com<br>E: legalassistant@stluciecriminallaw.com<br><br>*Counsel for Defendant Candida Giourard* | AKERMAN LLP<br><br>/s/<br>Naim S. Surgeon, Esq.<br>Florida Bar No.: 101682<br>*naim.surgeon@akerman.com*<br>Three Brickell City Centre<br>98 Southeast Seventh Street, Suite 1100<br>Miami, Florida 33131<br>Telephone: (305) 374-5600<br>Facsimile: (305) 349-4654<br><br>*Counsel for Receiver* |