UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62593-GAYLES/STRAUSS

FEDERAL TRADE COMMISSION,

    Plaintiff,
vs.

SIMPLE HEALTH PLANS LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE RULE 45 SUBPOENA BY ALTERNATIVE MEANS (DE 321)

**THIS CAUSE** is before me upon Plaintiff Federal Trade Commission's Unopposed Motion for Leave to Serve Rule 45 Subpoena for Deposition Testimony on John Sand by Alternative Means ("Motion"). (DE 321). United States District Judge Darrin P. Gayles has referred the case to me for all pretrial discovery motions. (DE 191; DE 271). Having reviewed the Motion, the record, and being otherwise duly informed, I **GRANT** Plaintiff's Motion for the reasons stated herein.

Plaintiff asserts that Mr. Sand is identified in Defendants Dorfman and Girouard's Rule 26(a)(1) Initial Disclosures as an individual likely to have discoverable information in this case and further asserts that this disclosure comports with Plaintiff's own discovery regarding Mr. Sand's central role in the business practices that Plaintiff described in its Complaint. (DE 321 at ¶1). Further, Plaintiff attests that efforts to serve Mr. Sand with the subpoena at his known home address on four different days have been unsuccessful as have other attempts to contact Mr. Sand by email and telephone, by which means Plaintiff was previously successful in making contact with Mr. Sand. *Id.* at ¶¶3-4. Due to the approaching discovery deadline of September 17, 2020,

Plaintiff now seeks to serve Mr. Sand by email, certified U.S. Mail, and Federal Express, with a signature requirement. *Id.* at ¶5.

"While the Eleventh Circuit has not weighed in on this issue, substantial recent authority from federal courts in Florida support that Rule 45 does not require personal service; rather, it requires service reasonably calculated to ensure receipt of the subpoena by the witness." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (citations omitted) (ordering service of subpoenas by method other than personal delivery and finding that FedEx or UPS service "appropriately safeguards notice requirements"). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 321) is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of August 2020.

/s/ Jared Strauss
Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF

2