UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62593-GAYLES/STRAUSS

FEDERAL TRADE COMMISSION,

      Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, *et al.*,

      Defendants.

_____/

<u>ORDER GRANTING IN PART AND DENYING IN PART</u>
<u>PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO DETERMINE THE</u>
<u>SUFFICIENCY OF DEFENDANT STEVEN DORFMAN'S RESPONSES TO</u>
<u>REQUESTS FOR ADMISSION ("MOTION TO COMPEL") (DE 344)</u>
<u>AND REPORT AND RECOMMENDATION REGARDING EXTENSION OF THE</u>
<u>DISCOVERY DEADLINE</u>

**THIS CAUSE** is before me upon Plaintiff's Motion to Compel.[1] (DE 344). United States

District Judge Darrin P. Gayles has referred the motion to me to rule on the sufficiency of

Defendant Dorfman's responses to Plaintiff's requests for admission ("RFAs") and to make a

recommendation as to whether the discovery deadline should be extended. (DE 339). I have

reviewed the Motion, the Response (DE 347), the Joint Discovery Status Report ("Joint Status

Report"), and the record. Further, I heard oral argument at a Discovery Hearing held on November

20, 2020. (DE 348; DE 349; DE 352). Being otherwise duly informed, I **GRANT IN PART**

**AND DENY IN PART** Plaintiff's Motion to Compel for the reasons stated on the record and as

discussed herein and respectfully **RECOMMEND** that the District Court extend the discovery

---

[1] The Motion is styled as captioned. The relief sought by Plaintiff is to acquire better responses
to the requests for admission.

deadline to December 4, 2020 for the specific purpose of allowing Defendant Dorfman to amend his responses to the RFAs as further explained below.

### I.     **BACKGROUND**

The case stems from allegations brought by the Federal Trade Commission ("FTC" or "Plaintiff") that Defendants misled consumers to believe that they were purchasing comprehensive health insurance coverage when, in fact, they were merely purchasing limited benefit insurance. (DE 130 at 2-3). On October 29, 2018, the FTC filed a motion for a temporary restraining order and asset freeze against Defendant Dorfman and against six companies under Defendant Dorfman's control. (DE 1; DE 3; *FTC v. Simple Health Plans, LLC*, 801 F. App'x 685, 686 (11th Cir. 2020)). The Court granted the motion and appointed a Temporary Receiver on October 31, 2018. (DE 15). The parties have engaged in discovery, and the deadline for completing discovery passed on September 17, 2020, after having been extended once. (DE 191; DE 264). On September 28, 2020, Plaintiff emailed Chambers to request a hearing for a motion to compel better responses from Defendant Dorfman to 140 of 233 requests for admission ("RFAs"), which Plaintiff deemed insufficient. (DE 322). I denied the *ore tenus* motion on the basis that the discovery deadline had passed. Subsequently, the District Court granted Plaintiff's request for leave to file a motion to determine the sufficiency of Defendant Dorfman's RFA responses and deferred ruling on an extension of the discovery deadline until I make a recommendation on that issue. (DE 339).

### II.    **DISCUSSION**

"Federal Rule 36 governs requests for admissions; the Rule's purposes are 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'"

*Cabrera v. Gov't Employees Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *14 (S.D. Fla.

July 3, 2014) (quoting *Perez v. Miami–Dade County*, 297 F.3d 1255, 1268 (11th Cir.2002)).

Regarding answers, Rule 36 provides that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party **may assert lack of knowledge or information** as a reason for failing to admit or deny **only if** the **party states** that it has made **reasonable inquiry and** that the **information it knows or can readily obtain is insufficient** to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added).  "A responding party may also object to a request for

admission, but not 'solely on the ground that the request presents a genuine issue for trial.'"  *V.B.*

*v. Advanced Bionics, LLC.*, 2013 WL 12094316, at *2 (S.D. Fla. Jan. 3, 2013) (quoting Fed. R.

Civ. P. 36(a)(5).  If an objection is not justified, the Court "'must order that an answer be served.'"

*Id.* (quoting Fed. R. Civ. P. 36(a)(6)).

Rule 36(a) does not, however, authorize a Court to determine the veracity of an answer if

the responding party's answer complies with the technical requirements of the rule.  *See Reilly v.*

*Chipotle Mexican Grill, Inc.*, 2016 WL 10646561, at *8 (S.D. Fla. Sept. 22, 2016) (citations

omitted).  In other words, "[o]nce the requesting party receives an answer 'in proper [form], Rule

36 does not provide for a pretrial hearing on whether the response is warranted by the evidence

thus far accumulated.'"  *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 742657, at *3 (S.D.

Fla. Feb. 24, 2011) (quoting 1970 Advisory Committee's Note, Fed. R. Civ. P. 37).  Rather, Rule

37(c) provides a remedy in the form of requiring that the party improperly refusing the admission

pay the expenses that the other side incurred in making proof of the matter at trial.  *Id.* (citing Fed.

