UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**FEDERAL TRADE COMMISSION,**

   Plaintiff,

 v.

**SIMPLE HEALTH PLANS LLC, et al.,**

   Defendants.

Case No.:  18-cv-62593-DPG

### DEFENDANT STEVEN DORFMAN'S EMERGENCY MOTION TO COMPEL RECEIVER TO DEFEND CORPORATE DEFENDANTS OR, IN THE ALTERNATIVE, APPOINT AMICUS COUNSEL

 Defendant Steven Dorfman, through undersigned counsel, files this emergency motion to compel the Receiver to defend Defendants Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, and Senior Benefits One LLC (collectively, the "**Corporate Defendants**") and preserve their rights or, in the alternative, appoint amicus counsel to represent the Corporate Defendants and states as follows:

 On October 31, 2018, the Court entered a temporary restraining order appointing the Receiver to act as temporary receiver over and represent the Corporate Defendants. [ECF 15]. The Court extended the Receiver's appointment by virtue of the *Preliminary Injunction* entered on May 14, 2019. [ECF 139]. The Receiver has accepted the continued appointment, as evidenced by the various filings that he has made through counsel in this proceeding and his appearance at numerous hearings in this case.

 Plaintiff the Federal Trade Commission (the "**FTC**") now seeks to have the Clerk improperly default the Corporate Defendants. *See* [ECF 356, 357].

1

Mr. Dorfman is the 99% indirect owner of the Corporate Defendants and residual owner of their assets. The Receiver owes a fiduciary duty to the Corporate Defendants and is obligated to work to preserve their assets. *FTC v. On Point Global,* 2020 WL 5819809, *2 (S.D.Fla. Sept. 30. 2020) ("receiver owes a fiduciary duty to the owners of the property under his care and thus must protect and preserve the receivership's assets for the benefit of the person ultimately entitled to it.") (internal citations omitted). Indeed, in *On Point Global,* Judge Scola recognized that a receiver *should* act to "take actions to preserve arguments" for the corporate defendants. *Id.* at *6 ("If the Receiver had failed to adopt these arguments on behalf of the Corporate Entity Defendants these Defendants would have been prejudiced by being deprived of an argument to potentially preserve their property. Indeed, the Receiver represents *both* the interests of the Defendants she represents and consumers."). A receiver's failure to "preserve a colorable argument for the Defendants she represents" shows bias against those defendants by prejudicing them in favor of consumers. *Id.* To avoid any inconsistent rulings, deprivation of due process, and prejudice to the Corporate Defendants, Mr. Dorfman requests that the Court compel the Receiver to take all actions to *preserve* the Corporate Defendants' arguments and assets by filing a responsive pleading to the FTC's second amended complaint that effectuates that mandate and take all other necessary actions.

In the alternative, Mr. Dorfman requests that the Court appoint amicus counsel to represent the Corporate Defendants so that their rights and assets are preserved against the FTC's unsubstantiable allegations that will soon be disproven and the merits of this action can be considered when the record evidence is presented to the Court.

The undersigned certifies that the Receiver has consented to the filing of this motion.

### Request for Hearing

Mr. Dorfman submits that a hearing and ruling on this matter is needed as soon as possible to avoid any undue prejudice to the Corporate Defendants. A hearing on this matter will allow the Court to consider arguments relating to the lack of due process and severe prejudice the FTC's efforts.

### Local Rule 7.1(d)(1) Certification

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated: December 14, 2020

**DLA Piper LLP (US)**

*/s/ Elan A. Gershoni*
Ryan D. O'Quinn (FBN 513857)
*ryan.oquinn@dlapiper.com*
Elan A. Gershoni (FBN 95969)
*elan.gershoni@dlapiper.com*
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: 305.423.8554
Facsimile: 305.675.7885
*Counsel for Defendant Steven Dorfman*

### CERTIFICATE OF SERVICE

The undersigned certifies that he filed this pleading on December 14, 2020 through the court's electronic filing system and that all parties requesting electronic notice of pleadings have been served with the pleading.

*/s/ Elan A. Gershoni*
Elan A. Gershoni