UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62593-GAYLES

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

SIMPLE HEALTH PLANS LLC, et al.,

      Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Steven Dorfman's Emergency Motion to Dissolve Preliminary Injunction (the "Motion"). [ECF No. 418]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is denied.

## BACKGROUND

On October 29, 2018, the Federal Trade Commission (the "Commission") filed its Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint") [ECF No. 1] against Defendants Simple Health Plans LLC ("Simple Health"), Health Benefits One LLC ("HBO"), Health Center Management LLC ("HCM"), Innovative Customer Care ("ICC"), Simple Insurance Leads LLC ("SIL"), Senior Benefits One LLC ("SBO") (collectively the "Corporate Defendants"), and Steven Dorfman ("Dorfman") (together with the Corporate Defendants collectively referred to as the "Defendants"), alleging that Defendants violated § 5(a) of the Federal

1

Trade Commission Act (the "Act")[1] and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.[2] The Complaint sought a permanent injunction and other relief, including restitution for consumers injured by Defendants' conduct, pursuant to § 13(b) of the Act and § 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "TCFAPA"), 15 U.S.C. § 6105. In conjunction with the Complaint, the Commission filed an Emergency *Ex Parte* Motion for a Temporary Restraining Order. [ECF No. 3]. On October 31, 2018, the Court entered a Temporary Restraining Order (the "TRO") and froze Defendants' assets, including Dorfman's personal assets. [ECF No. 15]. The Court also appointed Receiver Michael Goldberg (the "Receiver") to administer the affairs of the Corporate Defendants and to take necessary action to protect consumers. *Id*.

On April 16, 2019, the Court held an evidentiary show cause hearing on the Commission's request for preliminary injunctive relief. Through its evidence, the Commission gave a well-documented account of a classic bait and switch scheme—aided by rigged internet searches, deceptive sales scripts, and predatory practices. Though consumers believed they were purchasing comprehensive health insurance coverage, Defendants sold them practically worthless limited indemnity or discount plans. Defendants profited from their scheme, and many consumers were left with inadequate health coverage and devastating medical bills.

On May 14, 2019, the Court issued a preliminary injunction finding that the Commission has a likelihood of success on the merits on its claims for violations of § 5(a) and the TSR and that a preliminary injunction is necessary to protect consumers, prevent future violations of the law,

---

[1]  In this Order, the Court generally refers to the Section numbers of the Act. Section 5 of the Act is codified at 15 U.S.C. § 45(a); Section 13(b) is codified at 15 U.S.C. § 53(b); and Section 19 is codified at 15 U.S.C. § 57b.

[2] Section 5(a) prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). The TSR prohibits deceptive and abusive telemarketing practices, including misrepresenting any material aspect of the nature or central characteristics of goods or services, 16 C.F.R. § 310.3(a)(2)(iii), or making a false or misleading statement to induce any person to pay for goods or services, 16 C.F.R. § 310.3(a)(4).

protect assets, and preserve the status quo (the "Preliminary Injunction"). [ECF No. 139].[3] The Preliminary Injunction enjoins Defendants from making certain representations and releasing customer information, froze Defendants' assets to preserve the possibility of consumer redress, and permanently appointed the Receiver.

On November 1, 2019, the Commission filed an Amended Complaint, adding Defendant Candida L. Girouard ("Girouard") and, for the first time, referencing § 19 of the Act as an additional ground for this Court's authority to grant relief including rescission or reformation of contracts and the refund of money. [ECF No. 231].[4] Dorfman and Girouard moved to dismiss the Amended Complaint. [ECF No. 252]. On June 15, 2020, the Court granted the motion to dismiss, in part, finding that the Commission failed to adequately allege how the individual defendants participated in the fraud. [ECF No. 287].

On June 23, 2020, the Commission filed its Second Amended Complaint again alleging violations of § 5(a) of the Act and the TSR and seeking injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement, and other equitable relief under § 13(b) and § 19 of the Act. [ECF No. 289]. The Court denied Dorfman and Girouard's motion to dismiss the Second Amended Complaint. [ECF No. 338].

