UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62593-GAYLES

FEDERAL TRADE COMMISSION,

   Plaintiff,

vs.

SIMPLE HEALTH PLANS LLC, et al,

   Defendants.

_____/

### RECEIVER'S UNOPPOSED MOTION TO EXTEND TERM OF RECEIVER

Michael I. Goldberg, the Court-appointed receiver (the "Receiver") over Defendants Simple Health Plans LLC ("Simple Health"), Health Benefits One LLC ("HBO"), Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Lead LLC ("SIL"), Senior Benefits One LLC, and each of their subsidiaries, affiliates, and successors (collectively, the "Receivership Entities"), respectfully submits this Unopposed Motion to Extend Term of Receiver (the "Motion"). In support of this Motion, the Receiver states as follows:

### Preliminary Statement

1. The Permanent Injunction Order (defined below) authorized and directed the Receiver to complete his duties as Receiver within 120 days from entry of the order. The Permanent Injunction Order was entered on February 8, 2024. Accordingly, the deadline for the Receiver to perform all of his duties and conclude the Receivership is June 7, 2024.

2. Since his appointment, the Receiver has taken control of all property of the Receivership Entities (defined below) including property the Receiver believed was purchased

using funds from the Receivership Entities' accounts. The Receiver has successfully liquidated most of the assets, however, certain property remains to be liquidated including automobiles, jewelry and sports memorabilia.

3. In addition, the Receiver is still collecting payments on a monthly basis from HII (defined below) which filed Chapter 11 bankruptcy. The Permanent Injunction Order requires the Receiver to "[u]ndertake a process to notify each consumer still enrolled in any healthcare-related products sold by Defendants that such enrollment will be cancelled unless the consumer affirmatively consents to ongoing enrollment and the associated fees, and work in cooperation with the third parties who manage the ongoing enrollments to ensure that only consumers who affirmatively consent will continue to be charged…." [ECF No. 496]. The Receiver is seeking information from HII's bankruptcy estate in order to be able to coordinate a notification process to those consumers who are still enrolled in healthcare-related products sold by Defendants.

4. Through this Motion, the Receiver seeks to extend the Receiver's deadline to complete all his duties pursuant to the Permanent Injunction Order for an additional sixty (60) days in order to (a) liquidate the remaining assets of the Receivership and distribute all liquid assets to the FTC; and (b) notify consumers still enrolled in Defendants' Healthcare-Related Products that such enrollment will be cancelled unless the consumer consents to the continued enrollment and related fees. In addition, the Receiver seeks to keep the Receivership estate open until entry of a further order from the Court closing the Receivership estate, to allow the Receivership estate to continue collecting on fees from HII, which fees are still collected every month. The Receiver, every six (6) months, will remit any collected funds to the Federal Trade Commission (the "FTC"). When the Receiver stops collecting monthly fees from HII, the Receiver, in consultation with the

2

FTC, will seek to administratively close the Receivership estate, end his term as Receiver at that time, and file a final fee application.

5. The Permanent Injunction Order provides that "the Receiver may request that the Court extend the Receiver's term for good cause…." [ECF No. 496]. As set forth herein, the Receiver believes there is good cause to extend the Receiver's term and that the requested relief is in the best interest of the Receivership estate.

## Background

6. On October 29, 2018, the FTC, as Plaintiff, filed the above-captioned action, under seal, against the Corporate Defendants[1] and Steven Dorfman ("Dorfman") (collectively the "Defendants"), under Section 13(b) of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 53(b) and the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, alleging Defendants violated Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) and the FTC's Telemarketing Sales Rule, 16 C.FR Part 310, as amended (the "Complaint") [ECF No. 1].

7. On the same date, the FTC filed an *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, along with a Memorandum in Support of the Motion for TRO [ECF No. 3].

8. On October 31, 2018, this Court entered an *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "TRO") [ECF No. 15], which,

---

[1] As defined in the Preliminary Injunction, the Corporate Defendants are Simple Health Plans LLC ("Simple Health"), Health Benefits One LLC ("HBO"), Health Center Management LLC ("HCM"), Innovative Customer Care LLC ("ICC"), Simple Insurance Lead LLC ("SIL"), Senior Benefits One LLC ("SBO"), and each of their subsidiaries, affiliates, successors, and assignees [ECF No. 139].

3

76644860;2

among other things, appointed the Receiver over the Corporate Defendants as well as any other entity that has conducted any business related to Defendants' advertising, marketing, promoting, offering for sale, or sale of limited benefit plans and medical discount memberships, including by transferring, commingling, or receiving assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant (collectively, the "Receivership Entities").