R. Civ. P. 37(c)).  *See also Dillon v. Palm Beach Cty. Sheriff's Office*, 2018 WL 7624877, at *3

(S.D. Fla. Sept. 10, 2018) (explaining that the Court's role in determining the sufficiency of an answer under Rule 36 is to ensure that it complies with the formalities of the rule and that "[Movant] ha[d] a potential remedy under Rule 37(c)(2), which is the proper vehicle for addressing the substantive accuracy of Requests for Admission"); *V.B. v. Advanced Bionics, LLC.*, 2013 WL 12094316 at *2-*3 (finding an answer to a request for admission sufficient where respondent alleged a lack of recall and stating that Rule 36(a)(4) addresses the form of an answer whereas Rule 37(c)(2) addresses the substance of an answer).

The Parties prepared a Joint Status Report that listed eight groups of RFAs.  (DE 349).  I proceed by addressing them as further grouped below:

### A.  Request No.'s 1 through 6

Plaintiff argued at the Discovery Hearing that Defendant Dorfman did not provide adequate explanations for why he could not admit or deny the requests for admission and that Defendant Dorfman is required, by Rule 36, to admit to the extent possible and deny the rest.  (DE 352).  I disagree because Defendant Dorfman did adequately explain his inability to admit or deny.  As an example, the parties summarize a group of RFAs as "Request No. 1" that request Defendant Dorfman to admit that certain companies' lead generation websites reference certain insurance providers, such as Blue Cross Blue Shield, or "Obamacare."  (DE 349-2 at 1).  Defendant Dorfman's Response contends that "several of the corporate defendants were online marketing companies that may have operated through, on, or in conjunction with countless dynamic websites, including websites that were operated by independent entities that are not a party to this lawsuit [so] there is no way for Mr. Dorfman to provide a response to these inquiries . . . [and the] RFA . . . requires him to definitely confirm or deny the exact content of all of the ever changing and

4

evolving websites."  (DE 347 at 6).  Defendant Dorfman's counsel repeated this objection during the Discovery Hearing.  (DE 352).

According to the Joint Status Report, Defendant Dorfman's answers repeatedly took the form of: "After conducting a reasonable inquiry, Mr. Dorfman lacks sufficient knowledge to admit or deny this request."  (DE 349 at 2).  Defendant Dorfman's responses as stated in the listing attached to the Joint Status Report do not exactly conform with the language requirements of Rule 36 because these answers do not state that he made reasonable inquiry **and that the information he knows or can readily obtain is insufficient** to enable him to admit or deny.  (DE 349-2).  In the Joint Status Report itself, however, Defendant Dorfman states that "[t]he requests at issue ask Mr. Dorfman to admit or deny the content of thousands of different websites, scripts, and plan documents that one or more of the Corporate Defendants may have used dating back almost eight years" and that "Mr. Dorfman lacks sufficient information to admit/deny these requests because: (1) he does not have the knowledge and information that would be necessary to admit or deny; and (2) the information he can readily obtain is insufficient to enable him to admit or deny."  (DE 349 at 3).  Therefore, while Defendant Dorfman must conform his answers to precisely conform with the language required by Rule 36, for the reasons described in Defendant Dorfman's response and for other reasons stated during the Discovery Hearing, I find that Defendant Dorfman provided adequate explanations for his inability to admit or deny.

Plaintiff primarily takes issue with Defendant Dorfman's assertion that he made reasonable inquiry and still had insufficient information to allow him to admit or deny.  *Id.*  Plaintiff's issue is not with the language used in the answer but rather that Defendant Dorfman did not go through all of the discovery material produced in this case in order to answer the RFAs.  (DE 352).  For

5

example, regarding Request No. 1, Plaintiff refers to 13 websites that Defendant himself mentioned in a Declaration, and, as to Request No. 2, Plaintiff refers to pinpoint citations with quotations from three scripts used by one or more Corporate Defendants.  Thus, Plaintiff asserts that Defendant Dorfman had information readily available to him that he did not review and consequently finds fault with the substance of Defendant Dorfman's answers.  (DE 349; DE 352).

Defendant Dorfman has several objections to reviewing the discovery material as Plaintiff suggests.  As explained in the Joint Status Report (DE 349) and at the Discovery Hearing (DE 352), Defendant Dorfman argues that the request to review historical records, as provided to his counsel by the Receiver, is not proportional to the needs of the case especially because the parties are at the summary judgment stage and discovery has closed.  (DE 349 at 2-3; DE 352).  Furthermore, Defendant Dorfman contends that a review of the database provided by the Receiver is unduly burdensome.  *Id.*  The parties dispute the volume of what Defendant Dorfman would be required to review, but Defendant Dorfman states that "**the FTC and Receiver produced dozens of terabytes (i.e. hundreds of millions of pages) of information in an electronic data dump**." (DE 349 at 3) (emphasis in original).  Defendant Dorfman further argues that he is unable to verify the accuracy or completeness of the records provided by the Receiver.  *Id.*

Resolving the parties' disputes regarding what information Defendant Dorfman should be required to review and whether that information is sufficiently reliable involves assessing the substance of Mr. Dorfman's answers to the RFAs in contravention of the intent of Rule 36.  In particular, I find no authority for holding a mini-trial over whether, and to what extent, Defendant Dorfman should be required to review the extensive data provided by the Receiver and whether such review should enable him to admit or deny the RFAs.  Defendant Dorfman claims in the Joint