On April 22, 2021, the Supreme Court issued its opinion in *AMG Capital Management v. Federal Trade Commission*, holding that Section 13(b) "does not grant the Commission authority to obtain equitable monetary relief." 141 S. Ct. 1341, 1352 (2021). Shortly thereafter, Dorfman filed the Motion, asking the Court to dissolve the Preliminary Injunction. Dorfman argues that,

---

[3] The Court stated in the Order that it had authority to enter a preliminary injunction pursuant to § 13(b) of the Act.

[4] On April 2, 2020, the Court issued a Preliminary Injunction as to Girouard, listing both § 13(b) and § 19 as bases for its authority. [ECF No. 280].

based on the holding in *AMG*, the Court had no authority to enter the Preliminary Injunction and asset freeze. Both the Commission and the Receiver object to the Motion.

## DISCUSSION

Based on a review of the Supreme Court's holding in *AMG*, the plain language of Act and the TCFAPA, and the allegations in the original Complaint, the Court finds that it had authority under § 19 of the Act to issue the preliminary injunction, order the asset freeze, and appoint the Receiver.

## I.     The Holding in *AMG*

In *AMG*, the Commission filed an action against an individual defendant and his companies alleging they violated § 5(a) of the Act; regulation Z, promulgated under the Truth in Lending Act; and Regulation E, promulgated under the Electronic Fund Transfer Act. 141 S. Ct. at 1345. *See also* [ECF No. 432-A]. The district court granted summary judgment in favor of the Commission and, pursuant to § 13(b) of the Act, issued a permanent injunction and ordered the defendants to pay restitution and disgorgement. *Id.* On appeal, the defendants argued that § 13(b) does not authorize restitution and disgorgement. *Id.* The Ninth Circuit affirmed.

Upon further review, the Supreme Court defined the issue on appeal as whether "Congress, by enacting § 13(b)'s words, 'permanent injunction,' grant[ed] the Commission authority to obtain monetary relief directly from courts, thereby effectively bypassing the process set forth in § 5 and § 19." *AMG*, 141 S. Ct. at 1347. After analyzing the language and purpose of § 13(b) and the structure of the Act as a whole, the Supreme Court held that "§ 13(b) as currently written does not grant the Commission authority to obtain equitable monetary relief." *Id.* at 1352. The Supreme

Court noted that "[n]othing we say today, however, prohibits the Commission from using its authority under § 5 and § 19 to obtain restitution on behalf of consumers." *Id.*[5]

In *AMG*, the Commission did not allege a violation of administrative rules (or a cease and desist order) that were enforceable via § 19 of the Act.[6] As a result, the holding in *AMG* is distinguishable from the issues presented here. In this case, the Commission has alleged that Defendants violated both § 5(a) of the Act and the TSR. Accordingly, the Court must review its authority under the Act based on the alleged violation of the TSR – an administrative rule.

## II.      Rulemaking and Enforcement Under the Act

The Act grants the Commission the authority to "prescribe . . . rules which define with specificity acts or practices which are unfair or deceptive or practices in or affecting commerce . . ." 15 U.S.C. § 57a(a)(1)(B). Before an administrative rule becomes final and enforceable, the Commission must comply with several procedural requirements including publication of notice regarding the rule and informal hearings. *Id.* at § 57a(b)(1). *See also FTC v. Credit Bur. Cen.*, 937 F.3d 764, 784 (7th Cir. 2019) ("The Commission must follow detailed procedures before promulgating a final rule."). These procedural hurdles ensure that the Commission has provided notice to the public of prohibited acts. *See Credit Bur.*, 937 F.3d at 784 ("[N]otice is baked into the Commission's power to promulgate and enforce rules.").

When a party violates a rule promulgated under the Act or a cease and desist order issued after an administrative hearing, § 19(a) authorizes the Commission to proceed directly to court via two distinct paths:

**(a) Suits by Commission against persons, partnerships, or corporations; jurisdiction; relief for dishonest or fraudulent acts**

---

[5] The Supreme Court referred to § 19 generally in *AMG* and did not distinguish between § 19(a)(1), which relates to rule violations, and § 19(a)(2), which relates to violations of cease and desist orders. *See infra* § II.
[6] While the Commission is authorized to enforce Regulation Z and Regulation E via § 5 of the Act, it is undisputed that they are not enforceable via § 19.

(1) If any person . . . violates any **rule** under this subchapter respecting unfair or deceptive acts or practices . . . then the Commission may commence a civil action against such person . . . for relief under subsection (b) in a United States district court.