9. The TRO reflected the Court's finding that good cause existed to appoint a temporary receiver over the Receivership Entities, for purposes of, among other things, to take exclusive custody, control and possession of all assets of, or in the possession, custody or under the control of any Receivership Entity, wherever situated and to conserve, hold, manage and prevent the loss of all assets of the Receivership Entities and perform all acts necessary or advisable to preserve the value of those assets pending future Court orders. *See* TRO, Section XII. On November 1, 2018, the Receiver took possession of the assets of the Receivership Entities and shut down the business operations.

10. On May 14, 2019, after the Court held an evidentiary show cause hearing on the FTC's request for preliminary injunctive relief, the Court entered a Preliminary Injunction extending the asset freeze and appointing Mr. Goldberg as permanent receiver over the Receivership Entities (the "Preliminary Injunction") [ECF No. 139].[2]

11. Pursuant to the Preliminary Injunction, the Receiver is directed and authorized to assume full control of the Receivership Entities, take exclusive custody, control and possession of all assets and documents of or in the possession, custody or under the control of any Receivership

---

[2] In an Order entered on September 5, 2021, the Court confirmed it had the requisite authority under § 19 of the FTC Act to issue the Preliminary Injunction, order the asset freeze, and appoint the Receiver. [ECF No. 446]. The Court also found that the Preliminary Injunction is necessary to protect consumers, preserve assets for consumer redress, and maintain the status quo. *Id.*

Entity, including assets the Receiver has a reasonable basis to believe were purchased using funds from any Receivership Entity's corporate accounts. *See* Preliminary Injunction, Section XII.

12. Dorfman filed a Motion to Dissolve the Preliminary Injunction [ECF No. 157], which the Court denied on July 10, 2019 [ECF No. 183]. Dorfman filed a Notice of Appeal [ECF No. 200] of the Court's decision. On February 5, 2020 the Eleventh Circuit Court of Appeals affirmed the Preliminary Injunction. *See F.T.C. v. Simple Health Plans LLC*, 801 F. App'x 685 (11th Cir. Feb. 5, 2020). That very day, Dorman filed his Emergency Motion To Dissolve Preliminary Injunction [ECF No. 418].

13. On January 15, 2021, the FTC filed a Motion for Summary Judgment [ECF No. 374] and a Motion for Judgment on the Pleadings with Respect to Dorfman's Defenses [ECF No. 378]. Also on January 15, 2021, Dorfman filed his own Motion for Summary Judgment [ECF No. 379].

14. On September 5, 2021, the Court entered an Order denying Dorfman's Emergency Motion to Dissolve Preliminary Injunction [ECF No. 446]. On September 10, 2021, Dorfman filed an interlocutory appeal of the Court's Order denying his Motion to Dissolve. *See* Notice of Interlocutory Appeal [ECF No. 453]. Shortly thereafter, on September 13, 2021, the Court entered a paperless order staying the case for thirty (30) days pending Dorfman's interlocutory appeal. [ECF No. 454]. On October 29, 2021, the Court entered another paperless Order [ECF No. 461] staying the case pending Dorfman's interlocutory appeal. On June 30, 2022, the Court entered a paperless Order [ECF No. 464] administratively closing this case pending a resolution of Dorfman's interlocutory appeal. On January 27, 2023, the Eleventh Circuit affirmed this Court's order upholding the preliminary injunction. *See FTC v. Simple Health Plans, LLC*, 58 F.4th 1322 (11th Cir. 2023).

15. On March 21, 2023, a mandate was issued by the Eleventh Circuit, fully returning the case to this Court. On March 23, 2023, the Court entered a paperless Order [ECF No. 477] staying the case for sixty (60) days pending the Court's resolution of the FTC's and Dorfman's motions for summary judgment. On June 30, 2023, the Court removed the case from the September 25, 2023 trial calendar and informed the parties that a new trial date would be set after a ruling on the pending motions. (no docket number assigned, but following ECF No. 480)].

16. On February 7, 2024, the Court granted the FTC's Motion for Summary Judgment against the Defendants [ECF No. 495], finding that the Defendants violated the FTC Act and TSR. Accordingly, the Court entered its Order for Permanent Injunction and Monetary Relief as to Defendants Steven Dorfman, Simple Health Plans LLC, Health Benefits One LLC, Health Center Management LLC, Innovative Customer Care LLC, Simple Insurance Leads LLC, and Senior Benefits One LLC ("Permanent Injunction Order") [ECF No. 496].[3]

17. The Permanent Injunction Order authorizes the Receiver to, inter alia, liquidate all assets of the Receivership Defendants and distribute to the FTC all remaining liquid assets at the conclusion of the Receiver's duties. *See* Permanent Injunction Order, Section VII(A)(4), (6). The Permanent Injunction Order also states that the Receiver is to "[u]ndertake or direct a process to notify each consumer still enrolled in any Healthcare-Related Products sold by Defendants that such enrollment will be cancelled unless the consumer affirmatively consents to ongoing enrollment and the associated fees, and work in cooperation with the third parties who manage the ongoing enrollments to ensure that only consumers who affirmatively consent will continue to be charged…." *Id*. at Section VII(A)(3).

---

[3] Dorfman has also been recently convicted for crimes stemming from his ownership and control of the Receivership Entities.

18. Further, the Permanent Injunction Order sets forth a deadline of 120 days from the date of the Order for the Receiver to complete his tasks and for the Receiver's term to conclude. The Permanent Injunction Order further provides that the Receiver may seek to "extend the Receiver's term for good cause…." *Id*. at Section VII(A).

**Relief Requested**

19. The Receiver seeks to extend the Receiver's deadline to complete all his duties pursuant to the Permanent Injunction Order for an additional sixty (60) days in order to (a) liquidate the remaining assets of the Receivership and distribute all liquid assets to the FTC; and (b) notify consumers still enrolled in Defendants' Healthcare-Related Products that such enrollment will be cancelled unless the consumer consents to the continued enrollment and related fees. In addition, the Receiver seeks to keep the Receivership estate open until entry of a further order from the Court closing the Receivership estate, to allow the Receivership estate to continue collecting on fees from HII, which fees are still collected every month. The Receiver, every six (6) months, will remit any collected funds to the FTC. When the Receiver stops collecting monthly fees from HII, the Receiver, in consultation with the FTC, will seek to administratively close the Receivership estate, file a final fee application, and end his term as Receiver at that time.

20. Upon his appointment, the Receiver took possession of certain non-business related assets, which were not used in the operation of the Receivership Entities' businesses, but were instead paid with funds from the Receivership Entities' bank accounts. *See* TRO, Section XII(B)(2). Among the non-business related assets are vehicles, jewelry and sports memorabilia. *See* Receiver's First Interim Report [ECF No. 122]. In light of the Permanent Injunction, the Receiver has proceeded with his liquidation plans to sell these remaining assets through avenues

that best capture the true and proper value of all such assets for the benefit of the Receivership estate.

21.     On March 4, 2024, the Receiver sought to sell the jewelry. *See* Receiver's Application for Entry of an Order Approving the Form and Manner of the Sale of Jewelry [ECF No. 497]. On March 5, 2024, the Court entered its Order Granting Receiver's Application for Entry of an Order Approving the Form and Manner of the Sale of Jewelry [ECF No. 499] which authorized the Receiver to retain Tibor Stern Diamonds, LLC ("TSD") to assist the Receiver in selling the jewelry. TSD first had to complete certifying the diamonds by the Gemological Institute of America and is marketing the diamonds nationally and internationally. TSD is also marketing the watches and non-diamond jewelry domestically and is seeking to obtain multiple bids for the items in order to maximize the results for the Receivership estate. TSD has not yet completed auctioning all of the jewelry.

22.     Further, the Receiver still possesses two vehicles: the Range Rover and Rolls-Royce (the "Vehicles"). Subsequent to the entry of the Permanent Injunction Order, the Receiver sought approval to proceed with the sale of the Vehicles. *See* Receiver's Motion for Entry of an Order Authorizing the Receiver to Sell Vehicles and Authorizing the Receiver to Execute Titles and Other Related Documents on Behalf of Health Benefits One LLC to Transfer Marketable Title [ECF No. 500]. On March 26, 2024, the Court entered its Order Granting Receiver's Motion for Entry of an Order Authorizing the Receiver to Sell Vehicles and Authorizing the Receiver to Execute Titles and Other Related Documents on Behalf of Health Benefits One LLC to Transfer Marketable Title [ECF No. 502] which authorized the Receiver to transport the Vehicles to Orlando and after a condition report is prepared and any necessary repairs are made, the Vehicles will be sold at an auction conducted by AutoNation.

23. The Receiver discovered an extensive sports memorabilia collection in Dorfman's office at the time of his appointment. There appear to be numerous notable pieces, which are itemized on pages 22 through 24 of the Receiver's Inventory of the Hollywood office attached as part of Composite Exhibit A to the Receiver's First Interim Report. The Receiver intends to seek authorization to proceed with the sale of the memorabilia because he believes the sale will be the most beneficial course of action.

24. Due to the nature of the product sold by the Receivership Entities, many consumers unwittingly purchased limited benefit plans rather than customary insurance policies. Defendants' income was primarily derived from commissions for enrolling customers in Health Insurance Innovations' ("HII") limited benefit insurance plans. HII provides the Receivership Entities with, among other services, billing and premium collection services whereby HII collects monthly payments from consumers on sales made by the Receivership Entities to customers. In connection with these services, HII provides an accounting and splitting of customer payments between the carriers and the Receivership Entities. As part of this service, HII distributes earned commissions to the Receivership Entities. HII has continued to provide these services post-receivership.

25. To date, HII collected and forwarded $28,207,783.15 to the Receiver. HII has since been renamed to Benefytt Technologies, Inc. ("Benefytt"). On May 23, 2023, Benefytt, along with seventeen (17) affiliated entities filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. The Receiver is still receiving payments from HII, which payments total approximately $20,000-$30,000 a month and which payments appear ongoing into the foreseeable future.

26. The Permanent Injunction Order requires the Receiver to "[u]ndertake a process to notify each consumer still enrolled in any healthcare-related products sold by Defendants that such

enrollment will be cancelled unless the consumer affirmatively consents to ongoing enrollment and the associated fees, and work in cooperation with the third parties who manage the ongoing enrollments to ensure that only consumers who affirmatively consent will continue to be charged….” *See* Permanent Injunction Order at VII(A)(3).  The Receiver is seeking information from Benefytt's bankruptcy estate in order to be able to coordinate a notification process to those consumers who are still enrolled in healthcare-related products sold by Defendants.

27. Through this Motion, the Receiver respectfully requests the Receiver's deadline to complete all his duties pursuant to the Permanent Injunction Order be extended for an additional sixty (60) days in order to allow him to complete his duties through and including August 6, 2024 and to keep the Receivership estate open until entry of a further order from the Court closing the Receivership estate, in order for the estate to continue collecting on fees from HII and consumers, which fees are still collected every month. The Receiver, every six (6) months, will remit any collected funds to the FTC and, in consultation with the FTC, will seek to administratively close the Receivership estate, file a final fee application at that time, and end his term as Receiver when payments either stop or slow down considerably.

28. The additional time is necessary in order to maximize the recovery to the Receivership estate from the sale of the remaining non-business assets, ongoing collections, and to provide the Receiver sufficient time to coordinate a notification process to those consumers who are still enrolled in healthcare-related products sold by Defendants.  For the reasons set forth herein, the Receiver believes good cause exists for the extension of the Receiver's term.[4]

---

[4] Pursuant to Local Rule 7.1(a)(1)(J), it is not necessary to incorporate a memorandum of law into a motion for extension of time when good cause is set forth in the motion.  For the reasons set forth herein, good cause exists to extend the deadline of the Receiver's term until entry of a further Order from the Court.

29. The extension is sought in good faith and no parties will be prejudiced by the Court granting the requested relief.

**WHEREFORE**, the Receiver respectfully requests this Court enter an Order in the form attached hereto as <u>Exhibit A</u> granting the Receiver's Unopposed Motion to Extend Term of Receiver as requested herein, and any such other relief as this Court deems just and proper.

### LOCAL RULE 7.1. CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, undersigned counsel hereby certifies that the Receiver has conferred with counsel for the Federal Trade Commission, which consents to the relief requested herein.

Dated: June 7, 2024                    Respectfully submitted,

By: */s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.
Florida Bar Number: 886602
Email: michael.goldberg@akerman.com
*Court-Appointed Receiver*

AKERMAN LLP
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Phone: (954) 463-2700
Fax: (954) 463-2224

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this June 7, 2024 via the Court's notice of electronic filing on all CM/ECF registered users entitled to notice in this case and posted on the Receiver's website www.simplehealthreceivership.com.

A true and correct copy of the foregoing was served on Defendant Steven Dorfman at the following email address: sdorfman954@yahoo.com.

By:    */s/ Michael I. Goldberg*
        Michael I. Goldberg, Esq.

76644860;2