Status Report that he "does not have an independent recollection" of the RFAs' subject matter and that "the information he can readily obtain is insufficient to enable him to admit or deny." (DE 349 at 1). Notably, as to instances where the Plaintiff points to specific websites or particular scripts, which it asserts that Defendant Dorfman should review, it is unclear whether a review of the content of these examples would enable Defendant Dorfman to extrapolate a general response to the RFAs, particularly given Defendant Dorfman's professed lack of memory or knowledge as to the contents of all the relevant websites or scripts. While Plaintiff may be skeptical of Defendant Dorfman's assertions or his unwillingness to extrapolate a general answer from specific examples, the Court declines to assess whether the review of these examples would enable a more definite response or whether such a review is necessary to constitute a "reasonable inquiry" as described in Rule 36. Accordingly, I find that Defendant Dorfman's answers are sufficient except to the extent that his actual answers to the RFAs do note precisely conform to the language that Rule 36 requires.[2]

## B. Request No. 7

Request No. 7 asks Defendant Dorfman "to admit or deny that he is not aware of any consumer whose hospital bill of $50,000 was reduced to $5,000 by Defendants' Plans." (DE 349 at 18). Plaintiff claims that Defendants' scripts used the exact language that the RFA uses. *Id.* At the Discovery Hearing, Defendant Dorfman clarified that he has an objection to the implication set forth by the RFA—that consumers did not have their hospital bills significantly reduced. Defendant Dorfman offered to qualify his answer that he does have awareness that consumers had

---

[2] Defendant Dorfman's counsel explained at the Discovery Hearing that verbatim responses may not be reflected in the Joint Status Report. (DE 352).

their hospital bills significantly reduced but that he cannot point to a specific bill that was reduced. I agree with Defendant Dorfman regarding the implication of the RFA as phrased and find that his objection has merit.  Accordingly, I conclude that Defendant Dorfman should be permitted to amend his response as represented at the Discovery Hearing.

### C.  Request No. 8

Request No. 8 requests Defendant Dorfman to respond to RFA No. 124, which states: "Admit that Defendants' Daily Drop Off Reports listed the consumers who cancelled their enrollments in Defendants' Plans within the first 30 days of their enrollment."  (DE 349 at 19; DE 349-2 at ¶39).  At the Discovery Hearing, Plaintiff argued that Defendant Dorfman would need to look at just one of these many reports.  (DE 352).  Defendant Dorfman responded that the reports are within the huge dump of the Receiver data and requested Plaintiff to produce a representative sample.  *Id.*  Plaintiff agreed that it could provide a sample.  *Id.*  Therefore, I conclude that Defendant Dorfman should be allowed to amend his response after receipt of the sample from Plaintiff.

### III.     **CONCLUSION**

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE 344) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.  Plaintiff's motion to compel better answers to Request No.'s 1 through 6 is **DENIED** to the extent that Plaintiff's answers to the RFAs at issue assert a lack of knowledge or information to admit or deny after making reasonable inquiry and determining that the

information he knows or can readily obtain is insufficient to enable him to admit or deny;

2. Plaintiff's motion to compel better answers to Request No.'s 1 through 6 is **GRANTED** to the extent that Plaintiff's actual answers do not conform to the requirements of Rule 36 for asserting a lack of knowledge, in which case, presuming the District Court allows extension of the Discovery Deadline and presuming Defendant Dorfman can truthfully assert a lack of knowledge, Defendant Dorfman shall serve amended responses by December 4, 2020; alternatively, Defendant Dorfman may amend his responses by December 4, 2020 to admit or deny as appropriate;

3.  Plaintiff's motion to compel a better answer to Request No. 7 is **DENIED** and Defendant Dorfman's objection is **SUSTAINED;** however, subject to the District Court's extension of the discovery deadline to December 4, 2020, Defendant Dorfman shall be permitted to amend his response, as represented at the Discovery Hearing, on or before December 4, 2020;

4. Plaintiff's motion to compel a better answer to Request No. 8 is **GRANTED** to the extent that the District Court extends the discovery deadline to December 4, 2020 and Plaintiff provides a sample of the report at issue that allows Defendant Dorfman to amend his response on or before December 4, 2020; otherwise, Request No. 8 is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of November 2020.

Furthermore, in order to fully resolve the matters at issue, I recommend an extension of the discovery deadline in this case to December 4, 2020.  The extension should not interfere with

remaining trial deadlines; the trial in this case has been rescheduled to begin on May 24, 2021. (DE 343).  Defendant Dorfman represented at the Discovery Hearing (DE 352) that he could provide amended responses within two weeks, and the parties represented that the sample discussed above in paragraph 4, and Defendant Dorfman's amended response pertaining thereto, could be accomplished within two weeks.  Accordingly, it is hereby

**RECOMMENDED** that the District Court extend the discovery deadline in this case to **December 4, 2020** for the sole purpose of allowing Defendant to serve amended responses to the RFAs at issue.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 23rd day of November 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF

10