(2) If any person . . . engages in any unfair or deceptive act or practice . . . with respect to which the ***Commission has issued a final cease and desist order*** . . . then the Commission may commence a civil action against such person . . . in a United States district court . . . If the Commission satisfies the court that the act or practice to which the cease and desist order relates is one which a reasonable man would have known under the circumstances was dishonest or fraudulent, the court may grant relief under subsection (b).

15 U.S.C. § 57b(a) (emphasis added).

Based on the plain language of § 19(a)(1), the Commission may proceed directly to court when a person violates certain rules without first conducting an administrative proceeding.[7] In addition, § 19(b) provides the Court with:

jurisdiction to grant such relief as the court finds necessary to redress injury to consumers . . . resulting from the rule violation . . . Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the rule violation . . . .

15 U.S.C. § 57b(b). Accordingly, for a civil action alleging a rule violation, § 19 authorizes courts to grant relief to redress consumer injury. *See AMG*, 141 S. Ct. at 1352 ("Nothing we say today, however, prohibits the Commission from using its authority under § 5 and § 19 to obtain restitution

---

[7] As stated earlier, § 19 was not at issue in *AMG*. When discussing § 19, the Supreme Court, using qualifying language, focused on actions brought for violations of cease and desist orders, § 19(a)(2), and not rule violations, § 19(a)(1):

"Congress specified that the consumer redress available under § 19 could be sought only (***as relevant here and subject to various conditions and limitations***) against those who have 'engage[d] in any unfair or deceptive act or practice . . . with respect to which the Commission has issued a final cease and desist order which is applicable to such person.'" *AMG*, 141 S. Ct. at 1346. (emphasis added).

"**As relevant here**, § 19 applies only where the Commission begins its § 5 process within three years of the underlying violation and seeks monetary relief within one year of any resulting final cease and desist order." *Id.* at 1349. (emphasis added).

on behalf of consumers."). Therefore, as long as the Commission alleged a rule violation within

the purview of § 19(a)(1), then this Court had the authority to issue the Preliminary Injunction.

### III.     Violations of the Telemarketing Sales Rule

From the inception of this action, the Commission has alleged that Defendants violated § 5

of the Act and the TSR. The TSR implements the TCFAPA. *See* 16 C.F.R. 310.1. Pursuant to the

TCFAPA, TSR violations "shall be treated as a violation of a rule under section 57a of [the Act]

regarding unfair or deceptive acts or practices." 15 U.S.C. § 6102(c)(1). *See also* 15 U.S.C. §

6105(b) ("The Commission shall prevent any person from violating a rule of the Commission

under Section 6102 of [Title 15] in the same manner, by the same means, and with the same

jurisdiction, powers, and duties as though all applicable terms and provisions of the Federal Trade

Commission Act . . . were incorporated into and made a part of this chapter."). Accordingly, a

violation of the TSR is treated the same as a violation of a rule promulgated under the Act. And,

as set forth above, § 19 expressly permits the Commission to file a civil action for rule violations

and authorizes courts to issue equitable relief including preliminary injunctions and asset freezes

to ensure "the refund of money" to consumers. Therefore, pursuant to § 19, the Court had the

authority to issue the Preliminary Injunction.[8]

### IV.     The Amended Complaints

In issuing the Preliminary Injunction, the Court found that the Commission had a likelihood

of success on the merits on the claims raised in the Complaint. While the Commission has since

amended twice, it continues to allege violations of § 5 and the TSR. Accordingly, the Court does

not find it necessary for the Commission to file a renewed motion for preliminary injunction as

---

[8] While the Court did not reference § 19 in the Preliminary Injunction, it did find that the Commission had established a likelihood of success on the merits of its claim for a TSR violation. Section 19 grants the Court jurisdiction to grant equitable relief in the context of a rule violation. The Court is not obligated to expressly state the grounds for its authority when such authority clearly exists.

nothing will change. The Commission continues to have a likelihood of success on the merits on its § 5 and TSR claims, and a preliminary injunction and asset freeze are necessary to protect consumers, protect assets for consumer redress, and preserve the status quo.

**CONCLUSION**

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Steven Dorfman's Emergency Motion to Dissolve Preliminary Injunction [ECF No. 418] is DENIED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of September, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE